MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
One Market
Spear Street Tower
San Francisco, CA  94105-1596
Tel:    +1.415.442.1000
Fax:    +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Nancy Villarreal, Bar No. 273604
nancy.villarreal@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel:    +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Defendants
AMAZON.COM LLC AND GOLDEN STATE FC LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ORTIZ,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>AMAZON.COM LLC, a Delaware Limited Liability Company; GOLDEN STATE FC LLC, a Delaware Limited Liability Company, and DOES 1 through 100, inclusive,<br><br>　　　　　　Defendants. | Case No. 3:17-cv-3820<br><br>**DEFENDANTS AMAZON.COM LLC AND GOLDEN STATE FC LLC'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>[28 U.S.C. §§ 1332, 1441, 1446]<br><br>Complaint Filed:   June 2, 2017 |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendants Amazon.com LLC and Golden State FC LLC ("Defendants") hereby remove the above-entitled action from the Superior Court of the State of California for the County of Contra

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 31659350.1

1

DEFENDANTS' NOTICE OF REMOVAL
TO FEDERAL COURT
Case No. 3:17-cv-3820

Costa to the United States District Court for the Northern District of California. This Court has original subject matter jurisdiction over Plaintiff Michael Ortiz's ("Plaintiff") lawsuit under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties.

## I.  SUMMARY OF THE COMPLAINT

1. On June 2, 2017, Plaintiff commenced this action in the Superior Court of the State of California, County of Contra Costa, entitled *Michael Ortiz v. Amazon.com LLC; Golden State FC LLC, and DOES 1* through *100, inclusive*, Case Number C-17-01045 ("Complaint"), against Defendants. A true and correct copy of the Summons, Civil Cover Sheet, Complaint, and Notice of Case Management Conference are attached as **Exhibit A**.

2. Plaintiff's Complaint alleges causes of action for: (1) unlawful failure to pay overtime wages in violation of California Labor Code Sections 510, 1194, and 1198; (2) failure to provide meal and rest periods in violation of Cal. Labor Code Sections 226.7 and 512; (3) failure to provide accurate itemized wage statements in violation of Cal. Labor Code Sections 226 and 1174; (4) failure to pay wages on termination in violation of Cal. Labor Code Section 203; and (5) unfair business practices under the Unfair Competition Act in violation of California Business and Professions Code Sections 17200-17208.

3. On June 30, 2017, Defendants filed their answer to the Complaint in state court. A true and correct copy of Defendants' Answer is attached as **Exhibit B.**

## II.  THE REMOVAL IS TIMELY

4. On June 5, 2017, Plaintiff served the Summons, Civil Case Cover Sheet, and Complaint upon the registered agent for Defendant Golden State FC LLC by process server.

5. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b) and 28 U.S.C. § 1453 and Fed. R. Civ Proc. 6(a)(1) (removal is timely if filed within thirty (30) days of service of the Summons and Complaint).

6. The Complaint, Civil Cover Sheet, Summons, Notice of Case Management Conference and Defendants' Answer (all attached hereto as **Exhibits A and B**) constitute all process, pleadings, and orders that have been filed in this action.

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

DB2/ 31659350.1

2

DEFENDANTS' NOTICE OF REMOVAL
TO FEDERAL COURT
Case No. 3:17-cv-3820

7. This action is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. Section 1332(a), and this matter may be removed to this Court under the provisions of 28 U.S.C. Sections 1441(a) and (b) in that (i) the amount in controversy as to Plaintiff exceeds $75,000, exclusive of interest and costs, (ii) the action involves citizens of different States, and (iii) no properly joined defendant is a citizen of California.

## III. THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION BECAUSE THERE IS COMPLETE DIVERSITY AND THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

### 1. Complete Diversity of Citizenship Exists

8. Complete diversity exists under 28 U.S.C. § 1332(a) between Plaintiff and Defendants because Plaintiff and Defendants are citizens of different states.

#### a. Plaintiff is A Citizen of California

9. "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Evidence of continuing residence creates a presumption of domicile. *Washington v. Havensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011).

10. In his Complaint, Plaintiff alleges that he "is a resident of the State of California…" Exh. A, Complaint ¶ 10. Thus, the Complaint itself establishes that Plaintiff is a resident of California.

