# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Please see form SUM-200(a) for the list of Defendants

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MICHAEL ORTIZ



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED

K. VAQUERANO

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Contra Costa Superior Court
725 Court Street, Martinez, CA 94553

CASE NUMBER: C17-01045

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott Edward Cole, Esq., 1970 Broadway, Ninth Floor, Oakland, CA 94612 (510) 891-9800

DATE: June 2, 2017                    Clerk, by **K. VAQUERANO**, Deputy
*(Fecha)*     JUN 02 2017             *(Secretario)*                   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Golden State Fence LLC, a Delaware Limited Liability Company

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* business entity form unknown
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

File By Fax Prepared by First Legal
1138 Howard St, SF, CA 94103
415-626-3111

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Ortiz v. Amazon.com LLC; Golden State FC LLC | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

AMAZON .COM LLC, a Delaware Limited Liability Company; GOLDEN STATE FC LLC, a Delaware Limited Liability Company, and DOES 1 through 100, inclusive

Page 2 of 2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Scott Edward Cole, Esq. (S.B. #160744)<br>SCOTT COLE & ASSOCIATES, APC<br>1970 Broadway, Ninth Floor<br>Oakland, CA 94612<br>TELEPHONE NO.: (510) 891-9800   FAX NO.: (510) 891-7030<br>ATTORNEY FOR *(Name):* Plaintiff Michael Ortiz | FILED<br><br>2017 JUN -2 P 3:33<br><br>CLERK ... COURT<br>K. VAQUERANO |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, 94553
BRANCH NAME: Wakefield Taylor Courthouse

CASE NAME:
Ortiz v. Amazon.com LLC; Golden State FC LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | C 17-01045<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property | [ ] Other collections (09) | [ ] Construction defect (10) |
| Damage/Wrongful Death) Tort | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | Real Property | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | Enforcement of Judgment |
| [ ] Civil rights (08) | Unlawful Detainer | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | Miscellaneous Civil Complaint |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | Judicial Review | Miscellaneous Civil Petition |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| Employment | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Five (5)
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 2, 2017
Scott Edward Cole, Esq.
_____    ▶ _____
(TYPE OR PRINT NAME)                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

File by Fax Prepared by First Legal
1138 Howard St, SF, CA 94103
415-626-3111

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

```
Scott Edward Cole, Esq. (S.B. # 160744)
Kevin Francis Barrett, Esq. (S.B. #136607)
Teresa Allen, Esq. (S.B. #264865)
SCOTT COLE & ASSOCIATES, APC
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile:  (510) 891-7030
Email: scole@scalaw.com
Email: kbarrett@scalaw.com
Email: tallen@scalaw.com
Web:   www.scalaw.com
```

Attorneys for Plaintiff

FILED

K. VAQUERANO

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| MICHAEL ORTIZ, | Case No. |
| Plaintiff, | C 17-01045 |
| vs. | COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION |
| AMAZON.COM LLC, a Delaware Limited Liability Company; GOLDEN STATE FC LLC, a Delaware Limited Liability Company, and DOES 1 through 100, inclusive | [Jury Trial Demanded] |
| Defendants. | |

PER LOCAL RULE 5 THIS CASE IS ASSIGNED TO DEPT ___

Plaintiff alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action seeking unpaid regular and overtime wages, including unpaid compensation for interrupted and/or missed meal and/or rest periods, interest thereon, liquidated damages and other penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs under, *inter alia*, California Labor Code §§ 200-204, inclusive, 226, 226.7, 510, 512, 1174, 1174.5, 1194, 1197 and/or 1198, California Business and Professions Code §§ 17200, *et seq.* and California Code of Civil Procedure § 1021.5. Plaintiff Michael Ortiz ("Plaintiff") was

-1-
Complaint for Damages, Injunctive Relief and Restitution

1. employed by Amazon.com LLC and Golden State FC LLC (collectively "Defendants") at three facilities in California, including South San Francisco, San Leandro and Richmond. At all times during the relevant period, Plaintiff was misclassified as an overtime-exempt Level 4 Manager.

