1
2
3
4                    UNITED STATES DISTRICT COURT
5                  NORTHERN DISTRICT OF CALIFORNIA
6

7   MICHAEL ORTIZ,                    Case No.  17-cv-03820-JSW
8               Plaintiff,
                                      **ORDER DENYING DEFENDANTS'**
9        v.                           **MOTION TO STRIKE; GRANTING, IN**
                                      **PART, AND DENYING, IN PART,**
10  AMAZON.COM LLC, et al.,           **MOTION TO DISMISS PORTIONS OF**
                                      **PLAINTIFF'S FIRST AMENDED**
11              Defendants.           **COMPLAINT; AND CONTINUING**
                                      **CASE MANAGEMENT CONFERENCE**
12                                    Re: Dkt. Nos. 18, 20
13

14        Now before the Court for consideration is the motion to strike and to dismiss filed by

15  Defendants Amazon.com, LLC ("Amazon.com") and Golden State FC, LLC ("Golden State")

16  (collectively "Defendants").  The Court has considered the parties' papers, relevant legal

17  authority, and the record in this case, and it finds the motion suitable for disposition without oral

18  argument.  *See* N.D. Civ. L.R. 7-1(b).  The Court HEREBY DENIES Defendants' motion to

19  strike, and it GRANTS, IN PART, AND DENIES, IN PART, Defendants' motion to dismiss.  The

20  Court GRANTS Plaintiff Michael Ortiz ("Ortiz") leave to amend, in part.

21                              **BACKGROUND**

22        Ortiz originally filed suit, on an individual basis, in the Superior Court of the State of

23  California for the County of Contra Costa County.  (Dkt. No. 1, Notice of Removal, Ex. A,

24  Complaint.)  Ortiz alleged there, as he does here, that Defendants employed him as a Level 4

25  Manager in Defendants' South San Francisco, San Leandro, and Richmond facilities.  Although

26  Ortiz suggests he no longer works for Defendants, he did not and still does not allege when

27  Defendants terminated him or when he voluntarily left Defendants' employ. (Complaint, ¶¶ 1, 3,

28
                                        1

*United States District Court*
*Northern District of California*

10, 21; First Amended Complaint ("FAC") ¶¶ 1, 4, 11, 25.)

In his original complaint, Ortiz alleged that Defendants misclassified him as exempt from overtime requirements.  (Complaint ¶ 3; FAC ¶ 4.)  Ortiz alleged Defendants failed to pay him overtime in accordance with California law and failed to provide rest and meal breaks, as required by California law.  Ortiz also alleged that Defendants violated other wage and hour laws, such as failing to provide him with accurate wage statements, and to timely pay wages upon termination, all in violation of provisions of California's Labor Code and Industrial Welfare Commission ("IWC") Wage Orders.  Ortiz also asserted a claim under California's Unfair Competition law based on the alleged wage and hour violations.  (*See* Complaint ¶¶ 25-67.)

On July 5, 2017, Defendants removed the action to this Court.  (Notice of Removal.)  On May 30, 2017, Ortiz sent a notice to the California Labor and Workforce Development Agency ("LWDA"), pursuant to the Private Attorneys General Act ("PAGA"), Labor Code sections 2698, *et seq.* (the "PAGA notice").  (Dkt. No. 22-2, Declaration of Scott Edward Cole, ¶ 3, Ex. A; Dkt. No. 21, Defendant's Request for Judicial Notice, Ex. A.)[1]

That letter states, in part:

> [Ortiz] alleges that Defendants willfully: (1) violated California Labor Code §§ 226.7, 512, and/or §§ 11 and 12 of the relevant IWC Wage Order by failing to provide [him] and Aggrieved Employees with meals and/or rest breaks due to, *inter alia*, unlawful exempt misclassification, unlawful on-duty meal period agreements, and/or Defendants' requirement that its Tier 4 Level Managers, and/or managers at or above that level, perform near constant manual labor on the "delivery line" due to insufficient staffing, which was rampant; (2) failed to issue accurate itemized wage statements to [Ortiz] and Aggrieved Employees, in violation of Labor Code §§ 226, 1174, and/or 1174.5, since the statements issued failed to include wages owed for meal and/or rest break violations, unpaid overtime, and/or off-the-clock work, and because such statements listed Golden State FC LLC as the employer but failed to list Amazon.com, Inc. and/or Amazon.com LLC as the employer, and because the wage statements failed to include the complete name of the employer(s); and (3) failed to timely pay wages upon termination of [Ortiz's] and certain Aggrieved Employees' employment, in violation of California Labor Code §§ 200-203, as

---

[1] There is no dispute about the authenticity of the PAGA Notice.  Indeed, both parties submit a copy with their briefs.  Accordingly, the Court has considered it to resolve Defendants' motion.

