1  Scott Edward Cole, Esq. (S.B. # 160744)
   Corey B. Bennett, Esq. (S.B. #267816)
2  Teresa Allen, Esq. (S.B. #264865)
   **SCOTT COLE & ASSOCIATES, APC**
3  1970 Broadway, Ninth Floor
   Oakland, California 94612
4  Telephone: (510) 891-9800
   Facsimile:  (510) 891-7030
5  Email: scole@scalaw.com
   Email: cbennett@scalaw.com
6  Email: tallen@scalaw.com
   Web:  www.scalaw.com
7
   Attorneys for Representative Plaintiff
8  And the Plaintiff Class

9

10              **UNITED STATES DISTRICT COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA**

12                   **OAKLAND DIVISION**

13

14  MICHAEL ORTIZ, on behalf of      )   **Case No. 4:17-CV-03820-JSW**
    himself and all others similarly  )
15  situated,                        )   **CLASS ACTION**
                                     )
16              Plaintiff,           )   **SECOND AMENDED COMPLAINT FOR**
                                     )   **DAMAGES, INJUNCTIVE RELIEF AND**
17  vs.                              )   **RESTITUTION**
                                     )
18  AMAZON.COM LLC, a Delaware       )
    Limited Liability Company; and   )
19  GOLDEN STATE FC LLC, a           )   **[Jury Trial Demanded]**
    Delaware Limited Liability Company, )
20                                   )
                Defendants.          )
21                                   )
                                     )
22  _____     )

23  Plaintiff alleges as follows:

24               **PRELIMINARY STATEMENT**

25      1.     This is a class action seeking unpaid regular and overtime wages, including

26  unpaid compensation for interrupted and/or missed meal and/or rest periods, interest thereon,

27  liquidated damages and other penalties, injunctive and other equitable relief, and reasonable

28  attorneys' fees and costs under, *inter alia*, California Labor Code §§ 200-204, inclusive, 226,

226.7, 510, 512, 558, 1174, 1174.5, 1194, 1197, 1197.1, 1198 and/or 2698, *et seq.*, California Business and Professions Code §§ 17200, *et seq.* and California Code of Civil Procedure § 1021.5. Plaintiff Michael Ortiz ("Representative Plaintiff" or "Plaintiff") was employed by Amazon.com LLC and Golden State FC LLC (collectively "Defendants") at three facilities in California, including South San Francisco, San Leandro and Richmond. At all times during the relevant period, Plaintiff was misclassified as an overtime-exempt Level 4 Manager. Plaintiff brings this lawsuit on behalf of himself and on behalf of all other persons similarly situated who have been employed by Defendants as Level 4 Managers in the State of California within the applicable class period.

2.      The "FLSA Class Period" is designated as the time from June 2, 2014 through the trial date, based upon the allegation that the violations of the FLSA, as described more fully below, have been willful and ongoing since, at least, this date. During this class period, Defendants have had a consistent policy of permitting, encouraging, and/or requiring its allegedly-overtime-exempt Level 4 Managers to work in excess of forty hours per week without paying them overtime compensation as required by the FLSA. The "California Class Period" is designated as the time from June 2, 2013, through trial, based upon the allegation that the violations of California's wage and hour laws, as described more fully below, have been ongoing throughout that time.

3.      During the class period, Defendants had a consistent policy of (1) permitting, encouraging and/or requiring Plaintiff and Class Members to work in excess of eight hours per day and/or in excess of forty hours per week without paying them overtime compensation as required by California's wage and hour laws, (2) unlawfully denying Plaintiff and Class Members statutorily-mandated meal and rest periods, and (3) willfully failing to provide Plaintiff and Class Members with accurate semimonthly itemized wage statements reflecting the total number of hours each worked, the applicable deductions, and the applicable hourly rates in effect during the pay period.  In addition, Plaintiff is informed and believes and, on that basis, alleges that Defendants had a consistent policy of willfully failing to pay compensation (including unpaid overtime) in a prompt and timely manner to Plaintiff and Class Members.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**INTRODUCTION**

4.    The Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, *et seq.*), provides for minimum standards for both wages and overtime entitlement, and details administrative procedures by which covered work time must be compensated.  The enactment of the provisions of the FLSA provide the Federal Courts with substantial authority to stamp out abuses of child labor, equal pay, portal-to-portal activities as well as the overtime pay violations detailed in this Complaint.

5.    According to Congressional findings, the existence of labor conditions detrimental to the maintenance of the minimum standard of living engenders unfair commercial competition, labor disputes, barriers to commerce and the free flow of goods in commerce, and interferes with the orderly and fair marketing of goods.

