UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ORTIZ,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM LLC, et al.,<br><br>    Defendants. | Case No. 17-cv-03820-JSW<br><br>**ORDER DENYING, WITHOUT PREJUDICE, MOTION FOR COLLECTIVE ACTION CERTIFICATION AND COURT FACILITATED NOTICE**<br><br>Re: Dkt. No. 37 |

Now before the Court for consideration is the motion for collective action certification and court facilitated notice filed by Plaintiff Michael Ortiz ("Ortiz"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. See N.D. Civ. L.R. 7-1(b). The Court HEREBY VACATES the hearing scheduled for January 19, 2018 on this motion, and it DENIES Ortiz's motion, without prejudice.

**BACKGROUND**

Ortiz worked at Defendants' South San Francisco, San Leandro, and Richmond facilities, from January 2016 to December 11, 2016 as a "Shift Manager, Logistics" and his "internal business title was 'Operations Manager I.'" (Second Amended Complaint ("SAC") ¶¶ 1, 9, 17; Dkt. No. 37-3, Declaration of Michael Ortiz ("Ortiz Decl."), ¶ 2; Dkt. No. 44-8, Declaration of Amanda Murrow ("Murrow Decl."), ¶ 13.)[1] According to the record, Ortiz had a "Level 4 Manager" job code. Defendants attest that "entirely different jobs can come within that code and be designated as Level 4 Managers. In other words, the Level 4 code itself does not correspond to

---

[1] Defendants attest that Ortiz worked for Golden State FC LLC, not Amazon.com LLC. (Murrow Decl., ¶ 13.)

a specific set of actual job duties and is not a functional job title." (Murrow Decl., ¶¶ 4, 13; *see also* Dkt. No. 44-1, Declaration of John Castillo ("Castillo Decl."), ¶ 4.) For example, a Human Resources Business Partner, and IT Manager, and a Safety Manager also could have a Level 4 Manager code. (Murrow Decl., ¶ 4.)

Ortiz attests that he "barely supervised" other employees and "spent most of my time working for Defendants as a glorified box shuffler, required to perform virtually constant manual labor on the delivery line due to insufficient staffing and Defendants' pursuit of leading change at internet speed." (Ortiz Decl., ¶ 3 (internal brackets and quotations omitted).) According to Ortiz, his workload

> included highly physical and laborious tasks such as offloading trucks, staging and moving pallets and gaylords, cutting open boxes, staging conveyance systems and computers, replacing scan gun batteries, moving bread racks, and other tasks at the start of shifts. It included long spells in "the path" with co-workers unloading, receiving, sorting, and scanning packages, competing on metrics, and cleaning up. While certain hourly employees took breaks, I continued sorting packages, assigning routes, repairing jams, moving bread racks, replacing batteries, relabeling packages, and printing out lists. Toward the end of shifts, I would continue picking routes, moving racks, staging against walls, locating missing packages, loading vans, moving hazardous packages, relabeling heavy or broken packages, scraping tape of [*sic*] floors, and performing various cleaning tasks. Defendants' obsession with efficiency required me to constantly record metrics and produce daily reports before ending shifts.

(*Id.*, ¶ 4.)

Ortiz alleges that Defendants misclassified him and other "Level 4 Managers" as exempt from overtime requirements. As a result, he claims Defendants uniformly failed to pay these employees overtime and also failed to pay them the required minimum wages, thereby violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. sections 206 and 207. (SAC ¶¶ 30-49.) Ortiz alleges that he seeks to represent a class under the FLSA of "[a]ll persons employed as Level 4 Managers by Amazon.com, LLC and/or Golden State FC, LLC, *in California* at any time on or after June 2, 2014." (SAC ¶ 30 (emphasis added).) However, in his proposed notice, he has redefined the proposed class to be "[a]ll persons who work or have worked for Amazon.com, LLC and/or Golden State FC, LLC, as Level 4 Managers at any time during the three years preceding

2

the date of this Notice." (Declaration of Corey B. Bennett ("Bennett Decl."), ¶ 6, Ex. D.)

