UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ORTIZ,<br>    Plaintiff,<br>v.<br>AMAZON.COM LLC, et al.,<br>    Defendants. | Case No. 17-cv-03820-JSW (MEJ)<br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 78, 79 |

## INTRODUCTION

Plaintiff Michael Ortiz and Defendant Golden State FC LLC filed two joint discovery dispute letters. Records Ltr., Dkt. No. 78; Dep. Ltr., Dkt. No. 79. Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court issues the following order.

## DISCUSSION

**A. Cell Phone Records**

On March 7, 2018, the Court ordered Plaintiff to produce his cell phone records to Golden State no later than April 6, 2018. Disc. Order, Dkt. No. 70. As of May 23, 2018, Plaintiff has not done so. Records Ltr. at 1. Plaintiff states these records are not in his possession or control, as he is not the account holder for the phone records. *Id.* at 5. Rather, the account is in his non-party wife's name.[1] *Id.* Plaintiff "has attempted to obtain the phone records by requesting them from the carrier, but was unable to do so because he is not authorized to obtain such records from the carrier." *Id.* "Plaintiff also sought to obtain the records through his wife, but has been unable to

---

[1] There is some confusion as to whether the account is in Plaintiff's wife's or ex-wife's name. *See* Records Ltr. at 2. Plaintiff represents his cell phone is "owned and paid-for by his wife." *Id.* at 3.

do so." *Id.* Plaintiff does not explain why this is.

Golden State represents, and Plaintiff does not dispute, that Plaintiff did not inform Golden State that the cell phone records were in his wife's name and thus unobtainable until April 27, 2018—three weeks after the Court-ordered deadline for production. *Id.* at 1. Indeed, the parties' prior discovery letter on this matter was silent as to this fact. *See* RFP Ltr., Dkt. No. 66. Plaintiff has also refused to provide his wife's name and address to allow Golden State to subpoena the records from her, despite Plaintiff's representations that he would do so by May 8 and 16. Records Ltr. at 1-2.

Plaintiff does not explain his delay in informing Golden State that the cell phone records are not in his possession or control. Plaintiff knew or should have known who is named on the account; he offers no reason why this information was not available to him prior to April 27. Plaintiff has known as early as September 18, 2017, and at the very latest, as of March 7, 2018, that he had to produce his phone records. *See* Disc. Order; RFP Ltr. at 1 (Golden State served its Requests for Production, including its request for Plaintiff's cell phone records, on Plaintiff on September 18, 2017). Plaintiff nevertheless waited three weeks past the Court-ordered deadline to inform Golden State that he could not obtain the records and the reason therefor.

Plaintiff states that, "[f]or personal reasons, Plaintiff wishes to maintain the details of his relationship status, and interactions with his wife, private." Records Ltr. at 5. This argument is unpersuasive. By alleging Golden State failed to pay him for all hours worked and to provide him with meal and rest breaks, Plaintiff has placed his work day activities – including whether he made or received phone calls or text messages on his personal cell phone – at issue. Providing the account holder's name and address reveals minimal details, if any, about Plaintiff's marital status or interactions.

Within two days of this Order, Plaintiff shall provide Golden State with his cell phone account holder's name and address. Plaintiff shall immediately file a declaration under penalty of perjury attesting that he has done so and stating the reasons why he cannot obtain the records himself.

**B. Plaintiff's Deposition**

"Courts ordinarily presume that a plaintiff may be deposed in the judicial district where the action was brought, inasmuch as the plaintiff, in selecting the forum, has effectively consented to participation in legal proceedings there." *Jones v. Nutiva, Inc.*, 2017 WL 3412302, at *1 (N.D. Cal. Aug. 9, 2017) (internal quotation marks omitted). To overcome this presumption, the plaintiff bears "'the burden of proving that undue hardship or exceptional or compelling circumstances justify his refusal to travel to his chosen forum.'" *Id.* (quoting *Mullins v. Premier Nutrition Corp.*, 2014 WL 4058484, at *1 (N.D. Cal. Aug. 15, 2014)).

