UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ORTIZ,
    Plaintiff,

v.

AMAZON.COM LLC, et al.,
    Defendants.

Case No. 17-cv-03820-JSW (MEJ)

**DISCOVERY ORDER**

Re: Dkt. No. 83

## INTRODUCTION

The parties filed a joint discovery dispute letter regarding Defendant Golden State FC LLC's production of a class list. Class List Ltr., Dkt. No. 83. Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court issues the following order.

## DISCUSSION

On April 27, 2018, counsel for Plaintiff Michael Ortiz emailed counsel for Golden State, requesting a class list with the names and contact information of "[a]ll persons employed by Golden State FC, LLC and/or Amazon.com LLC, in California as Level 4 managers at any time after June 2, 2013." Class List Ltr. at 1. Golden State offered to provide a sample consisting of the names, addresses, and telephone numbers of 20% of Level 4 Shift Managers at Golden State's delivery stations in California from June 2, 2013 to the present. *Id.* Plaintiff agreed to this proposal on two conditions: (1) that Golden State stipulate in writing not to contact the putative class members not on the list, and (2) that Golden State stipulate that the sample class list is "statistically significant." *Id.* Golden State declined to provide a class list under these terms. *Id.* Plaintiff now seeks an order compelling Golden State to produce a class list.

First, Plaintiff did not propound his request for a class list in a formal discovery request; he has only sought this information via an informal email. Given that Plaintiff has yet to even engage in formal discovery on this matter, bringing this dispute to the Court's attention at this point is premature and wastes Court time and resources. To the extent Plaintiff argues Golden State should have produced the class list as part of its initial disclosures, he cites no authority to support this position. *See id.* at 1-2 (citing Fed. R. Civ. P. 26(b)(1)).

Second, "[p]rior to class certification under Rule 23, discovery lies entirely within the discretion of the court." *Barreras v. Michaels Stores, Inc.*, 2015 WL 1886337, at *2 (N.D. Cal. Apr. 24, 2015) (citing *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009)).[1] "[T]he plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985), *as amended* (Aug. 27, 1985). "Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion." *Id.*

Plaintiff makes no attempt to show Rule 23's requirements are satisfied or that this discovery is likely to substantiate the class allegations. This in and of itself is not a basis to deny discovery (*Barreras*, 2015 WL 1886337, at *3 ("*Mantolete* does not change that fact or limit the court's discretion even where no prima facie or substantiation showing has been made.")); however, the Court cannot find this discovery is warranted under these circumstances, where Plaintiff also has yet to propound a formal discovery request and also fails to show the requested discovery is proportional to the needs of the case.[2] Plaintiff argues he needs putative class

---

[1] Plaintiff's citations to *Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal. 4th 360 (2007), and *Williams v. Superior Court*, 3 Cal. 5th 347 (2017), are unpersuasive. Class List Ltr. at 2. Plaintiff does not explain why these state court cases are binding on this Court, where the Federal Rules of Civil Procedure apply.

[2] For instance, Golden State argues, and Plaintiff does not dispute, that "Plaintiff worked for less than a year at three Delivery Stations in the San Francisco Bay Area. He *never* worked at either a Fulfillment Center or a Sort Center, both of which are completely different types of facilities that have very different operations, job functionalities, and duties." Class List Ltr. at 3 (emphasis in original). Plaintiff does not explain why obtaining information about managers who worked at Fulfillment or Sort Centers is proportional to the needs of his case. *See* Fed. R. Civ. P. 26 advisory committee notes (2015 amendments) ("The parties and the court have a collective

members' names and contact information, but he does not explain how this will "resolve factual issues fundamental to the maintenance" of his action. Class List Ltr. at 2; *cf. McCowen v. Trimac Transp. Servs. (W.), Inc.*, 2015 WL 5184473, at *3-4 (N.D. Cal. Sept. 4, 2015) (permitting discovery of class members' contact information where plaintiff made a prima facie showing that Rule 23's requirements were met based on the allegations of the complaint and where plaintiff established class list would substantiate class-certification allegation by establishing numerosity, commonality, and typicality).

Plaintiff's accusation that "Defendants patently hope to delay discovery, deny discovery, and thereby prevent the class from being certified" is without merit. Class List Ltr. at 2. This argument is undermined by the fact that, despite Plaintiff's apparent urgency, he has not propounded a formal discovery request for a class list. Plaintiff initiated this action on June 2, 2017; the pleading were settled on January 16, 2018. Dkt. Nos. 1-1, 51. Plaintiff nevertheless waited until April 27, 2018 to request a class list from Golden State – and did so only via an informal email. Plaintiff cannot cast blame on Golden State when he himself has delayed in seeking a class list.[3]

At this juncture, Golden State's proposed production is sufficient. *See* Class List Ltr. at 2. The Court declines to impose Plaintiff's requested conditions that Golden State stipulate not to contact the putative class members not on the list and stipulate that the sample class list is statistically significant. Plaintiff does not explain why these impositions are necessary.

## CONCLUSION

Golden State shall produce, pursuant to its proposed compromise, a sample list of 20% of Level 4 Shift Managers at its California Delivery Stations from June 2, 2013 to the present. Class Ltr. at 2.

---

responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes.").

[3] Plaintiff contends Defendants' "dilatory tactics and gamesmanship" seek to prevent Plaintiff from meeting the November 30, 2018 deadline to file a motion for class or collective certification, "thereby forc[ing] Plaintiff to seek additional time." Class Ltr. at 2; *see* Dkt. No. 72. To the extent Plaintiff seeks to modify the case management scheduling order, this request is not properly before the undersigned.

3

The Court previously "remind[ed] Plaintiff and his attorneys that they have a responsibility to 'to secure the just, speedy, and inexpensive determination of every action and proceeding.'" May 25, 2018 Disc. Order, Dkt. No. 82 (quoting Fed. R. Civ. P. 1; citing Civ. L.R. 11-4(a)(4)). Seeking Court intervention prior to propounding a formal discovery request is inconsistent with these obligations.

In a span of three months, the parties have sought Court intervention in nine discovery disputes. Dkt. Nos. 62-67, 78-79, 83-84. Two of these disputes have been frivolous: the instant letter which was raised before Plaintiff made a formal discovery request, and the Deposition Letter which was raised despite the fact that the Court's May 25, 2018 Order mooted the issue. *See* Dep. Ltr., Dkt. No. 84; OSC, Dkt. No. 87; *see also* Golden State Stmt., Dkt. No. 85 (noting Golden State's position that it "would prefer not to burden the court with an unnecessary discovery letter on an issue that the Court had already ruled on"). The Court admonishes the parties to carefully consider future discovery disputes in light of their obligations under Rules 1, 11, and 26.

**IT IS SO ORDERED.**

Dated: May 31, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge