UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ORTIZ,<br>　　Plaintiff,<br>　v.<br>AMAZON.COM LLC, et al.,<br>　　Defendants. | Case No. 17-cv-03820-JSW (MEJ)<br>**ORDER RE: ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 87 |

The Court ordered Plaintiff Michael Ortiz to show cause why sanctions should not be imposed for filing a discovery letter that did not include Defendant Golden State FC LLC's revisions and that sought relief the Court addressed in a prior Order. OSC, Dkt. No. 87; *see* May 25, 2018 Disc. Order, Dkt. No. 82; PMK Ltr., Dkt. No. 84. Plaintiff explains that "while Plaintiff was preparing to refile its joint letters, the Court issued Orders with respect to Defendants' two competing letters . . . which had sought to compel Plaintiff's deposition and phone records" which "[c]ounsel . . . first saw . . . midday or late May 25, 2018." OSC Resp. at 2, Dkt. No. 89. Plaintiff characterizes the filing as "a simple clerical error made by a newly employed filing clerk" who "filed . . . the partially modified letter rendered moot by the Court's late afternoon Order." *Id.* at 2-3.

This does not excuse Plaintiff's conduct. First, Plaintiff does not address the fact that on May 25 at 3:54 p.m. – approximately one hour prior to Plaintiff's filing of the PMK Letter – counsel for Golden State Nancy Villarreal emailed Mr. Alvarado, stating Golden State's position that "the [May 25, 2018] Order rendered moot the relief sought in the [PMK] Discovery Letter" and that Golden State "would prefer not to burden the court with an unnecessary discovery letter on an issue that the Court had already ruled on"; however, "to the extent Plaintiff nevertheless

wished to proceed with filing the Discovery Letter regarding the PMK depositions, Defendant had revised the Discovery Letter to reflect the Order and Defendant's request that Plaintiff not file the Discovery Letter." Stmt. at 2, Dkt. No. 85; *id.* at ECF pp.4-5 (Villarreal Decl.); *id.* at ECF p.7 (Exhibit A) (email); *see* OSC at 2 (noting Ms. Villarreal's email and revisions). This email attached Golden State's revisions in light of the Court's May 25, 2018 Discovery Order. *See id.* Plaintiff also does not address Ms. Villarreal's declaration that at 4:08 p.m., Mr. Alvarado emailed Ms. Villarreal with changes to another discovery letter. Stmt. at 2; Villarreal Decl. ¶ 3.

Thus, not only did Plaintiff have notice of the Court's May 25, 2018 Discovery Order via a notice of electronic filing (*see* NEF, Dkt. No. 84), but Golden State's counsel personally informed Mr. Alvarado of the Order's issuance, contents, and impact on their yet-to-be-filed PMK Letter.[1] Both of these notices occurred before Plaintiff filed the PMK Letter. Moreover, in the parties' Deposition Letter, Golden State requested an order for "Plaintiff to appear for his deposition before he can compel or proceed with any additional depositions of Defendant's witnesses" – the very issue presented in the PMK Letter. Dep. Ltr. at 3, Dkt. No. 79. Plaintiff could reasonably expect that the Court would address this requested relief when it ruled on the Deposition Letter in its Discovery Order. *See* May 25, 2018 Disc. Order at 4-5.

Second, even assuming, arguendo, that Mr. Alvarado did not see Ms. Villarreal's email or the May 25, 2018 Discovery Order until after he filed the PMK Letter, Plaintiff did not file an amended PMK Letter or otherwise attempt to correct the record once he learned the version of the PMK Letter that was filed did not include Golden State's revisions. Nor does the record show that Plaintiff sought to withdraw the PMK Letter.

Finally, Plaintiff's attempt to blame the filing clerk is not well taken. The record shows attorney Cesar Alvarado filed the Deposition Letter. Docket Entry, Dkt. No. 84. "An ECF user may authorize another person to electronically file a document using the user ID and password of

---

[1] Plaintiff represents "[t]he Court has yet to issue a ruling" on the parties' Class List Letter. OSC Resp. at 2 n1; *see* Class List Ltr., Dkt. No. 83. This misstates the record. The Court issued an order on this Letter before Plaintiff filed his OSC Response. *See* May 31, 2018 Disc. Order, Dkt. No. 88.

1 | the ECF user. *Nevertheless, the ECF user retains full responsibility for any document so filed.*"
2 | Civ. L.R. 5-1(c)(4) (emphasis added). The responsibility to file an accurate letter falls squarely on
3 | counsel's shoulders – not the filing clerk's.

Based on this record, the Court finds monetary sanctions are appropriate. However, the Court STAYS the imposition of sanctions. The Court may lift the stay if it finds Plaintiff commits future discovery abuses. At that time, the Court will request a declaration from Golden State calculating its fees and costs associated with the PMK Letter and its Statement.

**IT IS SO ORDERED.**

Dated: June 4, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge