UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ORTIZ,

        Plaintiff,

    v.

AMAZON.COM LLC, et al.,

        Defendants.

Case No. 17-cv-03820-JSW

**ORDER DENYING MOTION TO STRIKE PAGA CLAIM, WITHOUT PREJUDICE**

Re: Dkt. No. 191

Now before the Court for consideration is the motion to strike Plaintiff's claim for penalties under the California Labor Code's Private Attorneys General Act ("PAGA claim"), filed by Defendants Amazon.com LLC and Golden State FC LLC ("Defendants'). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it HEREBY DENIES Defendants' motion. This ruling is without prejudice to Defendants renewing the motion after the parties have met and conferred regarding the trial plan required by this Order.

**BACKGROUND**

The Court has set forth the facts underlying this dispute in several prior orders, including orders: on Defendants' motions to dismiss; denying Plaintiff's motion for collective action; granting, in part, and denying, in part, Defendants' motion for summary judgment; and denying Plaintiff's motion for class certification. (*See* Dkt. Nos. 29, 50-51, 133, 181.) The Court shall not repeat those facts, except as necessary to provide context for this Order. Defendants now move to strike or dismiss Plaintiff's PAGA claim on the basis that a representative action will be unmanageable.

At the time Defendants filed the motion, Plaintiff advised them that he intended to seek relief on behalf of all persons employed as Level 4 Managers by Defendants in California at any

1  time during the relevant limitations period.  (Dkt. No. 191-1, Declaration of Megan Cooney, ¶ 2.)
2  In his opposition, Plaintiff asserts that he will seek relief on behalf of "Level 4 Shift Managers," a
3  group he argues consists of no more than 150 individuals.  (Dkt. No. 196-1, Declaration of Laura
4  Van Note, ¶ 10.)  Although that description is not explicitly coextensive with the putative class of
5  individuals Plaintiff sought to represent on his other claims, the record supports that inference.

### A. Applicable Legal Standards.

Defendants move to strike or dismiss pursuant to either Federal Rules of Civil Procedure 12(c) or 12(f), or pursuant to the Court's inherent powers.   Defendants expressly rely on the record on Plaintiff's motion for class certification in support of their motion, which brings it outside the scope of a motion for judgment on the pleadings.  *See, e.g., Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989); *Valadez v. CSX Intermodal Terminals*, 298 F. Supp. 3d 1254, 1264 (N.D. Cal. 2018).

The Court also concludes that Rule 12(f) is not the appropriate vehicle to resolve this motion.  *Cf. Azad v. Tokio Marine HCC-Med. Ins. Servs. LLC,* No. 17-cv-0618-PJH, 2017 WL 3007040, at *8 (N.D. Cal. July 14, 2017) (concluding that a motion to strike was not the proper vehicle to test class action allegations).

The Court will evaluate Defendant's motion pursuant to its inherent powers.  "[A] district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Deitz v. Bouldin*, __ U.S. __, 136 S.Ct. 1885, 1891 (2016) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962)).  When the Court applies its inherent power, it "must be a reasonable response to a specific problem and the power cannot contradict any express rule or statute."  *Id.*, 136 S.Ct. at 1892.

### B. The Court Denies Defendants' Motion, Without Prejudice.

Defendants argue the Court should strike or dismiss the PAGA Claim because Ortiz has not complied with the requirements of Federal Rule of Civil Procedure 23.  The Ninth Circuit has not directly addressed this question, although it has held "that PAGA actions are … not sufficiently similar to Rule 23 class actions to trigger CAFA jurisdiction" and stated that "a PAGA

2

1   suit is fundamentally different than a class action." *Baumann v. Chase Inv. Servs., Inc.*, 747 F.3d
2   1117, 1122-23 (9th Cir. 2014).  District courts within the Ninth Circuit have split on this issue.
3   Although this Court previously followed the minority view, it subsequently reversed course.
4   *Wilner v. Manpower*, No. 11-cv-02846-JSW, 2012 WL 1570789 (N.D. Cal. May 3, 2012).

5   Defendant asks the Court to revisit the *Wilner* decision, but the Court finds no basis to do
6   so.  For the reasons set forth in its *Wilner* decision, the Court concludes Plaintiff is not required to
7   comply with the requirements of Rule 23 to pursue his PAGA claim.  *Id.*, 2012 WL 1570789, at
8   *7-*9.  Accordingly, the Court DENIES, IN PART, the motion on that basis.

9   Even if Plaintiff would not be required to show, under Rule 23, that his PAGA claim is
10  manageable, that conclusion does not end the Court's analysis.  Some courts have concluded that
11  pursuant to their inherent authority, they would have the power to strike a PAGA claim as
12  unmanageable.  *See, e.g., Mays v. WalMart Stores, Inc.*, No. CV 18-02318-AB (KKx), 2018 WL
13  6264992, at *4-*5 (C.D. Cal. Nov. 1, 2018) (citing cases but denying motion to strike on basis that
14  claims were manageable); *Salazar v. McDonalds, Corp.*, No. 2017 WL 88999, at *8-*9 (N.D. Cal.
15  Jan 5, 2017) (based on record presented on motion for class certification striking PAGA claim
16  consisting of 1,200 aggrieved employees based on unmanageability); *cf. Raphael v. Tesoro
17  Refining & Marketing Co. LLC*, No. 15-cv-02862-ODW, 2015 WL 5680310, at *3 (C.D. Cal.
18  Sept. 25, 2015) (granting motion for judgment on the pleadings and concluding PAGA claim
19  consisting "thousands" of current and former employees would be unmanageable).  Other courts
20  have declined to impose a manageability requirement on a PAGA claim.  *See, e.g., Delgado v.
21  Marketsource, Inc.*, No. 17-cv-07370-LHK, 2019 WL 1904216, at *4-*5 (N.D. Cal. Apr. 29,
22  2019) (citing cases); *Zackaria v. WalMart Stores, Inc.*, 142 F. Supp. 3d 949, 958 (C.D. Cal. 2015).

23  The Court recognizes the record in this case is more robust than the record in *Mays*.  The
24  Court also has pointed out the various areas where individualized issues would be required to
25  determine whether Level 4 Shift Managers are primarily engaged in duties that meet the text of the
26  executive exemption.  However, because the Court concludes Plaintiff was not required comply
27  with Rule 23 in connection with the PAGA claim, it concludes it is appropriate to require Plaintiff
28  to offer a trial plan before making a ruling about whether it should exercise its inherent authority

3

and strike the PAGA claim as unmanageable.

By no later than January 8, 2021, Plaintiff shall provide Defendants with his proposed trial plan on the PAGA claim, and the parties shall meet and confer, as that term is defined by the Northern District Local Rules, about Plaintiff's proposal. If the parties cannot reach agreement, and if Defendants maintain the PAGA action is not manageable, they may renew their motion and shall address why Plaintiff's proposed trial will not address their manageability concerns.

**IT IS SO ORDERED.**

Dated: September 2, 2020

_____
JEFFREY S. WHITE
United States District Judge