1  MICHELE L. MARYOTT, SBN 191993
      mmaryott@gibsondunn.com
2  MEGAN COONEY, SBN 295174
      mcooney@gibsondunn.com
3  GIBSON, DUNN & CRUTCHER LLP
   3161 Michelson Drive
4  Irvine, CA  92612-4412
   Tel: 949.451.3800; Fax: 949.451.4220
5

   JASON C. SCHWARTZ (admitted *pro hac vice*)
6     jschwartz@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
7  1050 Connecticut Avenue, N.W.
   Washington, DC  20036-5306
8  Tel: 202.955.8500; Fax: 202.467.0539

9  KATHERINE V.A. SMITH, SBN 247866
      ksmith@gibsondunn.com
10 GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
11 Los Angeles, CA  90071-3197
   Tel: 213.229.7000; Fax: 213.229.7520
12
   Attorneys for Defendants AMAZON.COM
13 LLC and GOLDEN STATE FC LLC (now
   known as Amazon.com Services LLC)
14
   SCOTT EDWARD COLE, SBN 160744
15    scole@scalaw.com
   LAURA GRACE VAN NOTE, SBN 310160
16    lvannote@scalaw.com
   SCOTT COLE & ASSOCIATES, APC
17 555 12th Street, Suite 1725
   Oakland, CA  94607
18 Tel: 510.891.9800; Fax: 510.891.7030

19 Attorneys for Plaintiff Michael Ortiz

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA—OAKLAND DIVISION

| | |
|---|---|
| MICHAEL ORTIZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM LLC, a Delaware Limited Liability Company; GOLDEN STATE FC LLC, a Delaware Limited Liability Company, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 4:17-CV-03820-JSW<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING TRIAL** |

1  Pursuant to Civil L.R. 7-12, the undersigned counsel of record for Plaintiff Michael Ortiz
2  ("Plaintiff") and Defendants Amazon.com, LLC and Golden State FC, LLC ("Amazon") (collectively,
3  the "Parties"), hereby stipulate and agree as follows:
4  WHEREAS, on July 28, 2020, the Court issued Order Scheduling Trial and Pretrial Matters
5  that set this matter for a jury trial and scheduled the Final Pretrial Conference for March 29, 2021; Jury
6  Selection for April 14, 2021; and the beginning of trial for April 19, 2021 (Dkt. 195);
7  WHEREAS, on September 1, 2020, the Court denied Amazon's Motion to Strike or Dismiss
8  Plaintiff's Eighth Cause of Action Under the Private Attorneys General Act ("PAGA") (the "Motion
9  to Strike") without prejudice, and directed Plaintiff to serve a trial plan for his PAGA claim no later
10 than January 8, 2021 (Dkt. 200);
11 WHEREAS, Plaintiff served Amazon with his trial plan on January 8, 2021, proposing that the
12 Parties agree to trifurcate trial of Plaintiff's PAGA claim with the first phase of trial limited to whether
13 Plaintiff is an "aggrieved employee" with standing to pursue penalties under PAGA (Cal. Lab. Code
14 § 2699(c)) (attached here as **Exhibit A** is a true and correct copy of Plaintiff's trial plan);
15 WHEREAS, under Plaintiff's proposed trial plan, if Plaintiff established during the phase one
16 trial that he was "aggrieved" under PAGA, there would be two subsequent phases of trial to determine
17 liability under PAGA and penalties;
18 WHEREAS, the Plaintiff's trial plan proposed that these three phases of trial proceed as bench
19 trials;
20 WHEREAS, on January 19, 2021, Amazon responded to Plaintiff's proposed trial plan
21 explaining that it would not agree to Plaintiff's plan for phases two and three of trial because Amazon
22 believes Plaintiff's plan infringes Amazon's due process right to present individual defenses and is not
23 manageable, but that it would agree to limit the first phase of trial to Plaintiff's individual claims under
24 the California Labor Code and his standing to pursue penalties under PAGA (attached here as **Exhibit
25 B** is a true and correct copy of Amazon's response to Plaintiff's trial plan);
26 WHEREAS, the Parties have met and conferred, and Plaintiff has agreed to Amazon's proposal
27 to limit the upcoming trial to a bench trial on (1) Plaintiff's remaining individual claims under the
28

California Labor Code; and (2) whether Plaintiff has standing to pursue PAGA penalties as an "aggrieved employee";

WHEREAS, Amazon fully and expressly reserves its right to renew its Motion to Strike Plaintiff's PAGA claim if Plaintiff is determined to be an "aggrieved employee" consistent with the Court's order denying the Motion to Strike without prejudice (Dkt. 200), and Plaintiff agrees that this Stipulation is without prejudice to Amazon's right to file this renewed motion;

WHEREAS, the Parties further agree that if Plaintiff is successful at trial in obtaining a ruling that he is an "aggrieved employee," within thirty (30) days of the Court's order, the Parties shall jointly file a proposed schedule (or their respective positions on a proposed schedule) regarding the subsequent phases of trial and within forty-five (45) days of the Court's order, Amazon shall file its renewed Motion to Strike Plaintiff's PAGA claim;

WHEREAS, if Amazon files its renewed Motion to Strike following the first phase of trial, the Parties agree that Plaintiff's opposition brief shall be due twenty-one (21) days after Amazon files its Motion, and Amazon's reply brief shall be due fourteen (14) days after Plaintiff files his opposition brief;

WHEREAS, each party fully and expressly reserves its rights to address the scope and management of any subsequent phases of trial related to purportedly aggrieved individuals other than Plaintiff after the bench trial on Plaintiff's alleged "aggrieved employee" status is concluded if the Court resolves that issue in Plaintiff's favor; and

WHEREAS, the Parties agree that if Plaintiff is not successful in obtaining a ruling that he is an "aggrieved employee," Plaintiff's PAGA claim will be dismissed with prejudice and there will be no trial related to other purportedly aggrieved employees.

WHEREAS, the Parties agree each term in this stipulation has been negotiated and serves as consideration for each and every other term contained herein.

NOW THEREFORE, the Parties hereby stipulate, subject to the approval of this Court, that:

1. The Court's Order Scheduling Trial and Pretrial Matters shall be amended to reflect that the trial scheduled to begin on April 19, 2021 shall be a bench trial and will be limited to (1) Plaintiff's

remaining individual claims under the California Labor Code, and (2) whether Plaintiff has standing as an "aggrieved employee" to pursue PAGA;

2. If the Court determines following the phase one trial that Plaintiff is an "aggrieved employee" under PAGA, the parties shall, within thirty (30) days that order, jointly file a proposed schedule (or their respective positions on a proposed schedule) regarding any subsequent phases of trial;

3. Amazon may renew its Motion to Strike Plaintiff's PAGA claim within forty-five (45) days of the Court's order following the phase one trial if Plaintiff is determined to be an "aggrieved employee" under PAGA. If Amazon files a renewed Motion to Strike, Plaintiff's opposition brief will be due twenty-one (21) days after the Motion is filed and Amazon's reply brief shall be due fourteen (14) days after Plaintiff files his opposition brief; and

4. All other pre-trial and trial dates and deadlines shall remain as currently scheduled, except that the jury selection scheduled for April 14, 2021 shall be vacated.

**IT IS SO STIPULATED.**


Dated: February 11, 2021

              JASON C. SCHWARTZ
              MICHELE L. MARYOTT
              KATHERINE V.A. SMITH
              MEGAN COONEY
              GIBSON, DUNN & CRUTCHER LLP


              By:  */s/ Michele L. Maryott*
                   Michele L. Maryott

              Attorneys for Defendants AMAZON.COM LLC and
              GOLDEN STATE FC LLC (now known as
              Amazon.com Services LLC)

Dated: February 11, 2021

              SCOTT EDWARD COLE
              LAURA GRACE VAN NOTE
              SCOTT COLE & ASSOCIATES, APC


          By:   */s/ Laura Van Note*
               Laura Van Note

Attorneys for Plaintiff Michael Ortiz


## **ATTESTATION**

   I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/s/) within this e-filed document.

Dated: February 11, 2021

          By:   */s/ Michele L. Maryott*
               Michele L. Maryott

**[PROPOSED] ORDER**

Pursuant to the Stipulation of the Parties, the Court ORDERS as follows:

1. The Court's Order Scheduling Trial and Pretrial Matters shall be amended to reflect that the trial scheduled to begin on April 19, 2021 shall be a bench trial and will be limited to (1) Plaintiff's remaining individual claims under the California Labor Code, and (2) whether Plaintiff has standing as an "aggrieved employee" to pursue PAGA;

2. If the Court determines following the phase one trial that Plaintiff is an "aggrieved employee" under PAGA, the parties shall, within thirty (30) days that order, jointly file a proposed schedule (or their respective positions on a proposed schedule) regarding any subsequent phases of trial;

3. Amazon may renew its Motion to Strike Plaintiff's PAGA claim within forty-five (45) days of the Court's order following the phase one trial if Plaintiff is determined to be an "aggrieved employee" under PAGA. If Amazon files a renewed Motion to Strike, Plaintiff's opposition brief will be due twenty-one (21) days after the Motion is filed and Amazon's reply brief shall be due fourteen (14) days after Plaintiff files his opposition brief; and

4. All other pre-trial and trial dates and deadlines shall remain as currently scheduled, except that the jury selection scheduled for April 14, 2021 shall be vacated.

**IT IS SO ORDERED.**

Dated: _____

                                             The Honorable Jeffrey S. White
                                             United States District Court Judge

# EXHIBIT A

**SCOTT COLE & ASSOCIATES**
ATTORNEYS & COUNSELORS
555 12TH STREET, SUITE 1725
OAKLAND, CALIFORNIA 94607

Employment and Consumer
Class Action Experts

Telephone: (510) 891-9800
Web: www.scalaw.com

January 8, 2021

Michele L Maryott, Esq. (Via Email MMaryott@gibsondunn.com)
GIBSON DUNN
3161 Michelson Drive
Irvine, CA 92612-4412

   re:  <u>**Ortiz v. Amazon LLC, et al., Case No. 17-cv-03820-JSW**</u>

Dear Counsel:

In accordance with the Court's September 2, 2020 Order denying Defendants' Motion to Strike the PAGA claim, we are providing your office with our proposed trial plan for this matter.

Recognizing the need for efficiency and preservation of court and party resources, Representative Plaintiff proposes a bifurcated trial, segmented into (1) a Liability Phase and (2) a Penalties Phase. In the <u>Liability Phase</u>, the parties will conduct limited direct, cross and redirect examinations of a randomly selected group/sampling of 14 aggrieved employees (hereinafter "Exemplar Trial Plaintiffs") selected from Defendants' California facilities, plus our client (altogether 15 "aggrieved employees"), plus no more than four of Defendants' corporate representatives. Although the Court obviously retains the discretion to limit the number of Exemplar Trial Plaintiffs to appear—should their testimony become duplicative—we are confident that this number of witnesses provides a "statistically significant" sampling of the aggrieved employee group. What's more, given the narrow scope of issues (PAGA only, the requirement of merely "one or more" Labor Code violations so as to satisfy PAGA, and focusing primarily on whether your client can meet its burden of demonstrating the propriety of a Wage Order exemption), documentary evidence to be introduced during this first Phase is expected to be limited. Liability and the amount of penalties will be determined for these 15 aggrieved employees at the conclusion of this first Phase.

A <u>Penalties Phase</u> will follow the Liability Phase and shall be limited to motion work and/or live testimony of the parties' experts (and any additional testimony the Court requires to make necessary findings), the goal of which being to determine the proper extrapolation to the larger PAGA employee population of those penalties already awarded in the Liability Phase. Testimony and documentary evidence in this second Phase will focus on issues surrounding the total worker population during the PAGA period and the proper method for extrapolating any Liability Phase award to this larger employee group.

This approach (i.e., a bifurcated trial, the number of Exemplar Trial Plaintiffs, the scope of and limitations upon their testimony, extrapolation of the results to the larger worker population) will provide information upon which the Court may reasonably rely to determine Defendant's liability,

and the appropriate PAGA penalties for violations for all aggrieved employees. At the time ordered by the Court, Plaintiff will present expert testimony that this approach—of randomly selecting trial plaintiffs, and then using that representative testimony to extrapolate to a larger worker population—is a commonly-applied statistical sampling model and has been used in countless cases just like this.

Although this is not a class action and, therefore, the procedural requirements of class actions *do not apply* to Plaintiff's single remaining claim under the PAGA, the Court has broad inherent powers to manage matters before it. We welcome the use of those powers since our client wants an efficient trial, especially since the specter of summoning scores of workers to detail, again and again, the common training program for L4 shift managers, the strict policies and procedures they then follow, your client's management hierarchy, their compulsion to step in and perform substantial amounts of manual labor whenever short staffed, etc. is tremendously inefficient. That's exactly why the use of representative testimony is appropriate[1] and commonplace in situations like this.[2]

Among other treatises and guides on the subject, the Manual for Complex Litigation recognizes the benefits and widespread use of representative sampling as a means to present evidence on behalf of a group of plaintiffs at trial with the use of exemplar plaintiffs.[3] Representative testimony, surveys, and statistical analysis all are available as tools to render manageable determinations of the extent of liability.[4] Indeed, "today '[s]tatistical assessments are prominent in many kinds of cases, ranging from antitrust to voting rights.'"[5] "The applicability of inferential statistics have long been recognized by the courts."[6] Underlying the contemporary reliance on the methodology of inferential statistics is a recognition that "[e]xperts have developed appropriate modeling techniques for reaching statistically significant and reliable conclusions."[7]

---

[1] *Deskbook on the Management of Complex Civil Litigation* § 2.61(3) and *Manual for Complex Litigation* (2005) §11.493 (Exemplar plaintiffs); Reference Manual on Scientific Evidence, Federal Judicial Center 2011 West Group St. Paul, MN (2011) p. 223, *et seq.;* The ultimate trial plan can utilize various tools, as the needs of the case demand. *O'Connor v. Boeing North American, Inc.*, 184 F.R.D. 311 (C.D. Cal. 1998); *McLaughlin v. Ho Fat Seto*, 850 F.2d 586 (9th Cir. 1988) (Exemplar plaintiffs); *Payne v Travenol Lab., Inc.*, 673 F.2d 798 (5th Cir. 1982) (statistics).

[2] *Martinez v. Joe's Crab Shack Holdings*, 231 Cal.App.4th 362, 383 (2014) ("After *Duran* it is clear the outright rejection of statistical sampling as evidence to support a plaintiff's proof of liability is improper so long as the proposed sampling plan accords the employer an opportunity to prove its affirmative defenses."); *In re Simon II Litig.*, 211 F.R.D. 86, 146 (E.D.N.Y. 2002) ("Plaintiffs use of aggregate proof does not violate defendants' Constitutional rights."); *Duran v. U.S. Bank National Assn.*, 59 Cal.4th 1, 33 (2014) ("We have remained open to the appropriate use of representative testimony, sampling, or other procedures employing statistical methodology.") (citing *Sav-On Drug Stores, Inc. v. Superior Court*, 34 Cal.4th 319 (2004)).

[3] *Deskbook on the Management of Complex Civil Litigation* § 2.61(3) and *Manual for Complex Litigation* (2005) §11.493 (Exemplar plaintiffs).

[4] See, e.g., *Bell v. Farmers Ins. Exchange*, 115 Cal.App.4th 715, 749-755 (2004) [upholding as consistent with due process the use of surveys and statistical analysis to measure a defendant's aggregate liability under the IWC's wage orders]; *Dilts v. Penske Logistics, LLC*, 267 F.R.D. 625, 638 (S.D. Cal. 2010) [certifying a meal break subclass because liability could be established through employer records and representative testimony, and class damages could be established through statistical sampling and selective direct evidence]; see generally, *Sav-On*, at p. 333; fn. 6.)

[5] *In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1020 (5th Cir. Ct. App. 1997).

[6] *Id.*

[7] *Bell v. Farmers Ins. Exchange*, 115 Cal.App.4th 715, citing *In re Simon II Litigation*, 211 F.R.D. 86, 153 (E.D.N.Y. 2002); *Ratanasen v. California Dept. of Health Services*, 11 F.3d 1467, 1469–1472 (9th Cir. 1993); *Michigan Dept. of Educ. v. U.S. Dept. of Educ.*, 875 F.2d 1196, 1205–1206 (6th Cir. 1989); *Pfizer, Inc. v. Lord*, 449 F.2d 119 (2d Cir. 1971); *Blue Cross & Blue Shield of N.J. v. Philip Morris*, 178 F.Supp.2d 198, 247–248 (E.D.N.Y. 2001); *Long v. Trans World Airlines, Inc.*, 761 F.Supp. 1320, 1327 (N.D. Ill. 1991); *In re Antibiotic Antitrust Actions*, 333 F.Supp. 278, 289 (S.D.N.Y. 1971), *mandamus denied sub nom.*; *Avery v. State Farm Mut. Auto. Ins. Co.*, 321 Ill.App.3d 269 [746 N.E.2d 1242, 1260–1261] (2001); *Tomlin v. Department of Social Services*, 154 Mich.App. 675 [398 N.W.2d 490, 497] (1986).

## The Proposed Trial Plan is Manageable

While PAGA contains no *per se* manageability requirement (i.e., as our judge has similarly explained to you), I think you'd agree both parties would be wise to propose a trial structure that is efficient and minimizes the unnecessary expenditure of court and party resources—utilizing statistical sampling. My approach, in which I hope you'll join, is efficient, and could facilitate the completion of trial in roughly three to four weeks—not a bad result for the adjudication of penalty claims for so many workers.[8]

As alluded to above, we think this trial estimate is reasonable given that, in Phase One, the testimony of each Exemplar Trial Plaintiff would be limited—say, to no more than two hours (inclusive of cross and re-redirect examinations) for each individual.[9] Keeping to that schedule means that the examination of two to three Exemplar Trial Plaintiffs can be completed during each full day of trial. Because PAGA trials are bench trials, the delays associated with a jury trial would not be of concern.

## Trial Should Be Phased

Phase One (Liability):
As suggested above, trial should be divided into two phases.[10] In Phase One, Representative Plaintiff shall present his case first in a process that will, ultimately, tease out Defendant's exemption defense. Just like in a single-party case, this will be done by examining the nature of the work performed by L4s, Defendant's realistic expectations regarding that work (i.e., in consideration of the *Ramirez* defense), Defendant's scheduling practices for non-exempt subordinate employees, and the throughput expectations for GS's facilities. Given the existence of strict company-wide policies, duplicative testimony about those can easily be avoided. In these respects, the only difference between this and any other single party case is that, here, so as to avoid any legitimate Due Process arguments by Defendant, Representative Plaintiff's testimony will be augmented by that of another fourteen aggrieved employees.

During Phase One, Plaintiff's counsel also expects to call no more than four corporate representatives, to testify on issues such as Defendant's bases for uniformly classifying these PAGA employees as exempt (i.e., seemingly without any individual analysis as to whether that classification fits any particular person or not), L4 job duties, and the company's expectations, policies and procedures applicable to the aggrieved employees.

At this juncture, Defendant will have the opportunity to present further evidence to support its defense that the workers were properly classified as exempt. While we would reserve our right to demand an offer of proof as to why any additional testimony was anything other than duplicative, I concede that

---

[8] Note that, to the extent this Court, in a further exercise of its powers to control proceedings in its courtroom, finds the testimony of the Exemplar Trial Plaintiffs has become duplicative, it may well decide to truncate further testimony—thereby further tightening these proceedings and reducing the number of trial days.

[9] This is a reasonable estimate, largely since these persons will already have been deposed.

[10] *Watson v. Shell*, 979 F.2d 1014, 1019 (5th Cir. 1992) (upholding four-phase trial plan); *Hilao v. Estate of Marcos*, 103 F.3d 767 (9th Cir. 1996); *Jenkins v. Raymark Industries,* 782 F.2d 468, 474 (5th Cir. 1986) (phased trial plan); *Huff v. Securitas Security Services USA, Inc.*, Santa Clara Superior Court, Case No. 1-10-CV-172614 (2015) (two-phased trial plan)

a limited amount thereof would likely be permitted by the judge. At the end of Phase One, a complete adjudication for the Exemplar Trial Plaintiff group and the Representative Plaintiff will be achieved, including a determination of the appropriate penalties for these 15 people. I imagine the Court would encourage settlement discussions at that juncture but, if we are unsuccessful in that endeavor, we'd proceed to a Phase Two, which would focus on the proper extrapolation methodology for the penalty determinations made in the first Phase. Altogether, again, these two phases should take no more than four weeks, including motions *in limine*, opening statements and closing arguments (but exclusive of post-trial proceedings such as review of any required trial statements ordered by the Court, meet and confer efforts ordered by the Court regarding agreed upon findings, the form of judgment, etc.).

Phase Two (PAGA Penalty Extrapolation):
As a PAGA only trial, proof of the violations by the Representative Plaintiff (as supported by the Exemplar Trial Plaintiffs) will produce a decision as to the occurrence of the predicate Labor Code violations. The Court may then elect, based perhaps on expert testimony, to determine penalties company-wide on various bases (e.g., extrapolate the average violation rate from the Exemplar Trial Plaintiffs to the remaining aggrieved employee population,[11] allow a survey or other sampling methodology, to determine worker population-wide penalties[12]). While this question could, theoretically, be answered now, my experience says that this is better answered after conclusion of Phase One since (1) the potential for a settlement after a finding of liability may obviate the need for this discussion altogether, and (2) further guidance/testimony from the parties' experts, with the aid of findings made at trial, may be beneficial.[13]

### Alternative/Trifurcated Trial Plan

In the [slight] alternative, should Defendants object to this proposed trial plan, Plaintiff also offers a trifurcated trial approach, the first Phase thereof addressing the narrow issue of whether Michael Ortiz has standing to act as the representative (i.e., as an "aggrieved employee" under PAGA). If a determination is made that he is "aggrieved" under Section 2698, *et seq.*, the trial would proceed with the two remaining Phases as outlined above. While this approach [at least, potentially] slightly elongates trial, it also carries the potential of obviating the testimony altogether of at least 14 other individuals (i.e., in the event your client is successful in proving a Wage Order exemption applies to Mr. Ortiz). Ordinarily, I wouldn't suggest this approach, but with the challenges associated with trying cases during the pandemic, and the need for additional discovery for the 14 additional witnesses anyway, I think this might be the most prudent approach to getting this case adjudicated.

While I recognize the defense-side tendency to claim nothing less than the testimony of every affected worker is needed to ensure due process, I'd ask that you seriously reconsider that approach this time. I've never seen it receive serious consideration by any Court, and it disrespects the judge's authority

---

[11] *Bruno v. Superior Court*, 127 Cal.App.3d 120, 129, fn.4 (1981) ("Due process does not prevent *calculation* of damages on a classwide basis. The Supreme Court has assumed the use of such a method (*Daar v. Yellow Cab Co., supra,* 67 Cal.2d 695, pp. 706, 714, 716 (1967)). In many cases, such an aggregate calculation will be far more accurate than summing all individual claims.')."

[12] *See, Bell v. Farmers Insurance Exchange*, 115 Cal.App.4th 715 (2004); *O'Connor v. Boeing North American, Inc.*, 184 F.R.D. 311 (C.D. Cal. 1998) (Questionnaire); *Rodriguez v. McKinney*, 156 F.R.D. 118 (E.D. Pa. 1994) (surveys); *Lamb v. United Sec. Life Co.*, 59 F.R.D. 25 (S.D. Iowa 1972) (judicial or administrative miniproceedings on individualized issues); *Day v. NLO*, 851 F.Supp. 869 (S.D. Ohio 1994) (Special Master); *Labor/Community Strategy Ctr. v. L.A. County Metro. Transp. Auth.*, 263 F.3d 1041 (9th Cir. 2001) (Special Master); FRCP Rule 23(c)(4)(B) (subclasses).

[13] *Bell v. Farmers Ins. Exchange*, 115 Cal.App.4th 715, 746-747 (2004) ("California courts have relied on expert testimony on statistical methods to resolve certain issues in damage calculations").

to control proceedings in his courtroom. And, because of that, you might think I'd welcome that kind of blunder, but I'm actually more interested in just getting on with an efficient trial than engaging in petty gamesmanship to get to the same result, and so I'd ask that we have a serious conversation about trial structure before falling back into such polarized positions.

Thank you for considering these points. Once you have had the opportunity to review this plan with your clients, please contact me so we can discuss your reasonable concerns with an eye toward presenting something jointly to the Court.

Very truly yours,

SCOTT EDWARD COLE

CC:
Katherine V. Smith, ksmith@gibsondunn.com
Jason C. Schwartz, JSchwartz@gibsondunn.com

# EXHIBIT B

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

3161 Michelson Drive
Irvine, CA 92612-4412
Tel 949.451.3800
www.gibsondunn.com

Michele L. Maryott
Direct: +1 949.451.3945
Fax: +1 949.475.4668
MMaryott@gibsondunn.com

January 19, 2021

VIA ELECTRONIC MAIL

Scott Cole
Laura Van Note
Scott Cole & Associates
555 12th Street, Suite 1725
Oakland, CA 94607

Re:   *Ortiz v. Amazon.com LLC et al.*—Plaintiff's Proposed Trial Plan

Counsel:

We have received and reviewed Plaintiff's proposed trial plan dated January 8, 2021. Plaintiff's proposal to adjudicate Amazon's liability through sampling and extrapolation is not acceptable. The Supreme Court has "disapprove[d]" of the "Trial by Formula" that you propose, in which the claims of only a sample set of the relevant employees would be adjudicated and the results extrapolated to all other employees. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 358 (2011). Given that the Court has already found that the factual circumstances of the relevant employees differ significantly, any trial plan that relies on sampling and extrapolation would necessarily prevent Amazon from fully litigating its exemption defense as to each employee. Adopting such a trial plan would violate due process. *See, e.g.*, *Duran v. U.S. Bank Nat'l Assoc.*, 59 Cal. 4th 1, 35 (2014) (holding "the trial court could not abridge [the defendant's] presentation of an exemption defense simply because the defense was cumbersome to litigate"). Your proposal to render your PAGA claim manageable by simply eliminating Amazon's right to adjudicate individualized issues related to its exemption defense is improper.

Although we are not able to agree in full to the plan you have proposed, we are willing to agree to your suggestion that Mr. Ortiz's status as an aggrieved employee is tried first. Specifically, we can agree to bifurcating trial, with the first phase limited to a bench trial on Mr. Ortiz's standing as an aggrieved employee under PAGA, so long as you will agree to defer the question of manageability until after that first phase of trial is complete. At that time, if Mr. Ortiz is found to be aggrieved, we reserve the right to raise our manageability and due process concerns regarding the remaining phase(s) of trial, consistent with the Court's order denying our Motion to Strike without prejudice. *See* Dkt. 200. To be clear, we are not and will not agree in any respect to litigate your PAGA claim using sampling and

**GIBSON DUNN**

Scott Cole
January 19, 2021
Page 2

extrapolation. We believe this will allow the parties to move forward efficiently, as you acknowledge in your trial plan proposal.

We hope this will be agreeable to you, and are happy to set up a call to discuss this further.

Sincerely,

*Michele L. Maryott*
Michele L. Maryott

MLM/mc

104379743.2