11. According to Defendant Golden State FC LLC's personnel records, Plaintiff's home residential address at the time of his termination was in California. *See* Declaration of Amanda Murrow ("Murrow Decl.") ¶ 3, attached as **Exhibit C**.

#### b. Defendant Amazon.com LLC is a Citizen of the State of Washington

12. For diversity purposes, the citizenship of a limited liability company is determined by looking at the citizenship of each of its members. *Johnson v. Columbia Properties Anchorage*,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 31659350.1

3

DEFENDANTS' NOTICE OF REMOVAL
TO FEDERAL COURT
Case No. 3:17-cv-3820

1 LP, 437 F.3d 894, 899 (9th Cir. 2006). A limited liability company's state of incorporation/

2 organization and/or principal place of business is irrelevant for purposes of determining diversity.

3 *See Clair v. Zieve*, No. CV 14-4370, 2014 WL 8480450, *2 (C.D. Cal. June 18, 2014) (a limited

4 liability company's "citizenship is determined by the citizenship of its members, not its state of

5 incorporation or principal place of business").

6       13.    Amazon.com LLC is organized under the laws of Delaware and has its principal

7 place of business in Seattle, Washington. *See* Declaration of Zane Brown ("Brown Decl.") ¶ 3,

8 attached as **Exhibit D**. Amazon.com LLC's only member is Amazon Corporate LLC, whose

9 only member is Amazon Global Resources LLC, whose only member is Amazon Fulfillment

10 Services, Inc., which is wholly owned by Amazon.com, Inc. *Id.* ¶ 4. Accordingly, the citizenship

11 of Amazon.com LLC is determined by looking at the citizenship of Amazon Corporate LLC,

12 Amazon Global Resources LLC, Amazon Fulfillment Services, Inc., and Amazon.com Inc. *See*

13 *Grant v. Capella Univ.*, No. 1:14-CV-1678-AWI-JLT, 2015 WL 5321845, at *1 (E.D. Cal. Sept.

14 10, 2015).

15       14.    For diversity purposes, a corporation is a citizen of "the State by which it has been

16 incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1).

17 The U.S. Supreme Court has held that a corporation's principal place of business is "the place

18 where a corporation's officers direct, control, and coordinate the corporation's activities," *i.e.*, the

19 "nerve center" of the business. *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010). The Court

20 further described the principal place of business as the "place where the corporation maintains its

21 headquarters." *Id*.

22       15.    Amazon.com LLC is, and was at the time of the institution of this action, a

23 company formed under the laws of the State of Delaware with its principal place of business in

24 the State of Washington. Brown Decl. at ¶ 3.

25       16.    Amazon Corporate LLC and Amazon Global Resources LLC are organized under

26 the laws of Delaware and have their principal places of business in Seattle, Washington.

27 Similarly, Amazon Fulfillment Services, Inc. and Amazon.com, Inc. are incorporated in Delaware

28 and have their principal places of business in Seattle, Washington. Amazon Corporate LLC,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 31659350.1

4

DEFENDANTS' NOTICE OF REMOVAL
TO FEDERAL COURT
Case No. 3:17-cv-3820

Amazon Global Resources LLC, Amazon Fulfillment Services, Inc., and Amazon.com, Inc. are not now and since the institution of this action have not been incorporated in California and do not now have and never have had their headquarters, executive offices, or officers based in California. *See id*. at ¶¶ 5-6.

17. As a result, Defendant Amazon.com LLC is not now and was not at the time of the filing of the Complaint in this action, a citizen of California. Defendant Amazon.com LLC is now and, at the time this action commenced, a citizen of Washington and Delaware.

### c. **Defendant Golden State FC LLC is a Citizen of the State of Washington**

18. Golden State FC LLC is organized under the laws of Delaware and has its principal place of business in Seattle, Washington. Brown Decl. ¶ 8.

19. Golden State FC LLC is a wholly-owned subsidiary of Amazon Fulfillment Services, Inc., which, as stated above, is incorporated in Delaware and has its principal place of business in Seattle, Washington. *Id*. at ¶ 6.

20. Thus, Defendant Golden State FC LLC is not now and was not at the time of the filing of the Complaint in this action, a citizen of California. Defendant Golden State FC LLC is now and, at the time this action commenced, a citizen of Washington and Delaware.

### d. **Doe Defendants Are Irrelevant for Purposes of Removal**

21. Under 28 U.S.C. § 1441(b)(1), the citizenship of a defendant sued under a fictitious name shall be disregarded. *See also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (holding disregarding the citizenship of defendants sued under fictitious names for removal); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002). Thus, the inclusion of "Doe" defendants in Plaintiff's Complaint has no effect on Defendant's ability to remove.

22. Therefore, complete diversity exists as set forth in 28 U.S.C. § 1441(b)(2) as "none of the parties in interest properly joined and served as defendants is a citizen of the State in which [this] action is brought."

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 31659350.1

5

DEFENDANTS' NOTICE OF REMOVAL
TO FEDERAL COURT
Case No. 3:17-cv-3820

2. **The $75,000 Amount-In-Controversy Requirement Is Satisfied**

23. To establish diversity jurisdiction the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. §1332(a).

24. A removing defendant's notice of removal must contain only "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014). The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S.Ct. at 554. "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.,* quoting H.R.Rep. No. 112–10, p. 16 (2011).

25. Where, as here, Plaintiff has not plead in the Complaint the specific dollar value of damages that he seeks, the Court must look beyond the Complaint to determine whether the lawsuit meets the jurisdictional requirement. *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 998 & n. 4 (9th Cir. 2007); *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006). In such cases, the defendant seeking removal must prove by a preponderance of the evidence that it has met the amount in controversy requirement. 28 U.S.C. § 1446(c)(2); *Lowdermilk*, 479 F.3d at 998; *Abrego Abrego*, 443 F.3d at 683. That is, the defendant must provide evidence that it is more likely than not that the amount in controversy meets the federal jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-12055 (E.D. Cal. 2008) (citing *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

26. While Defendants here deny Plaintiff's factual allegations and further deny that he is entitled to any of the relief for which he has prayed, Plaintiff's allegations have put into controversy an amount "more likely than not" in excess of $75,000, exclusive of interest and costs.

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

DB2/ 31659350.1

6

DEFENDANTS' NOTICE OF REMOVAL
TO FEDERAL COURT
Case No. 3:17-cv-3820

a. **Plaintiff's Overtime Claim**

27. Plaintiff's First Cause of Action alleges that he is owed an unspecified amount of unpaid overtime wages because he was allegedly "misclassified as an overtime-exempt Level 4 Manager." *See* Exh. A, Complaint ¶ 1. Pursuant to the California Labor Code, "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Cal. Lab. Code Section 519. The Labor Code further entitles any employee "receiving less than . . . the legal overtime compensation . . . to recover the balance of the full amount of . . . overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." Cal. Lab. Code Section 1194.

28. A reasonable reading of Plaintiff's unpaid overtime allegations supports Defendants' conservative assumption that the Complaint places in controversy at the very least ten (10) hours of unpaid overtime per workweek. Plaintiff's annual salary was $68,500 (*see* Murrow Decl. ¶ 4), which is equivalent to an hourly rate of approximately $32.93 per hour (68,500 divided by 2,080 (which represents 52 weeks at 40 hours per week)). Plaintiff was employed by Defendant Golden State FC LLC from approximately February 1, 2016 to December 11, 2016, which equals approximately forty-five (45) workweeks. *Id.* ¶ 3. Based upon an overtime rate of $49.40 (*i.e.*, one and one-half times an hourly rate of $32.93, *see* Labor Code §510(a)), Plaintiff could recover **$22,230** for his First Cause of Action for unpaid overtime wages (ten (10) unpaid overtime hours per week x forty-five (45) weeks x $49.40).

b. **Plaintiff's Meal and Rest Break Claim**

29. In his Second Cause of Action, Plaintiff alleges Defendant failed to provide him with meal and rest breaks. *See* Exh. A, Complaint ¶ 42. Plaintiff alleges that he is entitled to damages of one hour of pay at the regular rate of pay as provided for in Labor Code Section 226.7. *Id.* at ¶ 37, 40. The relevant time period is the four years prior to the date of the filing of the Complaint.

30. Assuming Defendant was lawfully required to provide such meal and rest breaks to Plaintiff, as is alleged in the Complaint, then Plaintiff could recover potentially a premium

DB2/ 31659350.1

7

DEFENDANTS' NOTICE OF REMOVAL
TO FEDERAL COURT
Case No. 3:17-cv-3820

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

wage equal to one hour of pay for each meal period and rest break that purportedly was not provided. *See* Labor Code § 226.7; *Brinker v. Superior Court*, 53 Cal. 4th 1004, 1039 (2012).

31. As set forth above, during Plaintiff's employment with Defendant Golden State FC LLC, Plaintiff's annual salary was equivalent to an hourly rate of approximately $32.93 per hour. Assuming Defendant Golden State FC LLC failed to provide Plaintiff with five meal periods per week, Plaintiff could potentially recover $7,409.25 for his meal period claim (five (5) meal period hours per week x forty-five (45) weeks of employment x $32.93 hourly rate). Assuming Defendant failed to provide Plaintiff with five rest periods per week, Plaintiff could potentially recover $7,409.25 for his rest period claim. The total potential meal and rest period premiums equal approximately **$14,818.50**.

c. **Plaintiff's Inaccurate Wage Statement Claim**

32. In his Third Cause of Action, Plaintiff seeks statutory penalties for the alleged failure to provide him with accurate itemized wage statements in violation of California Labor Code Section 226. Specifically, Plaintiff alleges that "Defendants have failed to provide timely, accurate itemized wage statements to Plaintiff in accordance with California Labor Code Section 226." Exh. A, Complaint ¶ 51.

33. Labor Code section 226(e) provides that an employee is entitled to recover the greater of all actual damages or $50 for the initial violation and $100 for each alleged subsequent violation, up to a maximum of $4,000, plus costs and reasonable attorneys' fees, if an employer knowingly and intentionally fails to provide an accurate, itemized wage statement. Cal. Labor Code Section 226(e). Such an award may be granted for each wage statement issued that fails to comply with Labor Code Section 226's requirements.

34. According to Plaintiff's theory, he would be entitled to no less than $50 for the first violation, plus $100 for each subsequent violation, for every pay period during the relevant time period where he allegedly did not receive an accurate statement of wages, subject to a maximum award of $4,000. There is a one-year statute of limitations on this claim. *See* Cal. Code Civ. Proc. §340(a); *Martinez v. Morgan Stanley & Co. Inc.*, 2010 WL 3123175, *6 (S.D. Cal. August 9, 2010).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
DB2/ 31659350.1

8

DEFENDANTS' NOTICE OF REMOVAL
TO FEDERAL COURT
Case No. 3:17-cv-3820

35. Plaintiff was paid on a bi-weekly basis, for a total of 26 paychecks per year. Murrow Decl., ¶ 4. Plaintiff was employed over approximately 23 pay periods. Based on Plaintiff's allegations, he would have been provided with an inaccurate wage statement 23 times. Thus, Plaintiff could potentially recover **$2,250** on his wage statement claim ($50 for initial violation + (22 pay periods x $100 for each violation)).

d. **Plaintiff's Claim for Failure To Timely Pay Wages At Termination**

36. In his Fourth Cause of Action, Plaintiff alleges that Defendants failed to pay him all wages owed within the time allowed under California Labor Code Section 203. *See* Exh. A, Complaint ¶ 55. Accordingly, Plaintiff demands "'waiting time' penalties of up to thirty days' wages pursuant to California Labor Code §203 in an amount to be established at trial, together with interest thereon, and attorneys' fees and costs." *Id*. at ¶ 55.

37. As a result, Plaintiff's Fourth Cause of Action puts at least another **$7,903.20** in controversy (eight (8) hours per work day x equivalent hourly rate of $32.93 per hour x thirty (30) days). *See*, *e.g.*, *Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK JCX, 2015 WL 2452755, at *6 (C.D. Cal. May 21, 2015) ("Since it is reasonable to assume a 100% violation rate for the rest break claim, then it is reasonable to further assume that 100% of the former employees would have had those unpaid rest break wages unlawfully withheld after their employment ended and still not paid up to the maximum 30–day period under the statute.").

e. **Attorney's Fees**

38. This is an alleged wage and hour action brought pursuant to California Labor Code Sections 510, 1194, 1198, 226 and 203, each of which separately authorizes the recovery of attorneys' fees to a prevailing employee. *See* Exh. A, Complaint ¶¶ 34, 45, 52, 57, and Prayer for Relief.

39. Courts have held that an award of attorneys' fees, if such fees are authorized under applicable law, may be considered for purposes of calculating the amount in controversy. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, *a reasonable estimate of*

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 31659350.1

9

DEFENDANTS' NOTICE OF REMOVAL
TO FEDERAL COURT
Case No. 3:17-cv-3820

1  *fees likely to be incurred to resolution* is part of the benefit permissibly sought by the plaintiff and
2  thus contributes to the amount in controversy.") (emphasis added); *Galt G/S v. JSS Scandinavia*,
3  142 F.3d 1150, 1155-56 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an
4  award of attorneys' fees, either with mandatory or discretionary language, such fees may be
5  included in the amount in controversy."); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698
6  (9th Cir. 2007) (finding that attorneys' fees are included in the calculation of the amount in
7  controversy under 28 U.S.C. § 1332(a)); *Hurd v. American Income Life Insurance*, 2013 WL
8  5575073 (C.D. Cal. Oct. 13, 2013) (allowing attorney's fees as part of amount in controversy
9  where authorized by statute or contract); *Melendez v. HMS Host Family Restaurants, Inc.*, 2011
10 WL 3760058, at *4 (C.D. Cal. Aug. 25, 2011) (same).

11    40.    When estimating attorneys' fees for purposes of removal, the estimated amount is
12 not limited to the fees incurred as of the time of removal. *Brady*, 243 F. Supp. 2d at 1010-11.
13 For example, in *Simmons v. PCR Technology*, the court held that "[attorneys' fees] necessarily
14 accrue until the action is resolved" and, thus, the Ninth Circuit [in *Galt*, *supra*] must have
15 anticipated that district courts would project fees beyond removal." 209 F. Supp. 2d 1029, 1034-
16 35 (N.D. Cal. 2002). As such, the court in *Simmons* held that the "measure of [attorneys'] fees
17 should be the amount that can reasonably be anticipated at the time of removal, not merely those
18 already incurred." *See also Pulera v. F&B, Inc.*, 2008 U.S. Dist. LEXIS 7265, *14-15 (E.D. Cal.
19 2008) ("[w]hile the Ninth Circuit has not yet ruled on this issue, the preponderance of courts in
20 this Circuit have agreed with the *Brady* approach" of "includ[ing] a reasonable estimate of the
21 attorney's fees likely to be incurred," citing *Brady*, 243 F. Supp. 2d at 1010-11). In fact, the
22 Ninth Circuit has implied that it will ultimately adopt the same rule. *See Guglielmino*, 506 F.3d
23 at 700 (implying the propriety of including future attorneys' fees in determining amount in
24 controversy, particularly where a plaintiff seeks such fees as allowed by an underlying statute).

25    41.    The reasonable estimate of attorneys' fees likely to be incurred through resolution
26 of a case may be based upon fee awards in similar cases, plaintiffs counsel's hourly rate, and the
27 number of hours counsel expects to spend on this case. *See Brady*, 243 F. Supp. 2d at 1011; *see*
28 *also Lyon v. W. W. Grainger Inc.*, 2010 WL 1753194, at *5 (N.D. Cal. Apr. 29, 2010)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 31659350.1

10

DEFENDANTS' NOTICE OF REMOVAL
TO FEDERAL COURT
Case No. 3:17-cv-3820

("Defendant's use of similar cases to estimate the cost of attorney's fees is sufficient to establish that its estimate is more likely than not correct."). With respect to fee awards in similar cases, courts have recognized that "attorneys handling wage-and-hour cases typically spend far more than 100 hours on the case." *Lippold v. Godiva Chocolatier, Inc.*, 2010 WL 1526441, at *4 (N.D. Cal. Apr. 15, 2010). Individual wage and hour cases (as opposed to putative class or representative action) often involve several hundred hours of work. *See, e.g., Cappuccio v. Pepperdine University*, Case. No. 13-cv-3125-DSF-AJWx (C.D. Cal. Sept. 29, 2014), Dkt. No. 81-1 at ¶¶7, 9 (plaintiffs' counsel stated that they spent **506.9 hours** litigating a single plaintiff case for violations of the Fair Labor Standards Act); *Puerto, et al. v. Wild Oats Markets, Inc.*, BC359723, (L.A. Sup. Ct. Mar. 24, 2011), (in plaintiffs' Motion for Attorney's Fees and Costs, at 10:18-20, counsel for plaintiffs stated that they spent **1,250.74 hours** litigating a two-plaintiff overtime case).

42. Here, a reasonable estimate of the number of hours Plaintiff's counsel likely will spend litigating Plaintiff's individual wage and hour claims, based on Plaintiff's allegations and a comparison of similar individual wage and hour cases, is at least 200 hours. Defendant anticipates that, in addition to the work required with Rule 26(a) Initial Disclosures, the Parties will propound and respond to written discovery. Defendant anticipates deposing the Plaintiff and eventually filing a motion for summary judgment. Defendant further anticipates that Plaintiff's counsel will depose one or more Rule 30(b)(6) witnesses. Defendant anticipates that the Parties may have disputes regarding discovery that may involve the Parties briefing and arguing a discovery motion. The Parties will need to prepare for and appear at a case management conference. If Defendant's summary judgment motion is not successful, the Parties will need to prepare for and appear at a pretrial conference and at trial. Plaintiff's Complaint requests a jury trial, which would extend the time necessary for any trial of Plaintiff's claims. Therefore, approximately 200 hours of attorney time is a conservative, and certainly reasonable, estimate of the number of attorney hours that can reasonably be anticipated through the resolution of this case. At a relatively conservative attorney hourly billing rate of $450 an hour, 200 hours of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 31659350.1

11

DEFENDANTS' NOTICE OF REMOVAL
TO FEDERAL COURT
Case No. 3:17-cv-3820

attorney time equates with $90,000 in attorneys' fees that Plaintiff may recover.[1]

43. Therefore it is more likely than not that Plaintiff's claims place at least $137,201.70 in controversy, which far exceeds the $75,000 jurisdictional requirement.

| Cause of Action | Amount in Controversy |
|---|---|
| Alleged unpaid overtime wages | $22,230.00 |
| Premiums for alleged failure to provide meal breaks | $7,409.25 |
| Premiums for alleged failure to provide rest breaks | $7,409.25 |
| Penalties for alleged failure to provide accurate itemized wage statements | $2,250.00 |
| Penalties for alleged failure to pay all wages upon termination | $7,903.20 |
| Plaintiff's attorneys' fees | $90,000.00 |
| Total | $137,201.70 |

44. Accordingly, although Defendants deny Plaintiff's factual allegations and deny that Plaintiff may recover any relief whatsoever, the amount in controversy exceeds the jurisdictional threshold set forth in U.S.C. § 1332(a).

## IV. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

45. As set forth above, this Notice of Removal is being timely filed within thirty days of service of the Summons, Civil Case Cover Sheet and Complaint upon Defendant Golden State FC LLC.

46. Defendants will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

47. The prerequisites for removal under 28 U.S.C. §§ 1332(a), 1441 and 1446 have

---

[1] That is likely an underestimate. Based upon a review of a declaration filed by Scott Cole & Associates, APC in support of a request for attorneys' fees filed in this District Court more than one year ago in February 2016, Plaintiff's counsel Scott Edward Cole claimed to have an hourly rate of $700. *See Berry v. Urban Outfitters Wholesale, Inc.*, No. 13-CV-02628-JSW (KAW), Dkt. No. 107-2 at p. 9 (N.D. Cal. Feb. 2, 2016).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 31659350.1

12

DEFENDANTS' NOTICE OF REMOVAL
TO FEDERAL COURT
Case No. 3:17-cv-3820

been met.

48. Because this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1332(a), removal of this action is proper pursuant to 28 U.S.C. § 1441.

49. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to present additional briefing and evidence (if applicable/necessary) and oral argument in support of its position that this case is removable.

WHEREFORE, Defendants, desiring to remove this case to the United States District Court for the Northern District of California, pray that the filing of this Notice of Removal shall effect the removal of the suit to this Court.

Dated: July 5, 2017                           MORGAN, LEWIS & BOCKIUS LLP

                                              By  */s/ Eric Meckley*
                                                  Eric Meckley
                                                  Nancy Villarreal
                                                  Attorneys for Defendants
                                                  AMAZON.COM LLC AND
                                                  GOLDEN STATE FC LLC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 31659350.1

13

DEFENDANTS' NOTICE OF REMOVAL
TO FEDERAL COURT
Case No. 3:17-cv-3820