2. During the relevant time period, Defendants had a consistent policy of (1) permitting, encouraging and/or requiring Plaintiff to work in excess of eight hours per day and/or in excess of forty hours per week without paying him overtime compensation as required by California's wage and hour laws, (2) unlawfully denying Plaintiff statutorily-mandated meal and rest periods, and (3) willfully failing to provide Plaintiff with accurate semimonthly itemized wage statements reflecting the total number of hours each worked, the applicable deductions, and the applicable hourly rates in effect during the pay period. In addition, Plaintiff is informed and believes and, on that basis, alleges that Defendants had a consistent policy of willfully failing to pay compensation (including unpaid overtime) in a prompt and timely manner to Plaintiff.

## INTRODUCTION

3. Defendants operate an Internet-based retail company with numerous storage and delivery facilities throughout California, including those three in which Plaintiff worked as a Level 4 Manager. The Plaintiff is informed and believes and, on that basis, alleges that, Plaintiff's employment position did not, and currently does not, meet any known test for exemption from the payment of overtime wages and/or the entitlement to meal or rest periods.

4. Despite actual knowledge of these facts and legal mandates, Defendants have and continue to enjoy an advantage over their competition and a resultant disadvantage to their workers by electing not to pay all wages due (including overtime and missed meal and rest period compensation) and/or all penalties dues (including "waiting time" penalties) to their salaried Level 4 Managers at Defendants' storage and delivery facilities.

5. Plaintiff is informed and believes and, based thereon, allege that officers of Defendants knew of these facts and legal mandates yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

6. Despite Defendants' knowledge of Plaintiff's entitlement to overtime pay and meal and/or rest periods for all applicable work periods, Defendants failed to provide same to

Plaintiff, in violation of California state statutes, the applicable California Industrial Welfare Commission Wage Order, and Title 8 of the California Code of Regulations. This action is brought to redress and end this prolonged pattern of unlawful conduct once and for all.

### JURISDICTION AND VENUE

7. This Court has jurisdiction over the Plaintiff's claims for unpaid wages and/or penalties under, *inter alia*, the applicable Industrial Welfare Commission Wage Order, Title 8 of the California Code of Regulations, Labor Code §§201-204, 226, 226.7, 510, 512, 1174, 1174.5, 1194, 1197, 1198, and/or the California Code of Civil Procedure §1021.5.

8. This Court also has jurisdiction over the Plaintiff's claims for injunctive relief and restitution of ill-gotten benefits arising from Defendants' unfair and/or fraudulent business practices under California Business & Professions Code §17200, *et seq.*

9. Venue as to Defendants is proper in this judicial district pursuant to California Code of Civil Procedure §395(a). Defendants maintain a delivery station within the County of Contra Costa, transact business, have agents, and are otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have had a direct effect on the Plaintiff within the State of California and within the County of Contra Costa. Defendants operate said facility in the County of Contra Costa and throughout counties within the State of California.

### PLAINTIFF(S)

10. Plaintiff Michael Ortiz is a resident of the State of California, and a natural person, and was jointly employed by Defendants Amazon.com LLC, Golden State FC LLC and Does 1 through 100. Plaintiff was categorized by Defendants as a salaried Level 4 Manager during the relevant time period.

### DEFENDANT(S)

11. Defendant Amazon.com LLC is engaged in business in Contra Costa County and throughout California.

12. Defendant Golden State FC LLC is engaged in business in Contra Costa County and throughout California.

13. Plaintiff is informed and believes and, based thereon, alleges that, at all times herein relevant, Defendants Amazon.com LLC, Golden State FC LLC and Does 1 through 100, did business within the state of California operating storage and delivery facilities.

14. Those defendants identified as Does 1 through 100, inclusive, are and were, at all relevant times herein-mentioned, officers, directors, partners, and/or managing agents of some or each of the remaining defendants. Plaintiff is informed and believes and, on that basis, alleges that at all relevant times herein mentioned, Defendants Amazon.com LLC, Golden State FC LLC and those identified as Does 1 through 100, inclusive, employed, and/or exercised control over the wages, hours, and/or working conditions of Plaintiff at South San Francisco, San Leandro and Richmond, California, as identified in the preceding paragraph.

15. Plaintiff is unaware of the true names and capacities of those defendants sued herein as Does 1 through 100, inclusive and, therefore, sues these defendants by such fictitious names. Plaintiff will seek leave of court to amend this Complaint when such names are ascertained. Plaintiff is informed and believes and, on that basis, alleges that each of the fictitiously-named defendants was responsible in some manner for, gave consent to, ratified, and/or authorized the conduct herein alleged and that Plaintiff's damages, as herein alleged, were proximately caused thereby.

16. Plaintiff is informed and believes and, on that basis, alleges that, at all relevant times herein mentioned, each of the defendants was the agent and/or employee of each of the remaining defendants and, in doing the acts herein alleged, was acting within the course and scope of such agency and/or employment.

## FACTUAL ALLEGATIONS

17. As described herein, during the relevant time period, Defendants knowingly failed to adequately compensate Plaintiff for all wages earned (including premium wages such as overtime wages and/or compensation for missed meal and/or rest periods) under the California Labor Code and the applicable IWC Wage Order, thereby enjoying a significant competitive edge over other retailers.

18. Defendants declined to pay these wages, even upon Plaintiff's termination from employment, in blatant violation of California Labor Code §201 and/or §202.

19. California Labor Code §§201 and 202 require Defendants to pay severed employees all wages due and owed to the employee immediately upon discharge or within 72 hours of resignation of their positions, in most circumstances. California Labor Code §203 provides that an employer who willfully fails to timely pay such wages must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, and the payment of such penalty shall continue for a period of time up to 30 days.

20. Furthermore, despite their knowledge of Plaintiff's entitlement to compensation for all hours worked, Defendants violated California Labor Code §1174(d) by failing to provide or require the use, maintenance, or submission of time records by Plaintiff. Defendants also failed to provide Plaintiff with accurate semimonthly itemized statements of the total number of hours worked by each, and all applicable hourly rates in effect, during the pay period, in violation of California Labor Code §226. In failing to provide the required documents, Defendants have not only failed to pay Plaintiff the full amount of compensation due but the Defendants have also, until now, effectively shielded themselves from Plaintiff's scrutiny by concealing the magnitude and financial impact of Defendants' wrongdoing that such documents might otherwise have led Plaintiff to discover.

21. Plaintiff is entitled to unpaid compensation, yet, to date, has not received such compensation despite having been terminated by Defendants. More than 30 days have passed since Plaintiff left Defendants' employment.

22. As a consequence of Defendants' willful conduct in not paying Plaintiff compensation for all hours worked in a prompt and timely manner, Plaintiff is entitled to up to 30 days wages as a penalty under California Labor Code §203, together with attorneys' fees and costs.

23. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, as described above, including compensation for loss of earnings for hours worked on behalf of Defendants, in an amount to be established at trial. As a

further direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff is entitled to recover "waiting time" penalties (pursuant to California Labor Code §203) and penalties for failure to provide semimonthly statements of hours worked and all applicable hourly rates (pursuant to California Labor Code §226) in an amount to be established at trial. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff is also entitled to recover costs and attorneys' fees pursuant to California Labor Code §1194 and/or California Civil Code §1021.5, among other authorities.

24. Plaintiff seeks injunctive relief prohibiting Defendants from engaging in the complained-of illegal labor acts and practices in the future. Plaintiff also seeks restitution of costs incurred by Plaintiff under California's Unfair Competition Law. Unless enjoined, Defendants' unlawful conduct will continue unchecked, while Plaintiff bears the financial brunt of Defendants' unlawful conduct. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff is also entitled to recover costs and attorneys' fees, pursuant to statute.

### FIRST CAUSE OF ACTION
### UNLAWFUL FAILURE TO PAY OVERTIME WAGES
(Violation of IWC Wage Order and California Labor Code §§ 510, 1194, and 1198)

25. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

26. During the relevant time period, Plaintiff worked, on many occasions, in excess of eight hours in a workday and/or 40 hours in a workweek. The precise number of overtime hours will be proven at trial.

27. During the relevant time period, Defendants refused to compensate Plaintiff for all of the overtime wages earned, in violation of the applicable IWC Wage Order and provisions of the California Labor Code.

28. Moreover, during relevant time period, Plaintiff was employed by and thereafter terminated from Plaintiff's position with Defendants, yet Plaintiff was not paid all wages due upon said termination of employment. Said non-payment of all wages due was the direct and proximate result of a willful refusal to do so by Defendants.

29. At all relevant times, Defendants were aware of, and were under a duty to comply with, the overtime provisions of the California Labor Code including, but not limited to, California Labor Code §§510, 1194, and 1198.

30. California Labor Code §510(a), in pertinent part, provides:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee . . . .

31. California Labor Code §1194(a), in pertinent part, provides:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

32. California Labor Code §1198, in pertinent part, provides:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

33. By refusing to compensate Plaintiff for overtime wages earned, Defendants violated those California Labor Code provisions cited herein as well as the applicable IWC Wage Order(s).

34. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants, in an amount to be established at trial, and is entitled to recover attorneys' fees and costs of suit.

### SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL AND REST PERIODS
(California Labor Code §§ 226.7 and 512)

35. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

36. At all relevant times, Defendants were aware of and were under a duty to comply with California Labor Code §226.7 and §512.

37. California Labor Code §226.7 provides:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

38. Moreover, California Labor Code §512(a) provides:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

39. Sections 11 and 12, respectively, of the applicable IWC Wage Order mandate that employers provide all applicable meal and/or rest periods to non-exempt (including exempt-misclassified) employees.

40. Section 11 of the applicable IWC Wage Order provides:

> (A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes...
>
> (B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes...
>
> (C) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

41. Moreover, Section 12 of the applicable IWC Wage Order provides:

> (A)  Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof ....
>
> (B)  If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

42.  By failing to consistently provide uninterrupted thirty-minute meal periods within the first five hours of work each day and/or uninterrupted net ten-minute rest periods to Plaintiff, Defendants violated the California Labor Code and applicable IWC Wage Order provisions.

43.  Plaintiff is informed and believes and, on that basis, alleges that Defendants have never paid the one hour of compensation to Plaintiff due to Defendants' violations of the California Labor Code and applicable IWC Wage Order provisions.

44.  As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established at trial.

45.  As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff is entitled to recover "waiting time" and other penalties, in amounts to be established at trial, as well as recovery of attorneys' fees and costs, pursuant to statute.

## THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
### (California Labor Code §§ 226 and 1174)

46.  Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

47.  California Labor Code §226(a) provides:

> Each employer shall semimonthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing: (1) gross wages earned; (2) total number of hours worked by each

employee whose compensation is based on an hourly wage; (3) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (4) net wages earned; (5) the inclusive date of the period for which the employee is paid; (6) the name of the employee and his or her social security number; and (7) the name and address of the legal entity which is the employer.

48. Moreover, California Labor Code §226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

49. Finally, California Labor Code §1174(d) provides:

Every person employing labor in this state shall. . . [k]eep, at a central location in the state...payroll records showing the hours worked daily by and the wages paid to...employees.... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

50. Plaintiff seeks to recover actual damages, costs, and attorneys' fees under these provisions.

51. Defendants have failed to provide timely, accurate itemized wage statements to the Plaintiff in accordance with California Labor Code §226. Plaintiff is informed and believes and, on that basis, alleges that none of the statements provided by Defendants accurately reflected actual gross wages earned, net wages earned, or the appropriate deductions of Plaintiff.

52. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages in an amount to be established at trial, and is entitled to recover attorneys' fees and costs of suit.

**FOURTH CAUSE OF ACTION
FAILURE TO PAY WAGES ON TERMINATION
(California Labor Code § 203)**

53. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

54. California Labor Code §203 provides that:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

55. Plaintiff was employed by Defendants during the relevant time period and was thereafter terminated from Plaintiff's position, yet Plaintiff was not paid all premium (overtime) wages due upon said termination of employment therefrom. Said non-payment was the direct and proximate result of a willful refusal to do so by Defendants.

56. More than 30 days have elapsed since Plaintiff was involuntarily terminated from Defendants' employment.

57. As a direct and proximate result of Defendants' willful conduct in failing to pay Plaintiff for all hours worked, Plaintiff is entitled to recover "waiting time" penalties of up to thirty days' wages pursuant to California Labor Code §203 in an amount to be established at trial, together with interest thereon, and attorneys' fees and costs.

### FIFTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT
(California Business & Professions Code §§ 17200-17208)

58. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

59. Plaintiff further brings this cause of action seeking equitable and statutory relief to stop Defendants' misconduct, as complained of herein, and to seek restitution of the amounts Defendants acquired through the unfair, unlawful, and fraudulent business practices described herein.

60. Defendants' knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§17200-

17208. Specifically, Defendants conducted business activities while failing to comply with the legal mandates cited herein.

67. Defendants have clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to Plaintiff herein alleged, as incidental to their business operations, rather than accept the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by their responsible competitors and as set forth in legislation and the judicial record.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, prays for judgment and the following specific relief against Defendants, and each of them, jointly and separately, as follows:

1. That the Court declare, adjudge, and decree that Defendants violated the overtime provisions of the California Labor Code and the applicable California Industrial Welfare Commission Wage Order as to Plaintiff;

2. That the Court declare, adjudge, and decree that Defendants willfully violated their legal duties to pay overtime under the California Labor Code and the applicable California Industrial Welfare Commission Wage Orders;

3. That the Court make an award to Plaintiff one hour of pay at each of Plaintiff's regular rate of compensation for each workday that a meal period was not provided;

4. That the Court make an award to Plaintiff of one hour of pay at each of Plaintiff's regular rate of compensation for each workday that a rest period was not provided;

5. That the Court declare, adjudge, and decree that Plaintiff was, at all times relevant hereto, and is still, entitled to be paid overtime for work beyond 8 hours in a day and 40 hours in a week;

6. That the Court make an award to Plaintiff of damages and/or restitution for the amount of unpaid overtime compensation, including interest thereon, and penalties in an amount to be proven at trial;

7. That the Court order Defendants to pay restitution to the Plaintiff due to Defendants' unlawful activities, pursuant to California Business and Professions Code §§17200-17208;

8. That the Court further enjoin Defendants, ordering them to cease and desist from unlawful activities in violation of California Business and Professions Code §17200, *et seq.*

9. For all other Orders, findings and determinations identified and sought in this Complaint;

10. For interest on the amount of any and all economic losses, at the prevailing legal rate;

11. For reasonable attorneys' fees, pursuant to California Labor Code §1194 and/or California Code of Civil Procedure §1021.5; and

12. For costs of suit and any and all such other relief as the Court deems just and proper.

Dated: June 2, 2017                     SCOTT COLE & ASSOCIATES, APC

                                        By: _____
                                             Scott Edward Cole, Esq.
                                             Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: June 2, 2017                     SCOTT COLE & ASSOCIATES, APC

                                        By: _____
                                             Scott Edward Cole, Esq.
                                             Attorneys for Plaintiff

```
                    SUPERIOR COURT - MARTINEZ
                    COUNTY OF CONTRA COSTA
                    MARTINEZ, CA, 94553
```

ORTIZ VS AMAZOM.COM

NOTICE OF CASE MANAGEMENT CONFERENCE                CIVMSC17-01045

1. NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  10/20/17      DEPT:  09      TIME:  9:00

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES. ALL PARTIES SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY OF RECORD MUST APPEAR.

2. You may stipulate to an earlier Case Management Conference. If all parties agree to an early Case Management Conference, please contact the Court Clerk's Office at (925)608-1000 for Unlimited Civil and Limited Civil cases for assignment of an earlier date.

3. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference and to discuss the suitability of this case for the EASE Program, private mediation, binding or non-binding arbitration, and/or use of a Special Master.

4. At any Case Management Conference the court may make pretrial orders including the following:

   a. an order establishing a discovery schedule
   b. an order referring the case to arbitration
   c. an order transferring the case to limited jurisdiction
   d. an order dismissing fictitious defendants
   e. an order scheduling exchange of expert witness information
   f. an order setting subsequent conference and the trial date
   g. an order consolidating cases
   h. an order severing trial of cross-complaints or bifurcating issues
   i. an order determining when demurrers and motions will be filed

                              SANCTIONS
If you do not file the Case Management Conference Questionnaire or attend the Case Management Conference or participate effectively in the Conference, the court may impose sanctions (including dismissal of the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this action, and that I delivered or mailed a copy of this notice to the person representing the plaintiff/cross-complainant.

Dated:  06/02/17                    _____
                                    K. VAQUERANO
                                    Deputy Clerk of the Court