> Plaintiff only received his final wages after four requests and over 100 days after termination and since Defendants failed to pay [him] and Aggrieved Employees wages for all hours worked, including overtime, and or/penalty wages for meal and/or rest break violations.

(PAGA Notice at 1.)

On August 10, 2017, the Court granted the parties' stipulation to permit Ortiz to file the FAC.  (Dkt. No. 15.)  In the FAC, Ortiz re-alleged his each of wage and hour claims and the UCL Claim on behalf of a putative class of "all other persons similarly situated who have been employed by Defendants as Level 4 Managers in the State of California at any time on or after June 2, 2013" and added the PAGA Claim.  (FAC ¶¶ 18, 65-70.)

The Court shall address additional facts as necessary in the analysis.

## ANALYSIS

A.    **The Court Denies the Motion to Strike.**

1.    **Applicable Legal Standards.**

In general, motions to strike are regarded with disfavor, because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.  *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).  Defendants rely, in part, on Federal Rule of Civil Procedure 12(f) in support of their motion to strike.[2]  Under Rule 12(f), a party may seek to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded."  *California Dep't of Toxic Substance Control v. ALCO Pacific, Inc.*, 217 F. Supp.2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations omitted).  Impertinent material "consists of statements that do not pertain, or are not necessary to the issues in question."  *Id.*

Rule 12(f) cannot be used "to strike a claim for damages on the ground that such damages are precluded as a matter of law."  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 971, 974-

---

[2]    Defendants also rely on Federal Rule of Civil Procedure 23(d), which the Court discusses in Section A.2.

United States District Court
Northern District of California

75 (9th Cir. 2010).  The *Whittlestone* court found that the plaintiff's claim for damages did not fall within the scope of the type of allegations covered by Rule 12(f).  It also noted that the defendant was attempting "to have certain portions of [the plaintiff's] complaint dismissed or to obtain summary judgment against [the plaintiff] as to those portions of the suit—actions better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion."  *Id.* at 974.

### 2.    The Class Allegations.

Defendants move to strike all of the class allegations from the FAC.  Following *Whittlestone*, several courts within this District and within the Ninth Circuit have determined that "motions to strike are not the proper vehicle for seeking dismissal of class allegations."  *Tasion Communications, Inc. v. Ubiquiti Networks, Inc.*, No. 13-cv-01803-EMC, 2014 WL 1048710, at *3 (N.D. Cal. Mar. 14, 2014); *see also, e.g., DeLux Cab, LLC v. Uber Technologies, Inc.*, No. 16-cv-3057-CAB-JMA, 2017 WL 1354791, at *8 (S.D. Cal. Apr. 13, 2017); *Astiana v. Ben & Jerry's Homemade, Inc.*, No. 10-cv-04387-PJH, 2011 WL 2111796, at *15 (N.D. Cal. May 26, 2011).  To the extent Defendants rely on Rule 12(f), the Court concludes the class allegations are not redundant, immaterial, impertinent, or scandalous.  *See, e.g., Beal v. Lifetouch, Inc.*, No. 10-cv-08454 JST (MLGx), 2011 WL 995884, at *7 (C.D. Cal. March 15, 2011).

Defendants also rely on Rule 23(d)(1)(D) to support their motion to strike.  When a court conducts a class action under Rule 23, it may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly."  Fed. R. Civ. P. 23(d)(1)(D).  "[I]n general, class allegations are not tested at the pleading stage and are instead scrutinized after a party has filed a motion for class certification."  *Yastrab v. Apple Inc.*, No. 14-cv-01974-EJD, 2015 WL 1307163, at *8 (N.D. Cal. Mar. 23, 2015); *see also In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 616 (N.D. Cal. 2007) ("[T]he granting of motions to dismiss class allegations before discovery has commenced is rare.").  Some courts have held that under Rule 23(d), the Court "has authority to strike class allegations prior to discovery *if* the complaint demonstrates that a class action cannot be maintained."  *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010) (emphasis added).  "Courts that have stricken class allegations . . . have only done so in rare occasions where the class definition is obviously

4

defective in some way." *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1221 (N.D. Cal. 2014).

Defendants do not suggest that the class is not ascertainable. Further, it is not obvious that Ortiz will be unable to satisfy the commonality, typicality, or predominance requirements of Rule 23 for those claims that he is able to adequately plead. For that reason, the Court does not find persuasive Defendants' argument that the class allegations are not sufficient to satisfy the pleading requirements of Rule 8 and *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Whether those arguments have merit is better left to the class certification stage, and the Court concludes this is not one of the rare cases where striking the class allegations is appropriate at this stage of the litigation.[3]

### 3. The PAGA Claim.

Defendants also move to strike the references to Labor Code sections 204, 510, 558, 1194, 1194.2, 1197, 1197.1, and 1198 from the PAGA Claim, pursuant to Rule 12(f). According to Defendants, Ortiz did not comply with pre-filing notice requirements and cannot base a PAGA claim on these provisions of the Labor Code. In light of the nature of the claim, the Court concludes these references to the Labor Code are not redundant, immaterial, impertinent, or scandalous. Rather, the Court finds Defendants' motion to strike is akin to the type of motion to strike the *Whittlestone* court found to be procedurally improper. The Court will, however, address this argument in the context of Defendants' motion to dismiss.

Accordingly, the Court DENIES Defendants' motion to strike.

### B. The Court Grants, in Part, and Denies, in Part, the Motion to Dismiss.

### 1. Applicable Legal Standard.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

---

[3]     The Court notes that Ortiz alleges that "[t]his action has been brought and may be properly maintained as a class action under California Code of Civil Procedure § 382[.]" (FAC ¶ 20.) The Court reminds Ortiz that he is in Federal Court where the standards of Federal Rule of Civil Procedure 23 will apply, and his second amended complaint should be drafted accordingly.

United States District Court
Northern District of California

1   Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's

2   obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

3   conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*,

4   550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

5       Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but

6   must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

7   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

8   draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

9   *Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  If the allegations are

10  insufficient to state a claim, a court should grant leave to amend, unless amendment would be

11  futile.  *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss &*

12  *Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

13      **2.      The Overtime Claim.**

14      Defendants argue Ortiz fails to satisfy the pleading requirements set forth in *Landers v.*

15  *Quality Comm's, Inc.*, 771 F.3d 638, 644-46 (9th Cir. 2014) as amended (January 26, 2015), *cert*

16  *denied*, __ U.S. __, 135 S.Ct. 1845 (2015).  In *Landers*, the court held that to allege an overtime

17  claim under the Fair Labor Standards Act, a "plaintiff must allege at least one workweek when he

18  worked in excess of forty hours and was not paid for the excess hours in that workweek, or was

19  not paid minimum wages." *Id.* at 646.  This standard does not require a plaintiff to provide

20  "detailed factual allegations regarding the number of overtime hours worked" or plead with

21  "mathematical precision" the amount of overtime compensation that the plaintiff claims is owed to

22  them. *Id.* at 644-45.  The holding in *Landers* has been applied to cases where a plaintiff seeks

23  overtime under the California Labor Code.  *See, e.g., Haralson v. United Airlines, Inc.*, 224 F.

24  Supp. 3d 928, 941-942 (N.D. Cal. 2016).

25      Oritz alleges that "[a]t all times during the relevant period, [he] was misclassified as an

26  overtime-exempt Level 4 manager."  (FAC ¶ 1.)  He also alleges Defendants had a "consistent

27  policy of ... permitting, encouraging and/or requiring [Ortiz] and Class Members to work in excess

28  of eight hours per day and/or in excess of forty hours per week without paying them overtime

United States District Court
Northern District of California

6

United States District Court
Northern District of California

1  compensation." (*Id.* ¶ 3.)  Finally, Ortiz alleges "[d]uring the relevant time period, [Ortiz] and

2  Class Members worked, on many occasions, in excess of eight hours in a workday and/or 40 hours

3  in a work week." (*Id.* ¶ 31.)  None of these allegations are sufficient to satisfy the requirements in

4  *Landers*, because they do not plausibly allege facts to show that Ortiz "worked more than forty

5  hours in any given work week such that he was entitled to overtime wages."  *Haralson*, 224 F.

6  Supp. 3d at 942.  Ortiz argues that the allegations are sufficient, because he alleges: when he

7  worked for Defendants; his job title; work locations; and on many occasions worked more than

8  eight hours per day or 40 hours per week.  The latter allegations are essentially legal conclusions

9  couched as fact.

10         Ortiz may not be required to plead a specific work day or work week in which he worked

11  more than eight hours or more than 40 hours, but "[a]t the very least [Ortiz] must provide some

12  information about his work schedule from which this Court could reasonably infer that he was

13  deprived of overtime wages."  *Haralson*, 224 F. Supp. 3d at 942; *see also Tan v. GrubHub, Inc.*,

14  171 F. Supp. 3d 998, 1008 (N.D. Cal. 2016) (granting motion to dismiss claim alleged violations

15  of overtime laws where there were no "allegations about what period of time or type of conduct

16  Plaintiffs are counting as hours worked").  In addition, to the extent this claim is based on an

17  alleged policy that permits, encourages or requires Ortiz and putative class members to work in

18  excess of eight hours a day or in excess of 40 hours per week, Ortiz should provide additional

19  facts regarding that policy, *i.e.* whether it is written or whether it stems from some of the facts set

20  forth in the PAGA Notice.[4]

21         Accordingly, the Court dismisses the overtime claim.  Because the court cannot say it

22  would be futile, it grants Ortiz leave to amend this claim.

23         **3.     The Rest and Meal Break Claims.**

24         Defendants also move to dismiss the rest and meal break claims on the basis that Ortiz fails

25  to allege sufficient facts to state a claim.  As set forth above, Ortiz alleges he was misclassified as

26  exempt and alleges Defendants had a "consistent policy of … unlawfully denying [him] and Class

27  _____

28  [4]      The Court expresses no opinion on whether those facts standing alone would be sufficient
to state a claim.

Members statutorily-mandated meal and rest periods." (FAC ¶ 3.) Ortiz also alleges that Defendants have violated Labor Code sections 226.7 and 512(a) and IWC Wage Orders 11 and 12 by "failing to consistently provide uninterrupted thirty-minute meal periods within the first five hours of work each day and/or uninterrupted net ten-minute rest periods to" him and putative class members. (*Id.* ¶ 47.) Again, these are no more than legal conclusions couched as facts.

The PAGA Notice does set forth some additional facts that relate to this claim. Those facts are not included in the FAC. In addition, while those facts may be sufficient to satisfy PAGA's exhaustion requirements, without more the Court does not find them sufficient to state a claim for alleged violations of the Labor Code's rest and meal break requirements. *See, e.g., Haralson*, 224 F. Supp. 3d at 940 (emphasis added) (granting motion to dismiss meal and rest break claim where plaintiff failed to allege "*he* worked any shift that was long enough to trigger meal and rest break obligations" and finding policy and practice allegations might show liability in the abstract but were insufficient to show plaintiff was "plausibly entitled to relief"); *Bellinghausen v. Tractor Supply Company*, No. 13-cv-02377-JSW, 2014 WL 465907, at *5 (N.D. Cal. Feb. 3, 2014) (finding other allegations would support a rest and meal break claim, but finding plaintiff's allegations regarding understaffing and allegations that defendants discouraged him from taking breaks too vague and conclusory to state a claim).

Accordingly, the Court dismisses the rest and meal break claim. Because the Court cannot say it would be futile, it grants Ortiz leave to amend.

### 4. The Inaccurate Wage Statement, Failure to Pay Wages at Termination, and UCL Claims.

As drafted, each of these claims is derivative of the overtime and meal and rest period claims and, thus, the Court dismisses these claims as well. Because the Court cannot say it would be futile, it grants Ortiz leave to amend.[5]

---

[5] Defendants also move to dismiss the inaccurate wage statement claim to the extent it rests on a theory that the wage statements failed to include overtime and meal break premiums Ortiz should have received but did not receive. Because the Court finds the claims deficient for other reasons, it does not reach this argument. Defendants are free to renew it in a subsequent motion to dismiss, but they shall be prepared to address the apparent split in authority on this issue. *See, e.g., Culley v. Lincare*, 236 F. Supp. 3d 1184, 1195-96 (E.D. Cal. 2017).

United States District Court
Northern District of California

1

**5.      The PAGA Claim.**

2          As discussed above, Defendants argue that Ortiz cannot pursue a PAGA Claim based on

3    provisions of the Labor Code that he did not include in his pre-filing notice.  In order to bring a

4    PAGA claim, a plaintiff must give "written notice by online filing with the … [LWDA] and by

5    certified mail to the employer of the specific provisions of of [the Labor] code alleged to have

6    been violated, including the facts and theories to support the alleged violation." Cal. Lab. Code §

7    2699.3(a)(1)(A).  The purpose of the PAGA notice is to allow the LWDA the opportunity to

8    "investigate and cite employers" for Labor Code violations and to permit employers the

9    opportunity to cure violations.  *Thurman v. Bayshore Transit Mgmt., Inc.*, 203 Cal. App. 4th 1112,

10   1148 (2012).

11         Ortiz alleges that he "has met all of the requirements set forth in California Labor Code §

12   2699.3 to maintain a civil action against Defendants for violations of (and/or recovery under)[,]"

13   *inter alia*, Labor Code sections 204, 510, 558, 1194, 1194.2, 1197, 1197.1, and 1198.  (FAC ¶ 68;

14   *see also id.* ¶ 1.)  Ortiz does not dispute that he did not reference these provisions in his PAGA

15   notice.  He also does not address the fact that the plain language of Section 2699 statute requires a

16   party seeking PAGA penalties to include "the specific provisions of [the Labor] code alleged to

17   have been violated," and "the facts and theories to support the alleged violation."  Instead, Ortiz

18   argues there are sufficient facts to provide the LWDA, and Defendants, with notice that these

19   provisions of the Labor Code would be at issue and that he alleges sufficient facts and sets forth

20   his legal theories to support alleged violations of these provision of the Labor Code.

21         The Ninth Circuit has provided guidance as to the type of notice that is not sufficient to

22   satisfy Section 2699.3's requirement that a plaintiff include the "facts and theories" that support an

23   alleged violation of the Labor Code.  *Alcantar v. Hobart Service*, 800 F.3d 1047, 1057 (9th Cir.

24   2015); *compare Green v. Bank of America, N.A.*, 634 Fed. Appx. 188, 190-91 (9th Cir. 2015).  In

25   *Alcantar*, the plaintiff's PAGA notice stated:

26

27

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

> Our offices have been retained by Jose-luis Alcantara [sic] (Plaintiff).  Plaintiff is a former employee of ITW Food Equipment Group, LLC aka Hobart Service (Defendant).  Plaintiff contends that Defendant (1) failed to pay wages for all time worked; (2) failed to pay overtime wages for overtime worked; (3) failed to include the extra compensation required by California Labor Code section 1194 in the regular rate of pay when computing overtime compensation, thereby failing to pay Plaintiff and those who earned additional compensation for all overtime wages due; (4) failed to provide accurate wage statements to employees as required by Labor Code § 2802; (5) failed to provide reimbursement for work related expenses as required by Labor Code § 2802; and, (6) failed to provide off-duty meal periods and to pay compensation for work without off-duty meal periods to its California employees in violation of California Labor Code sections 226.7 and 512, and applicable Industrial Welfare Commission orders.  Said conduct, in addition to the forgoing, violated each Labor Code section as set forth in California Labor Code section 2699.5

11   *Id.*  The *Alcantar* court described the letter as "a string of legal conclusions with no factual

12   allegations or theories of liability to support them," which made it "insufficient to allow the

13   [LWDA] to intelligently assess the seriousness of the alleged violations."  *Id.*

14          In contrast, in *Conde v. Open Door Marketing, LLC*, the plaintiff's PAGA notice stated

15   plaintiff had "worked for [defendants] to promote their clients cell phones and wireless service

16   plans in Oakland, California, from February 2015 through June 2015[.]"  223 F. Supp. 3d 949, 971

17   (N.D. Cal. 2017).  The plaintiff also stated that the defendants "illegally misclassify their workers

18   as independent contractors rather than employees," and thus violated certain provisions of the

19   Labor Code.  *Id.*  The court denied the defendant's motion for judgment on the pleadings, and

20   found that the PAGA notice was adequate.

21          The court acknowledged that the factual detail was sparse, but it distinguished the

22   plaintiff's letter from the letter at issue in *Alcantar*, because the plaintiff had explained the nature

23   of her job, the time she worked for the defendants, and identified the "legal theory underpinning

24   her claims[.]"  Thus, the plaintiff did more than simply list a number of statutes that the defendants

25   allegedly violated; she explained "the theory of liability that supports the violations she has

26   identified in the letter."  *Id.* at 972.  Upon review of the record in *Conde*, the plaintiff's PAGA

27   notice specifically identified the four provisions of the Labor Code the defendants were alleged to

28

United States District Court
Northern District of California

10

1    have violated, which were the same provisions at issue in the plaintiff's complaint.  *See Conde v.*

2    *Open Door Marketing*, No. 15-cv-4080-KAW, Dkt. No. 97 (Third Amended Complaint) and Dkt.

3    No. 147-1 (PAGA notice).[6]

4          In support of their argument, Defendants rely on *Stoddart v. Express Services, Inc.*, No.

5    2:12-cv-01054-KJM-CKD, 2015 WL 5522142 (E.D. Cal. Sept. 16, 2015).  In that case, the

6    plaintiff's PAGA notice failed to include a specific reference to, *inter alia*, Labor Code section

7    558 and failed to include allegations to support a claim for penalties under that section.  *Id.*, 2015

8    WL 5522142, at *3-4.  The court found that the plaintiff's PAGA notice included facts relating to

9    violations of Labor Code sections 510 and 512, which were expressly referenced in the letter.  The

10   court held that "to the extent plaintiff's request for penalties under section 558 is predicated on

11   alleged violations of sections 510 and 512, the court finds plaintiff has complied with the

12   exhaustion requirements of section 2699.3."  *Id.*, 2015 WL 5522142, at *5.

13         The defendants also argued that the plaintiff had failed to exhaust a PAGA claim premised

14   on violations of Labor Code section 226.  The court found that the plaintiff could not seek PAGA

15   penalties for inaccurate wage statements based on factual theories that were not encompassed in

16   his PAGA notice, such as a failure to provide a second meal break and a failure to include a

17   correct overtime rate.  *Id.*, 2015 WL 5522142, at *6-*8.  By way of example, as to the latter

18   theory, the court noted that plaintiff stated in his PAGA notice that he "was not compensated for

19   overtime hours worked," which included a failure to include meal periods.  The plaintiff did "not

20   assert any theories based on defendants' failure to pay the correct rate of overtime in light of

21   bonus payment amounts," as the plaintiff alleged in the complaint.  Finding that "PAGA Claims

22   are limited to the specific theories identified in a notice letter," the court found that the plaintiff

23   had not "properly exhausted [the Section 226 claim] to the extent it is based on new allegations[.]"

24   *Id.*, 2015 WL 5522142, at *6.

25         Defendants also argue this case is similar to *Stevens v. Datascan Field Services LLC*, No.

26   2:15-cv-00839-TLN-AC, 2016 WL 627362 (E.D. Cal. Feb. 17, 2016).  There, as here, the

27

28   _____
     [6]      The Court can take judicial notice of the allegations in the *Conde* case as they are matters
     of public record.

United States District Court
Northern District of California

1  defendants moved to dismiss the plaintiff's PAGA claim, in part, because the plaintiff included

2  alleged violations of the Labor Code in an amended complaint that she had not referred to

3  specifically in her PAGA notice.  The plaintiff in *Stevens*, like Ortiz does here, argued that the

4  factual allegations of her PAGA notice were sufficient to put the defendants on notice of Labor

5  Code provisions that had not been included in the notice.  The court disagreed and found that she

6  "did not satisfy PAGA's exhaustion requirements as to [those] alleged violations, … since she did

7  not 'give written notice by certified mail to the [LWDA] and the employer of the specific

8  provisions of th[e] code alleged to have been violated.'"  *Id.*, 2016 WL 628362, at *4.  The court

9  dismissed the PAGA claim with prejudice as to those provisions of the Labor Code.  *Id.*

10       The PAGA Notice in this case contains more than the legal conclusions that the *Alcantar*

11  court found to be insufficient to satisfy the exhaustion requirements.  Rather, as in the *Conde* case,

12  it sets forth information about the position Ortiz held, where he worked for Defendants, and at

13  least one of the legal theories that supports his claims, namely that he and similarly situated

14  employees in the Level 4 Manager position were misclassified as exempt employees.  However,

15  that conclusion does not necessarily render the PAGA Notice sufficient for all of the penalties

16  Ortiz seeks.

17       Ortiz did not specifically list Section 558 in his PAGA Notice.  Section 558 "is not a

18  provision that can be violated, but merely sets out the calculation of penalties for violations of that

19  chapter of the" Labor Code.  *Culley*, 236 F. Supp. 3d at 1194; *accord Bradescu v. Hillstone Rest.

20  Group., Inc.*, No. SACV 13-1289-GW (RZx), 2014 WL 5312546, at *10 n.10 (C.D. Cal. Sept. 18,

21  2014), *tentative ruling confirmed by* 2014 WL 531274 (C.D. Cal. Oct. 10, 2014).  Ortiz provides

22  the facts to support his rest and meal break violations, which are premised on alleged violations of

23  Labor Code section 512, and the legal theories to support those claims:  he was misclassified as

24  exempt; and/or Defendants required "Tier 4 Level managers … [to] perform near constant manual

25  labor on the 'delivery line' due to insufficient staffing, which was rampant."  (PAGA Notice at 1.)

26  Therefore, as to Section 558, the Court finds he has complied with the exhaustion requirements of

27  Section 2699.3.  *Stoddart*, 2015 WL 5222142, at *5.

28       Although Ortiz does reference the failure to pay overtime in the PAGA Notice, he did not

cite to Labor Code sections 510, 1194, and 1198.  Further, the facts alleged in the PAGA Notice refer to the failure to pay overtime in the context of his rest and meal break claims, the allegations regarding the failure to provide accurate wage statements, and the alleged failure to timely pay his wages on termination.  There is nothing in the letter that might also suggest that Ortiz alleged Defendants violated the Labor Code provisions on overtime separate and apart from their alleged failure to provide rest and meal breaks.

Similarly, Ortiz did not reference Labor Code sections 1194.2, 1197, and 1197.1 in the PAGA Notice, all of which relate to the failure to pay less than minimum wage, and there are no facts in the PAGA Notice or in the FAC that would suggest Defendants' conduct resulted in Ortiz receiving less than the minimum wage.  The Court finds the same is true with respect to any facts that might support an alleged violation of Labor Code section 204.  Therefore, the Court finds Ortiz failed to comply with the administrative exhaustion requirement as to these provisions of the Labor Code.

Ortiz requests leave to amend the PAGA Notice.  The Court denies that request, because this is not a case where Ortiz seeks to amend his *complaint* to allege compliance with PAGA's exhaustion requirements.  He already has done that.  *Stevens*, 2016 WL 627362, at *4; *see also Amey v. Cinemark USA, Inc.*, No. 13-cv-05669-WHO, 2015 WL 2251504, at *15 (N.D. Cal. May 13, 2015) (citing *Ovieda v. Sodexo Operations, LLC*, No. 12-cv-1750-GHK (SSx), 2013 WL 3887873, at *5 (C.D. Cal. July 3, 2013) ("allowing an amended notice to be submitted after the civil action has already been filed defeats the very purpose of the exhaustion requirement")).  Therefore, the Court shall limit PAGA claims to those theories outlined in the PAGA Notice.  *Cf. Bradescu*, 2014 WL 5312546, at *11 ("Plaintiff should consider her PAGA claim to be limited to specifically those theories (and those Labor Code sections) mentioned in her PAGA notice.").

For the foregoing reasons, the Court GRANTS, IN PART, the motion to dismiss the PAGA Claim.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion to strike, and it GRANTS, IN PART, AND DENIES, IN PART, Defendants' motion to dismiss.  The Court

United States District Court
Northern District of California

GRANTS Ortiz leave to file a second amended complaint by no later than October 31, 2017.

Defendants shall answer or otherwise respond by November 21, 2017.  The Court CONTINUES

the case management conference scheduled for November 17, 2017 to December 8, 2017.  The

parties shall file an initial joint case management conference statement by December 1, 2017.  If

Defendants file a motion to dismiss the second amended complaint, and the parties seek to

continue the case management conference, they should file a request to continue by no later than

November 27, 2017.

      **IT IS SO ORDERED.**

Dated: October 10, 2017

_____

JEFFREY S. WHITE

United States District Judge