6.    California's Labor Code and Industrial Welfare Commission Wage Orders provide even more expansive protection to hourly workers, including, but not necessarily limited to, entitlements to overtime pay and work performed beyond eight hours per day, and substantial remedies for the denial of rest and meal periods.

7.    Both Federal and California studies have linked long work hours to increased rates of accident and injury and a loss of family cohesion when either or both parents are kept away from home for extended periods of time, on either a daily or weekly basis.

8.    Defendants operate an Internet-based retail company with numerous sort, fulfillment, and delivery facilities throughout California, including those three in which Representative Plaintiff worked as a Level 4 Manager, and across the nation. The Representative Plaintiff is informed and believes and, on that basis, alleges that, Representative Plaintiff's employment position did not, and currently does not, meet any known test for exemption from the payment of overtime wages and/or the entitlement to meal or rest periods.

9.    Despite actual knowledge of these facts and legal mandates, Defendants have and continue to enjoy an advantage over their competition and a resultant disadvantage to their workers by electing not to pay all wages due (including overtime and missed meal and rest period compensation) and/or all penalties dues (including "waiting time" penalties) to their salaried Level 4 Managers at Defendants' sort, fulfillment, and delivery facilities.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1       10.     Representative Plaintiff is informed and believes and, based thereon, alleges that

2   officers of Defendants knew of these facts and legal mandates yet, nonetheless, repeatedly

3   authorized and/or ratified the violation of the laws cited herein.

4       11.     Despite Defendants' knowledge of Class Members' entitlement to overtime pay

5   and meal and/or rest periods for all applicable work periods, Defendants failed to provide same

6   to the Class Members, in violation of California state statutes, the applicable California Industrial

7   Welfare Commission Wage Order, and Title 8 of the California Code of Regulations. This action

8   is brought to redress and end this prolonged pattern of unlawful conduct once and for all.

9                           **JURISDICTION AND VENUE**

10      12.     This Court has jurisdiction over the Representative Plaintiff's and Class

11  Members' claims for unpaid wages and/or penalties under, *inter alia*, the applicable Industrial

12  Welfare Commission Wage Order, Title 8 of the California Code of Regulations, Labor Code §§

13  201-204, 226, 226.7, 510, 512, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, and/or

14  2698, *et seq.*, and the California Code of Civil Procedure § 1021.5.

15      13.     This Court also has jurisdiction over the Plaintiff's claims for injunctive relief and

16  restitution of ill-gotten benefits arising from Defendants' unfair and/or fraudulent business

17  practices under California Business & Professions Code § 17200, *et seq.*

18      14.     Venue as to Defendant is proper in this judicial district, pursuant to 28 U.S.C. §

19  1391. Defendant does business in the Northern District of California and transacts business, has

20  agents, and is otherwise within this Court's jurisdiction for purposes of service of process. The

21  unlawful acts alleged herein have a direct effect on the Representative Plaintiff and those

22  similarly situated within this judicial district. Defendants operate facilities and have employed

23  Class Members in this judicial district as well as throughout the State of California and the

24  United States.

25                              **PLAINTIFF(S)**

26      15.     Representative Plaintiff Michael Ortiz is a resident of the State of California, and

27  a natural person, and was jointly employed by Defendants Amazon.com LLC and Golden State

28  FC LLC.

SCOTT COLE & ASSOCIATES, APC
ATTORNEY AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

16.     Representative Plaintiff was categorized by Defendants as a salaried Level 4 Manager during the relevant time period. Specifically, his job title was "Shift Manager, Logistics" and his internal business title was "Operations Manager, I."

17.     Representative Plaintiff alleges that, throughout their employment, he and Class Members were misclassified and that Level 4 Managers were essentially glorified box shufflers required to perform virtually constant manual labor on the delivery line due to insufficient staffing.

18.     This demanding workload included highly physical and laborious tasks such as offloading trucks, staging and moving pallets and gaylords, cutting open boxes, staging conveyance systems and computers, replacing scan gun batters, moving bread racks, and other tasks at the start of shifts.

19.     It included long spells in "the path" with co-workers unloading, receiving, sorting, and scanning packages, competing on metrics, and cleaning up.

20.     While certain hourly employees took breaks, Representative Plaintiff continued sorting packages, assigning routes, repairing jams, moving bread racks, replacing batteries, relabeling packages, and printing out lists.

21.     Toward the end of shifts, he would continue picking routes, moving racks, staging against walls, locating missing packages, loading vans, moving hazardous packages, relabeling heavy or broken packages, scraping tape of floors, and performing various cleaning tasks. Defendants' obsession with efficiency required Representative Plaintiff to constantly record metrics and produce daily reports before ending shifts.

22.     Representative Plaintiff's work-day typically began around 10 or 11 p.m. and ended around 8 or 9 a.m. Aside from training or "on-boarding" days, he worked four ten-hour days a week. Thus, he contends that virtually every shift he worked for Defendants was long enough to trigger statutory meal and rest periods. However, not only did Defendants fail to provide such breaks, there was almost no opportunity to do so given the pace of the job and the understaffing of facilities.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

23. Representative Plaintiff contends that Defendants' strict guidelines limited the type of work lower-level hourly employees were authorized to do. Thus, if he had taken meal and/or rest periods and something had broken, it could have stopped the entire operation. This is yet another reason why he could not take breaks.

24. The job description for Representative Plaintiff's position notes four key areas—safety, quality, customer experience, and productivity—and charged him with "lead[ing] change at internet speed." It also hints at the physical rigor of the job:

> Regular bending, lifting, stretching and reaching both below the waist and above the head;
>
> Walking in the FC and around area with great frequency; facilities are over a quarter mile in length;
>
> Must be able to stand/walk for up to 10-12 hours [...];
>
> Able to access all areas of building (ascending and descending ladders, stairs, gangways safely and without limitation).

25. Representative Plaintiff alleges that Defendants' push for "internet speed," its requiring constant, physically demanding labor in massive, understaffed facilities, its focus on metrics recording/reporting, and its misclassification of employees created an environment where he and Class Members were commonly denied meal and/or rest periods and overtime wages.

## DEFENDANT(S)

26. Defendant Amazon.com LLC is engaged in business in the Northern District of California and throughout California.

27. Defendant Golden State FC LLC is engaged in business in the Northern District of California and throughout California.

28. Representative Plaintiff is informed and believes and, based thereon, alleges that, at all times herein relevant, Defendants Amazon.com LLC and Golden State FC LLC did business within the state of California operating storage and delivery facilities.

29. Representative Plaintiff is informed and believes and, on that basis, alleges that, at all relevant times herein mentioned, each of the defendants was the agent and/or employee of

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1     each of the remaining defendants and, in doing the acts herein alleged, was acting within the

2     course and scope of such agency and/or employment.

3     **CLASS ACTION ALLEGATIONS**

4     30.     The Representative Plaintiff brings this action on behalf of himself and as a class

5     action on behalf of all persons similarly situated and proximately damaged by Defendants'

6     conduct including, but not necessarily limited to, the following Plaintiff Classes:

7

8     **FLSA Class:**
    *All persons employed as Level 4 Managers by Amazon.com, LLC*

9     *and/or Golden State FC, LLC, in California at any time on or after*
    *June 2, 2014.*

10     **California Class:**

11     *All persons employed as Level 4 Managers by Amazon.com, LLC*
    *and/or Golden State FC, LLC, in California at any time on or after*

12     *June 2, 2013.*

13     31.     Amazon.com, LLC and Golden State FC, LLC, their officers and directors are

14     excluded from the Plaintiff Classes.

15     32.     This action has been brought and may properly be maintained as a class action

16     under the Federal Rules of Civil Procedure ("FRCP") Rule 23 and as a collective action pursuant

17     to 29 U.S.C. § 216 because there is a well-defined community of interest in the litigation and the

18     proposed Classes are easily ascertainable:

19     a.     Numerosity: A class action is the only available method for the fair and efficient

20     adjudication of this controversy. The members of the class are so numerous that
joinder of all members is impractical, if not impossible, insofar as Representative

21     Plaintiff is informed and believe and, on that basis, allege that the total number of
Class Members exceeds hundreds of individuals. Membership in the Plaintiff

22     Classes will be determined upon analysis of employee and payroll, among other,
records maintained by Defendants.

23     b.     Commonality: The Representative Plaintiff and the Class Members share a

24     community of interests in that there are numerous common questions and issues
of fact and law which predominate over any questions and issues solely affecting

25     individual members, thereby making a class action superior to other available
methods for the fair and efficient adjudication of the controversy. Consequently,

26     class and/or collective action certification is proper under FRCP Rule 23(b)(3)
and 29 U.S.C. § 216(b). These common questions include, but are not necessarily

27     limited to:

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1) Whether Defendants violated California Labor Code §§ 226.7 and/or 512 by failing to consistently provide duty-free meal periods and/or rest periods to its allegedly overtime-exempt Level 4 Managers;

2) Whether Defendants violated California Business and Professions Code § 17200, *et seq.* by engaging in unfair, unlawful, and/or fraudulent business practices;

3) Whether Defendants violated California Labor Code § 1174 by failing to keep accurate records of employees' hours of work;

4) Whether Defendants violated California Labor Code §§ 201-204 by failing to pay wages due and owing at the time that Plaintiff's and certain Class Members' employment with Defendants terminated;

5) Whether Defendants violated California Labor Code § 226 by failing to provide semimonthly itemized statements to Class Members of total hours worked by each and all applicable hourly rates in effect during the pay period; and

6) Whether Class Members are entitled to "waiting time" penalties, pursuant to California Labor Code § 203; and

7) Whether Defendants violated the FLSA by failing to pay overtime compensation to Class Members who worked in excess of forty hours per week.

8) Whether Defendants violated the FLSA by failing to pay minimum wage compensation to Class members who were paid below the federal minimum wage of $7.25.

c. Typicality: The Representative Plaintiff's claims are typical of the claims of Class Members. The Representative Plaintiff and Class Members sustained damages arising out of and caused by Defendants' common course of conduct in violation of law, as alleged herein.

d. Adequacy of Representation: The Representative Plaintiff in this class action is an adequate representative of the Plaintiff Class in that the Representative Plaintiff's claims are typical of those of the Plaintiff Class and the Representative Plaintiff has the same interest in the litigation of this case as the Class Members. The Representative Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel who are experienced in conducting litigation of this nature. The Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to Class Members as a whole. The Representative Plaintiff anticipates no management difficulties in this litigation.

e. Superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought, or be required to be brought, by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   Court and the litigants. The prosecution of separate actions would also
    create a risk of inconsistent rulings which might be dispositive of the
2   interests of other Class Members who are not parties to the adjudications
    and/or may substantially impede their ability to adequately protect their
3   interests.

4

5                          **COMMON FACTUAL ALLEGATIONS**

6       33.     As described herein, during the relevant time period, Defendants knowingly failed

7   to adequately compensate those employees within the class definition identified above for all

8   wages earned (including premium wages such as overtime wages and/or compensation for

9   missed meal and/or rest periods) under the California Labor Code and the applicable IWC Wage

10  Order, thereby enjoying a significant competitive edge over other retailers.

11      34.     Defendants declined to pay these wages, even upon a Class Member's termination

12  from employment, in blatant violation of California Labor Code § 201 and/or § 202.

13      35.     California Labor Code §§ 201 and 202 require Defendants to pay severed

14  employees all wages due and owed to the employee immediately upon discharge or within 72

15  hours of resignation of their positions, in most circumstances. California Labor Code § 203

16  provides that an employer who willfully fails to timely pay such wages must, as a penalty,

17  continue to pay the subject employees' wages until the back wages are paid in full or an action is

18  commenced, and the payment of such penalty shall continue for a period of time up to 30 days.

19      36.     Furthermore, despite their knowledge of Representative Plaintiff's and the Class

20  Members' entitlement to compensation for all hours worked, Defendants violated California

21  Labor Code § 1174(d) by failing to provide or require the use, maintenance, or submission of

22  time records by Plaintiff. Defendants also failed to provide Representative Plaintiff and Class

23  Members with accurate semimonthly itemized statements of the total number of hours worked by

24  each, and all applicable hourly rates in effect, during the pay period, in violation of California

25  Labor Code § 226. In failing to provide the required documents, Defendants have not only failed

26  to pay Plaintiff the full amount of compensation due but the Defendants have also, until now,

27  effectively shielded themselves from its employees' scrutiny by concealing the magnitude and

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   financial impact of Defendants' wrongdoing that such documents might otherwise have led

2   workers to discover.

3       37.    Representative Plaintiff and all persons similarly situated are entitled to unpaid

4   compensation, yet, to date, have not received such compensation despite having been terminated

5   by Defendants. More than 30 days have passed since Plaintiff and certain Class Members have

6   left Defendants' employment.

7       38.    As a consequence of Defendants' willful conduct in not paying former employees

8   compensation for all hours worked in a prompt and timely manner, Representative Plaintiff and

9   certain Class Members are entitled to up to 30 days wages as a penalty under California Labor

10   Code §203, together with attorneys' fees and costs.

11       39.    As a direct and proximate result of Defendants' unlawful conduct, as set forth

12   herein, Representative Plaintiff and Class Members have sustained damages, as described above,

13   including compensation for loss of earnings for hours worked on behalf of Defendants, in an

14   amount to be established at trial. As a further direct and proximate result of Defendants'

15   unlawful conduct, as set forth herein, certain Class Members are entitled to recover "waiting

16   time" penalties (pursuant to California Labor Code § 203) and penalties for failure to provide

17   semimonthly statements of hours worked and all applicable hourly rates (pursuant to California

18   Labor Code §226) in an amount to be established at trial. As a further direct and proximate result

19   of Defendants' unlawful conduct, as set forth herein, Representative Plaintiff and Class Members

20   are also entitled to recover costs and attorneys' fees pursuant to California Labor Code §1194

21   and/or California Civil Code §1021.5, among other authorities.

22       40.    Representative Plaintiff seeks injunctive relief prohibiting Defendants from

23   engaging in the complained-of illegal labor acts and practices in the future. Representative

24   Plaintiff also seeks restitution of costs incurred by Representative Plaintiff and Class Members

25   under California's Unfair Competition Law. Unless enjoined, Defendants' unlawful conduct will

26   continue unchecked, while Representative Plaintiff and Class Members bear the financial brunt

27   of Defendants' unlawful conduct. As a further direct and proximate result of Defendants'

28

1   unlawful conduct, as set forth herein, Representative Plaintiff and the Plaintiff Class are also

2   entitled to recover costs and attorneys' fees, pursuant to statute.

3       41.     Representative Plaintiff has complied with the procedures for bringing suit

4   specified in California Labor Code § 2699.3 necessary to maintain a civil action against

5   Defendant for violation (and/or recovery under) California Labor Code §§ 200-204, inclusive,

6   226, 226.7, 512, 1174, 1174.5, 1194, and 1197.

7                        **FIRST CLAIM FOR RELIEF**

8   **VIOLATION OF THE FAIR LABOR STANDARDS ACT – OVERTIME CLAIM**
                        **(29 U.S.C. § 207)**

9                        **(FLSA Class Only)**

10      30.     Representative Plaintiff incorporates in this claim for relief each and every

11  allegation of the preceding paragraphs with the same force and effect as though fully set forth

12  herein.

13      31.     The FLSA regulates, among other things, the payment of overtime wages by

14  employers whose employees are engaged in commerce, or engaged in the production of goods

15  for commerce, or employed in an enterprise engaged in commerce or in the production of goods

16  for commerce, as defined under 29 U.S.C. § 207(a)(1).

17      32.     Representative Plaintiff is informed and believe, and thereon alleges, that

18  Defendants have required, or require, the FLSA Class Members as part of their employment to

19  work without additional compensation, such as overtime, in excess of the forty hours per week

20  maximum under 29 U.S.C. § 207(a)(1). That Section provides the following:

21          Except as otherwise provided in this section, no employer shall
            employ any of his employees...for a workweek longer than forty
22          hours unless such employee receives compensation for his
            employment in excess of the hours above specified at a rate which
23          is not less than one and one-half times the regular rate at which he
            is employed.

24

25      33.     Defendants are, and were, subject to the overtime pay requirements of the FLSA,

26  because they are enterprises engaged in commerce and their employees are engaged in

27  commerce.

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

34.     Defendants are, and were, subject to this requirement to pay its Level 4 Managers one and one-half times its employees' regular rate of pay for all hours worked in a workweek in excess of forty (40) hours.

35.     Defendants violated the FLSA by paying Level 4 Managers a fixed salary without regard to the number of hours worked in excess of forty (40) hours in a workweek.

36.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime pay obligations set forth under Section 7(a)(1) of the FLSA. The exemptions include employees who are paid on a salary basis and are employed in a bona fide executive, administrative or professional exemption and employees employed in the capacity of "outside salesman." 29 U.S.C. § 213 (a)(1). In addition, the exemption provided under Section 7(i) of the FLSA, for employees in a retail or service establishment where the employees are paid more than half of their compensation in the form of commissions, also does not apply. None of the FLSA exemptions apply to Level 4 Managers. Accordingly, they must be paid overtime pay in accordance with Section 7 of the FLSA.

37.     Representative Plaintiffs is informed and believes, and based thereon, alleges that Defendants have required and/or require the FLSA Class Members, as part of their employment, to work without compensation for all hours worked, to work beyond forty hours per week without the payment of overtime compensation therefor and/or to work at a wage less than the minimum wage, pursuant to, *inter alia*, 29 U.S.C. §§ 206 and 207(a)(1).

38.     Indeed, in the performance of their duties for Defendants, the FLSA Class Members often did work over forty hours per week, yet did not receive overtime compensation for the work, labor and services they provided to Defendants, as required by the FLSA. The precise number of unpaid overtime hours will be proven at trial.

39.     Representative Plaintiff proposes to undertake appropriate proceedings to have the FLSA Class Members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and given the opportunity to join this action as plaintiffs, pursuant to 29 U.S.C. § 216(b), by filing written consents to joinder with the Court.

40.     Defendants' violations of the FLSA were willful and are ongoing.

41.   As a result of the foregoing, Representative Plaintiff seeks judgment against Defendants on his own behalf, and on behalf of those FLSA Class Members similarly situated who file written consents to joinder in this action, for all unpaid wages, including overtime wages owed by Defendants to the Representative Plaintiff and Class Members, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interests, and reasonable attorneys' fees, pursuant to, *inter alia,* 29 U.S.C.§ 216(b).

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT – MINIMUM WAGE CLAIM**
**(29 U.S.C. § 206)**
**(FLSA Class Only)**

42.   Representative Plaintiff incorporates in this claim for relief each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

43.   The FLSA requires employers, such as Defendants, to pay employees the minimum wage for all hours worked.

44.   At all relevant times, 29 U.S.C. § 206 has defined the minimum wage under FLSA. Since July 24, 2009, the federal minimum wage has been $7.25 an hour.

45.   During the applicable statute of limitations, Defendants have failed to pay Representative Plaintiff and FLSA Class Members the federally mandated minimum wage for all hours worked.

46.   Representative Plaintiff and the FLSA Class Members do not or did not perform job duties or tasks that permit them to be exempt from minimum wage as required under the FLSA.

47.   The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

48.   Representative Plaintiff, on behalf of themselves and the FLSA Class Members, seek damages in the amount of all respective unpaid minimum wage compensation at minimum wage rate effective during the applicable work week, plus liquidated damages, as provided by the

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems

2    just and proper.

3        49.    Representative Plaintiff, on behalf of himself and the FLSA Class Members, seek

4    recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as

5    provided by the FLSA, 29 U.S.C. § 216(b).

6                        **THIRD CLAIM FOR RELIEF**
                **UNLAWFUL FAILURE TO PAY OVERTIME WAGES**
7    **(Violation of IWC Wage Order and California Labor Code §§ 510, 1194, and 1198)**

8        50.    Representative Plaintiff incorporates in this claim for relief each and every

9    allegation of the preceding paragraphs, with the same force and effect as though fully set forth

10   herein.

11       51.    During the relevant time period, Representative Plaintiff and Class Members

12   worked, on many occasions, in excess of eight hours in a workday and/or 40 hours in a

13   workweek. The precise number of overtime hours will be proven at trial.

14       52.    During the relevant time period, Defendants refused to compensate

15   Representative Plaintiff and Class Members for all of the overtime wages earned, in violation of

16   the applicable IWC Wage Order and provisions of the California Labor Code.

17       53.    Moreover, during the relevant time period, Representative Plaintiff and certain

18   Class Members were employed by and thereafter terminated from Plaintiff's position with

19   Defendants, yet Representative Plaintiff and affected Class Members were not paid all wages due

20   upon said termination of employment. Said non-payment of all wages due was the direct and

21   proximate result of a willful refusal to do so by Defendants.

22       54.    At all relevant times, Defendants were aware of, and were under a duty to comply

23   with, the overtime provisions of the California Labor Code including, but not limited to,

24   California Labor Code §§ 510, 1194, and 1198.

25       55.    California Labor Code § 510(a), in pertinent part, provides:

26           Any work in excess of eight hours in one workday and any work in
             excess of 40 hours in any one workweek and the first eight hours
27           worked on the seventh day of work in any one workweek shall be
             compensated at the rate of no less than one and one-half times the
28           regular rate of pay for an employee . . . .

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

56.     California Labor Code § 1194(a), in pertinent part, provides:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

57.     California Labor Code § 1198, in pertinent part, provides:

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

58.     By refusing to compensate Representative Plaintiff and certain Class Members for overtime wages earned, Defendants violated those California Labor Code provisions cited herein as well as the applicable IWC Wage Order(s).

59.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiff and certain Class Members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants, in an amount to be established at trial, and is entitled to recover attorneys' fees and costs of suit.

### FOURTH CLAIM FOR RELIEF
### FAILURE TO PROVIDE MEAL AND REST PERIODS
### (California Labor Code §§ 226.7, 512, and 558)

60.     Representative Plaintiff incorporates in this claim for relief each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

61.     At all relevant times, Defendants were aware of and were under a duty to comply with California Labor Code § 226.7 and § 512.

62.     California Labor Code § 226.7 provides:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

63. Moreover, California Labor Code § 512(a) provides:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

64. Sections 11 and 12, respectively, of the applicable IWC Wage Order mandate that employers provide all applicable meal and/or rest periods to non-exempt (including exempt-misclassified) employees.

65. Section 11 of the applicable IWC Wage Order provides:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes...

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes…

(C) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

66. Moreover, Section 12 of the applicable IWC Wage Order provides:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof ….

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

67.     By failing to consistently provide uninterrupted thirty-minute meal periods within the first five hours of work each day and/or uninterrupted net ten-minute rest periods to Representative Plaintiff and Class Members, Defendants violated the California Labor Code and applicable IWC Wage Order provisions.

68.     Representative Plaintiff is informed and believes and, on that basis, alleges that Defendants have never paid the one hour of compensation to any Class Member due to Defendants' violations of the California Labor Code and applicable IWC Wage Order provisions.

69.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiff and Class Members have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established at trial.

70.     As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, certain Class Members are entitled to recover "waiting time" and other penalties, in amounts to be established at trial, as well as recovery of attorneys' fees and costs, pursuant to statute.

**FIFTH CLAIM FOR RELIEF**
**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
**(California Labor Code §§ 226 and 1174)**

71.     Representative Plaintiff incorporates in this claim for relief each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

72.     California Labor Code § 226(a) provides:

Each employer shall semimonthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing: (1) gross wages earned; (2) total number of hours worked by each employee whose compensation is based on an hourly wage; (3) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (4) net

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   wages earned; (5) the inclusive date of the period for which the
    employee is paid; (6) the name of the employee and his or her
2   social security number; and (7) the name and address of the legal
    entity which is the employer.

3

73.   Moreover, California Labor Code §226(e) provides:

4

5   An employee suffering injury as a result of a knowing and
    intentional failure by an employer to comply with subdivision (a)
6   is entitled to recover the greater of all actual damages or fifty
    dollars ($50) for the initial pay period in which a violation occurs
7   and one hundred dollars ($100) per employee for each violation in
    a subsequent pay period, not exceeding an aggregate penalty of
    four thousand dollars ($4,000), and is entitled to an award of costs
8   and reasonable attorney's fees.

9   74.   Finally, California Labor Code § 1174(d) provides:

10  Every person employing labor in this state shall. . . [k]eep, at a
    central location in the state...payroll records showing the hours
11  worked daily by and the wages paid to...employees.... These
    records shall be kept in accordance with rules established for this
12  purpose by the commission, but in any case shall be kept on file for
    not less than two years.

13

14  75.   Representative Plaintiff seeks to recover actual damages, costs, and attorneys'

15  fees under these provisions on behalf of himself and on behalf of all Class Members.

16  76.   Defendants have failed to provide timely, accurate itemized wage statements to

17  the Representative Plaintiff and Class Members in accordance with California Labor Code § 226.

18  Representative Plaintiff is informed and believes and, on that basis, alleges that none of the

19  statements provided by Defendants accurately reflected actual gross wages earned, net wages

20  earned, or the appropriate deductions of Class Members.

21  77.   As a direct and proximate result of Defendants' unlawful conduct, as set forth

22  herein, Representative Plaintiff and Class Members have sustained damages in an amount to be

23  established at trial, and are entitled to recover attorneys' fees and costs of suit.

24                     **SIXTH CLAIM FOR RELIEF**
                 **FAILURE TO PAY WAGES ON TERMINATION**
25                    **(California Labor Code § 203)**

26  78.   Representative Plaintiff incorporates in this claim for relief each and every

27  allegation of the preceding paragraphs, with the same force and effect as though fully set forth

28  herein.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

79.     California Labor Code § 203 provides that:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

80.     Numerous Class Members were employed by Defendants during the relevant time period and were thereafter terminated from their positions, yet they were not paid all premium (overtime) wages due upon said termination of employment therefrom. Said non-payment was the direct and proximate result of a willful refusal to do so by Defendants.

81.     More than 30 days have elapsed since Representative Plaintiff and certain Class Members were involuntarily terminated from Defendants' employment. Roughly 100 days following his termination, Representative Plaintiff received a payment from Defendants, but that amount fell far short of the wages due, particularly in light of the unlawful conduct alleged herein.

82.     As a direct and proximate result of Defendants' willful conduct in failing to pay said Class Members for all hours worked, affected Class Members are entitled to recover "waiting time" penalties of up to thirty days' wages pursuant to California Labor Code §203 in an amount to be established at trial, together with interest thereon, and attorneys' fees and costs.

### SEVENTH CLAIM FOR RELIEF
### UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT
### (California Business & Professions Code §§ 17200-17208)

83.     Representative Plaintiff incorporates in this claim for relief each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

84.     Representative Plaintiff further brings this claim for relief seeking equitable and statutory relief to stop Defendants' misconduct, as complained of herein, and to seek restitution

of the amounts Defendants acquired through the unfair, unlawful, and fraudulent business practices described herein.

85. Defendants' knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208. Specifically, Defendants conducted business activities while failing to comply with the legal mandates cited herein.

67. Defendants have clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to Representative Plaintiff and to Class Members herein alleged, as incidental to their business operations, rather than accept the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by their responsible competitors and as set forth in legislation and the judicial record.

**EIGHTH CLAIM FOR RELIEF**
**PRIVATE ATTORNEYS GENERAL ACT CLAIM**
**(California Labor Code §§ 2699)**

65. Representative Plaintiff incorporates in this claim for relief each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

66. California Labor Code § 2699(a) states:

> Notwithstanding any other provision of the law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees. . .

67. Representative Plaintiff (and each and every other Class Member) are "aggrieved employees," as defined by California Labor Code § 2699(c), because they were employed by Defendants and were among the many employees against whom violations of law were committed.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

68.     Representative Plaintiff has met all of the requirements set forth in California Labor Code § 2699.3 necessary to maintain a civil action against Defendants for violations of (and/or recovery under) California Labor Code §§ 200-203, inclusive, 226, 226.7, 512, 558, 1174, 1174.5, and/or 2699.

69.     Representative Plaintiff brings this action on behalf of themselves and all Class Members alleging violations of the California Labor Code sections cited in the preceding paragraph.

70.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiff and Class Members are entitled to recover various penalties as provided by California Labor Code § 2699, in an amount to be established at trial, as well as costs and attorneys' fees, pursuant to statute.

## **RELIEF SOUGHT**

**WHEREFORE, Representative Plaintiff,** on behalf of himself and the proposed Plaintiff Class, prays for judgment and the following specific relief against Defendants, and each of them, jointly and separately, as follows:

1.     That the Court declare, adjudge, and decree that this action is a proper class action and certify the proposed Class and/or any other appropriate subclasses under California Code of Civil Procedure § 382;

2.     That the Court declare, adjudge, and decree that Defendants violated the overtime provisions of the California Labor Code and the applicable California Industrial Welfare Commission Wage Order as to Plaintiff;

3.     That the Court declare, adjudge, and decree that Defendants willfully violated their legal duties to pay overtime under the California Labor Code and the applicable California Industrial Welfare Commission Wage Orders;

4.     That the Court make an award to the Representative Plaintiff and Class Members of one hour of pay at each of Plaintiff's regular rate of compensation for each workday that a meal period was not provided;

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

5.     That the Court make an award to the Representative Plaintiff and Class Members of one hour of pay at each of Plaintiff's regular rate of compensation for each workday that a rest period was not provided;

6.     That the Court declare, adjudge, and decree that Representative Plaintiff and Class Members were, at all times relevant hereto, and are still, entitled to be paid overtime for work beyond 8 hours in a day and 40 hours in a week;

7.     That the Court make an award to Representative Plaintiff and Class Members of damages and/or restitution for the amount of unpaid overtime compensation, including interest thereon, and penalties in an amount to be proven at trial;

8.     That the Court make an award to Representative Plaintiff and Class Members of penalties, pursuant to California Labor Code §§ 203, 226, 558, 1174.5, 1197.1, *et seq.*, in an amount to be proven at trial;

9.     That the Court order Defendants to pay restitution to the Representative Plaintiff and Class Members due to Defendants' unlawful activities, pursuant to California Business and Professions Code §§17200-17208;

10.     That the Court further enjoin Defendants, ordering them to cease and desist from unlawful activities in violation of California Business and Professions Code §17200, *et seq.*

11.     That the Court declare, adjudge, and decree that this action is a proper representative action pursuant to California Labor Code § 2699;

12.     That the Court make an award of civil penalties for violations of the Labor Code, pursuant to California Labor Code § 2699;

13.     For all other Orders, findings and determinations identified and sought in this Complaint;

14.     For interest on the amount of any and all economic losses, at the prevailing legal rate;

15.     For reasonable attorneys' fees, pursuant to California Labor Code §1194, 2699 and/or California Code of Civil Procedure §1021.5; and

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

16.     For costs of suit and any and all such other relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: October 31, 2017                    **SCOTT COLE & ASSOCIATES, APC**


By:     _____
                 */s/ Corey B. Bennett*
        Corey B. Bennett, Esq.
        Attorneys for Representative Plaintiff
        and the Plaintiff Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800