The Court shall address additional facts as necessary in the analysis.

## ANALYSIS

**A.      Applicable Legal Standard.**

Pursuant to the FLSA, employees may bring a collective action on behalf of other "similarly situated" employees based on alleged violations of the FLSA. 29 U.S.C. § 216(b). "A suit brought on behalf of other employees is known as a 'collective action'" and is a type of action that is "fundamentally different" from class actions under Federal Rule of Civil Procedure 23. *Genesis Healthcare Corp. v. Symczyk,* 569 U.S. 66, 69, 74 (2013). In contrast to class actions pursuant Rule 23, potential members of a collective action under the FLSA, including the named plaintiff, must "opt-in" to the suit by filing a written consent with the Court in order to benefit from and be bound by a judgment.[2] *See, e.g, K.H. v. Secretary of the Dep't of Homeland Security,* No. 15-cv-2740-JST, 2016 WL 3879246, at 2 (N.D. Cal. July 18, 2016); *Flores v. Velocity Express, Inc.*, No. 12-cv-05790-JST, 2013 WL 2468362, at 4 (N.D. Cal. June 7, 2013); *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004). Employees who do not opt in may bring a subsequent private action. *Leuthold*, 224 F.R.D. at 466 (citing *EEOC v. Pan Am. World Airways, Inc.*, 897 F.2d 1499, 1508 n.11 (9th Cir. 1990)).

"'[C]onditional certification' does not produce a class with an independent legal status, or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees." *Genesis Healthcare*, 569 U.S. at 75 (citing *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 171-72 (1989)). Courts "may authorize the named FLSA plaintiffs to send a notice to all potential plaintiffs and may set a deadline for those potential plaintiffs to join the suit." *Leuthold*, 224 F.R.D. at 466; *see also Hoffmann-La Roche*, 493 U.S. at 172. The determination of whether a collective action is appropriate is within the Court's discretion. *See Adams v. Inter-Con Security Sys., Inc.*, 242 F.R.D. 530, 535 (N.D. Cal.

---

[2] Defendants opposed the motion on the basis that Ortiz had not filed a written consent. *See Chavez v. Lumber Liquidators, Inc.*, No. 2011 WL 809453, at *3 (N.D. Cal. March 2, 2011) (denying motion for conditional certification where plaintiff had not filed consent). On December 13, 2017, Ortiz filed his consent. (Dkt. No. 48.)

3

2007). Plaintiffs bear the burden to show that they and the proposed class are "similarly situated." *See id.* (citing 29 U.S.C. § 216(b)).

The FLSA does not define "similarly situated." Although the Ninth Circuit has not yet articulated the proper test for certification of a FLSA action, the majority view, including within this district, is to apply a two-step test. *See K.H.*, 2016 WL 3879246, at *3 (citing cases); *Leuthold*, 224 F.R.D. at 466-67. Under the first step, courts consider whether the proposed class should be given notice of the action based on the pleadings and the affidavits submitted by the parties. *See, e.g., Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1127 (N.D. Cal. 2009). This "initial determination is usually made under a fairly lenient standard and typically results in conditional class certification." *Leuthold*, 224 F.R.D. at 467. A plaintiff is only required to "make substantial allegations that the putative class members were subject to a single illegal policy, plan or decision." *Id.* at 468; *see also Adams*, 242 F.R.D. at 536.

"Under this lenient standard, the plaintiffs must show that there is some factual basis beyond the mere averments in their complaint for the class allegations." *Adams*, 242 F.R.D. at 536 (internal quotes and citation omitted); *see also Lewis,* 669 F. Supp. 2d at 1127 (internal quotations and citation omitted) ("the court requires little more than substantial allegations, supported by declarations or discovery, that the putative class members were together the victims of a single decision, policy, or plan"). Courts usually grant conditional class certification at this stage. *Adams*, 242 F.R.D. at 536 ("The usual result is conditional class certification."); *see also K.H.*, 2016 WL 3879246, at *3.

Under the second step, "the party opposing the certification may move to decertify the class once discovery is complete." *Adams*, 242 F.R.D. at 536 (citing *Leuthold*, 224 F.R.D. at 467). "Only after notice is sent and discovery has closed do district courts move on to the second step, which requires a determination, usually prompted by a motion for decertification by the employer, whether the employees are similarly situated as measured by a stricter standard." *K.H.*, 2016 WL 3879246, at *3 (internal quotations and citations omitted). In particular, the Court may consider: "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individual plaintiffs; and (3) fairness and

1    procedural considerations." *Leuthold*, 224 F.R.D. at 467.  At this point, "the court may decertify

2    the class and dismiss the opt-in plaintiffs without prejudice." *Id.*

### B.  The Court Denies the Motion Without Prejudice.

Defendants argue that the Court should not grant conditional certification of a nationwide class, as contemplated by Ortiz's motion and his proposed notice, because that would expand the FLSA class alleged in the SAC.  Ortiz does not respond to this argument, and he has not sought to amend his complaint to provide for a nationwide class.  Setting aside the question of whether the Court is bound by the definition in the SAC, the Court concludes that Ortiz has not put forth a sufficient showing to justify notice to a nationwide class of "Level 4 Managers."

In his declaration, Ortiz speaks to his own experience.  However, he has not offered any testimony from which the Court could infer that his experience is common to others in a "Level 4 Manager" position in the facilities at which he worked or elsewhere in the United States.  *See, e.g., Trinh v. JPMorgan Chase & Co.*, No. 07-cv-01666W(WMC), 2008 WL 1860161, at *3 (Apr. 22, 2008) (finding plaintiffs had not met lenient standard even though the attested they believed "all loan officers everywhere, had the same job functions and were compensated in the same fashion and based on the same criteria"); *Guess v. U.S. Bancorp*, No. 06-cv-07535-JF, 2008 WL 544475, at *3 (N.D. Cal. Feb. 26, 2008) (denying motion without prejudice even where plaintiff attested "based on his personal understanding and belief" that duties of others in his position were "substantially similar to his own").

Ortiz also has neither submitted declarations from other "Level 4 Managers" nor submitted declarations from any other employee who was a "Shift Manager, Logistics" or "Operations Manager I," the titles he held.  Ortiz does refer the Court to Defendants' job postings in various parts of the country.  Defendants' job descriptions for the same position do appear to be consistent.[3]  However, Defendants submit job descriptions for a Shift Manager and a job description for an Area Manager, which show that duties vary between those positions.  (*Compare*

---

[3]    *See https://www.amazon.jobs/en/search?base_query=area+manager&=&loc_query* (last visited Jan. 12, 2018) (*compare* Area Manager – Denver Area, Job No. 602292 *with* Area Manager – Orlando, FL area, Job No. 605747).

Castillo Decl., ¶ 11, Ex. A *with* Murrow Decl., ¶ 16, Ex. A.)  Ortiz also has not countered Defendants' evidence that the "Level 4 Manager" is an internal classification code that encompasses a wide variety of managerial positions, which do not share the same duties.  Finally, although this case is in the early stages, apart from his assertion that he and other employees were misclassified as exempt, Ortiz has not attempted to demonstrate there is common evidence on which he could rely to establish his claims.

The Court recognizes that Ortiz's burden is fairly lenient and that he need not establish that the positions at issue are identical.  *See, e.g., Guess*, 2008 WL 544475, at *3.  Because the class is defined so broadly, even applying the lenient standard the Court should apply at this stage, the Court concludes Ortiz has not met his burden to show the proposed class members are similarly situated.  The Court cannot say Ortiz would not be able to meet this burden, either with further evidence or by refining the proposed class.  Accordingly, the Court DENIES the motion for conditional certification without prejudice.

**IT IS SO ORDERED.**

Dated: January 12, 2018

_____
JEFFREY S. WHITE
United States District Judge