On January 25, 2018, Golden State requested Plaintiff's availability for deposition. Dep. Ltr. at 1. Over a month later, on March 1, 2018, Plaintiff confirmed his deposition would take place on April 23, 2018. *Id.* On March 7, 2018, Golden State served a Notice of Deposition that Plaintiff's deposition would take place at defense counsel's San Francisco office. *Id.* On April 19, 2018, Plaintiff cancelled the deposition because he moved to Los Angeles. *Id.*

Plaintiff's deposition shall take place in San Francisco. Plaintiff does not state when he moved to Los Angeles; presumably, he moved or knew he was moving prior to April 19, 2018. That he did not inform Golden State that his relocation would cause difficulties until the eve of the deposition is not well taken. Plaintiff argues Golden State appears to engage in "dilatory tactics and gamesmanship to slow this litigation." Dep. Ltr. at 4. This argument has little merit, as it was Plaintiff, not Golden State, who unilaterally canceled the scheduled deposition with short notice.

Moreover, Plaintiff makes little effort to demonstrate undue hardship or exceptional or compelling circumstances. Plaintiff confirmed on March 1, 2018 that his deposition would take place on April 23, 2018. Dep. Ltr. at 1. This allowed him 53 days to make any necessary arrangements, including travel and time off from work. Although Plaintiff has "every-day responsibilities toward his employer" (*id.* at 4), he does not explain why the nature of his employment significantly impairs him from taking time off to attend his deposition, particularly when he had nearly two months to make such arrangements. Plaintiff also does not argue financial hardships preclude him from traveling for his deposition. This record is insufficient to overcome the presumption that Plaintiff should be deposed in the Northern District of California,

where he filed this action. *See, e.g.*, *Fenerjian v. Nong Shim Co., Ltd*, 2016 WL 1019669, at *3 (N.D. Cal. Mar. 15, 2016) (ordering depositions take place in San Francisco where plaintiffs living in Massachusetts, Michigan, New York, Florida, and Hawaii "only show[ed] that [they] would face the usual difficulties and inconveniences in attending an out-of-state deposition—work and childcare responsibilities"); *Mullins*, 2014 WL 4058484, at *2 (granting motion to compel plaintiff residing in Chicago to appear in San Francisco for deposition where record failed to show plaintiff's personal circumstances significantly hampered his ability to travel for two days to appear in the forum in which he chose to file his class action). Indeed, the fact that Plaintiff offered to travel to San Francisco on May 25, 2018 demonstrates he is capable of returning to the Northern District to be deposed.[2] *See* Dep. Ltr. at 3-4.

Plaintiff's proposed compromise to have one of Golden State counsel's Los Angeles attorneys take the deposition in counsel's Los Angeles office is unavailing. Each of Golden State's counsel of record is located in San Francisco and Palo Alto, California. *See* Docket. Plaintiff's proposal would require an attorney who has not been involved in this case to depose the sole named Plaintiff. Golden State's counsel of record – who are familiar with the facts and history of this case – are entitled to depose Plaintiff themselves.

Golden State also requests an order that Plaintiff appear at his deposition before he can compel or proceed with depositions of Golden State's witnesses. Dep. Ltr. at 3. Plaintiff has already deposed two of Golden State's witnesses. *Id.* Accordingly, Golden State shall depose Plaintiff before any additional depositions of Golden State's witnesses take place.

**CONCLUSION**

For these reasons, the Court **ORDERS** the following:

1. Plaintiff shall provide Golden State with his cell phone account holder's name and address so Golden State may subpoena the cell phone records from her.

2. Plaintiff shall appear for a deposition in San Francisco, California. Within seven days of receiving the cell phone records, the parties shall meet and confer, telephonically or in

---

[2] It is unclear why Golden State refused this date.

4

person, to schedule a date for Plaintiff's deposition and any other depositions thereafter.

Plaintiff's discovery conduct is more appropriate to a party appearing in pro se than to a party represented by five attorneys licensed to practice before this Court. The Court admonishes Plaintiff's attorneys to conduct themselves in a more professional manner going forward. The Court also reminds Plaintiff and his attorneys that they have a responsibility to "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see* Civ. L.R. 11-4(a)(4) ("Every member of the bar of this Court and any attorney permitted to practice in this Court under Civil L.R. 11 must . . . [p]ractice with the honesty, care, and decorum required for the fair and efficient administration of justice."). Plaintiff cannot wait until the eleventh hour – let alone three weeks past a Court-ordered deadline – to inform Golden State that he is unable to comply with his discovery obligations. These delays could have been avoided or reduced, had Plaintiff promptly informed Golden State of his changes in circumstance that affected his ability to observe the Court's Order or to be deposed.

The Court reserves the right to impose sanctions against Plaintiff for violations of this and any future Court order, as well as any future discovery violations.

**IT IS SO ORDERED.**

Dated: May 25, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge