MICHELE L. MARYOTT, SBN 191993
   mmaryott@gibsondunn.com
MEGAN COONEY, SBN 295174
   mcooney@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone: 949.451.3800
Facsimile:  949.451.4220

JASON C. SCHWARTZ (admitted *pro hac vice*)
   jschwartz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone: 202.955.8500
Facsimile:  202.467.0539

KATHERINE V.A. SMITH, SBN 247866
   ksmith@gibsondunn.com
BRADLEY J. HAMBURGER, SBN 266916
   bhamburger@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

Attorneys for Defendants AMAZON.COM LLC and
GOLDEN STATE FC LLC (now known as Amazon.com
Services LLC)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICHAEL ORTIZ, on behalf of himself and all others similarly situated,<br><br>           Plaintiff,<br><br>    v.<br><br>AMAZON.COM LLC, a Delaware Limited Liability Company; GOLDEN STATE FC LLC, a Delaware Limited Liability Company, and DOES 1 through 100, inclusive,<br><br>           Defendants. | CASE NO. 4:17-CV-03820-JSW<br><br>**DEFENDANTS AMAZON.COM LLC AND GOLDEN STATE FC LLC'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE REGARDING SPECIFIC EXPERIENCES OF MANAGERS OTHER THAN ORTIZ OR LEVEL 4 SHIFT MANAGERS AT HIS FACILITIES DURING THE TIME PERIOD HE WORKED THERE**<br><br>**<u>Final Pretrial Conference:</u>**<br>Date:      March 29, 2021<br>Time:      2:00 p.m.<br>Place:     Courtroom 5, 2nd Floor<br>             1301 Clay Street<br>             Oakland, CA 94612<br>Judge:    Hon. Jeffrey S. White |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on March 29, 2021, at 2:00 p.m., or as soon as the matter may be heard before the Honorable Jeffrey S. White in Courtroom 5 of the United States District Court for the Northern District of California in the Oakland Courthouse, Second Floor, 1301 Clay Street, Oakland, California, Defendants Amazon.com LLC and Golden State FC LLC (collectively, "Amazon") will and hereby do move this Court for an order *in limine* directed to Plaintiff Michael Ortiz, his attorneys, and his witnesses (collectively, "Plaintiff"), precluding Plaintiff from referring to, mentioning, identifying, introducing any evidence of, or making any argument regarding the experiences of Shift Managers or Level 4 Managers other than Plaintiff Michael Ortiz or a Level 4 Shift Manager at the Delivery Stations where Plaintiff worked during the time period Plaintiff worked there.

This motion is brought on the grounds that such evidence is irrelevant to Plaintiff's claims in the phase one trial and, to the extent there is any probative value to the evidence, its probative value is substantially outweighed by the threat of causing undue delay and wasting time.

Amazon's Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all papers on file in this action, all matters of which judicial notice may be taken, and such argument of counsel as the Court may permit at the hearing on this matter.

Dated: February 26, 2021

<div style="margin-left:40%">

JASON C. SCHWARTZ
MICHELE L. MARYOTT
KATHERINE V.A. SMITH
BRADLEY J. HAMBURGER
MEGAN COONEY
GIBSON, DUNN & CRUTCHER LLP


By:  */s/ Jason C. Schwartz*
                        Jason C. Schwartz

Attorneys for Defendants AMAZON.COM LLC and
GOLDEN STATE FC LLC (now known as
Amazon.com Services LLC)

</div>

Gibson, Dunn &
Crutcher LLP

2
DEFENDANTS AMAZON.COM LLC AND GOLDEN STATE FC LLC'S NOTICE OF MOTION AND MOTION IN
LIMINE NO. 1 – CASE NO. 4:17-CV-03820-JSW

### <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.      INTRODUCTION

Defendants Amazon.com LLC and Golden State FC LLC (collectively, "Amazon") and Plaintiff Michael Ortiz agreed to bifurcate trial in this case, with the phase one trial limited to Plaintiff's individual claims under the California Labor Code and the question whether Plaintiff is an "aggrieved employee" under PAGA.  Dkt. 204.  The Court entered the parties' stipulation as an order of the Court on February 11, 2021.  Dkt. 205.  Because the phase one trial is specifically limited to Plaintiff's individual claims and standing under PAGA—and will be focused on whether Plaintiff was properly classified as exempt under California law—the Court should preclude Plaintiff from referring to, mentioning, identifying, introducing any evidence regarding, or making any argument relating in any way to the experiences of specific Shift Managers or Level 4 Managers other than Plaintiff or a Level 4 Shift Manager at the Delivery Stations where Plaintiff worked during the time period he worked there.

This Court should preclude Plaintiff from introducing such evidence because (1) it is irrelevant under Federal Rule of Evidence ("FRE") 401 and therefore should be excluded under FRE 402; and (2) any probative value of the evidence is substantially outweighed by the risk of it causing undue delay and wasting time, and should be excluded under FRE 403.

## II.      ARGUMENT

Evidence and argument related to Shift Managers or Level 4 Managers other than Plaintiff or Shift Managers working at his Delivery Stations during the periods of time he was working there are irrelevant to the phase one trial.  The Court's order states that phase one is limited to Plaintiff's *individual* claims and the question whether he is an "aggrieved employee" under PAGA.  *See* Dkt. 205. Those questions involve looking at two overarching questions:  *First*, whether Plaintiff, a Level 4 Shift Manager for Amazon in 2016, was misclassified as an exempt employee under California law; and *second*, if so, whether or not that misclassification caused him to suffer any of the alleged Labor Code violations raised in his complaint.  Accordingly, evidence or argument related to the experiences of Shift Managers or Level 4 Managers *other than* Plaintiff or who cannot speak to the operations of Plaintiff's facilities during the time period he was there is irrelevant altogether and should not be

Gibson, Dunn &
Crutcher LLP

admitted during the phase one trial.  *See United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) ("For evidence to be relevant, it must be probative of the proposition it is offered to prove, and . . . the proposition to be proved must be one that is of consequence to the determination of the action.").

The central issue in phase one—whether Plaintiff was properly classified as an exempt employee under California's executive exemption—requires an "individualized analysis of the way each employee actually spends his or her time."  *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 945 (9th Cir. 2009); *see also United Parcel Serv. Wage & Hour Cases*, 190 Cal. App. 4th 1001, 1014–15 (2010) ("The appropriateness of any employee's classification as exempt must be based on a review of the actual job duties performed by *that employee*." (emphasis added)).  Evidence and argument related to Shift Managers and Level 4 Managers other than Plaintiff would not assist this Court in determining how *Plaintiff* actually spent his time.  *See*, *e.g.*, *Benedict v. Hewlett-Packard Co.*, 314 F.R.D. 457, 477–78 (N.D. Cal. 2016) (denying class certification in a misclassification suit because consultants with same job titles were engaged in different tasks that necessitated "individualized inquiries"); *see also Patel v. Nike Retail Servs.*, 2016 WL 1241777, at *11 (N.D. Cal. Mar. 29, 2016) ("identical tasks" performed by different managers "may be 'exempt' or 'nonexempt' based on the purpose they serve within the organization"); *United Parcel Serv.*, 190 Cal. App. 4th at 1015 ("No bright line rule can be established classifying everyone with a particular job title as per se exempt or nonexempt . . . .").  Amazon has also shown, and this Court has already recognized, that the policies, procedures, duties, and expectations of Shift Managers and Level 4 Managers vary across different facilities and shifts, such that "the tasks to be performed in any given shift, whether a manager performs any particular task, and how a manager allocates time across those tasks all differ."  Dkt. 161–4 at 10:18–21; *see also* Dkt. 181 at 16:3–6 (denying class certification and acknowledging that "a Level 4 Shift Manager's duties can vary depending on the type of shift a class member covers and that processes may vary among facilities").  The Court should therefore exclude any such evidence regarding the experiences of Shift Managers or Level 4 Managers other than Plaintiff or who did not work at Plaintiff's Delivery Stations during the time Plaintiff worked there as irrelevant under FRE 402.

Even if evidence regarding the experiences of such other Shift Managers or Level 4 Managers were somehow relevant, this Court should exclude that evidence because it would dramatically alter

Gibson, Dunn &
Crutcher LLP

4
DEFENDANTS AMAZON.COM LLC AND GOLDEN STATE FC LLC'S NOTICE OF MOTION AND MOTION IN
LIMINE NO. 1 – CASE NO. 4:17-CV-03820-JSW

the scope of the trial in violation of this Court's order, and would lead to undue delay and wasted time. *See* Fed. R. Evid. 403.  If this kind of evidence were introduced, the parties would inevitably be required to litigate, among other things: (1) the meaning and authenticity of the evidence, which would be difficult or impossible to ascertain without testimony from the Shift Managers or Level 4 Managers to whom it relates—a problem that raises independent due process concerns, because Amazon would be entitled to cross-examine any such Shift Managers or Level 4 Managers; (2) whether the experiences of other Shift Managers or Level 4 Managers have any relevance to Plaintiff's individualized experience; and (3) what factors distinguish Plaintiff's experience from the experiences of other Shift Managers or Level 4 Managers, particularly as to the elements of the executive exemption.  *See* Cal. Code Regs. tit. 8, § 11070.  Amazon has a due process right to present every available defense, including to present and examine witnesses on these issues.  *See, e.g.*, *Lindsey v. Normet*, 405 U.S. 56, 66 (1972) ("Due process requires that there be an opportunity to present every available defense."); *see also Duran v. U.S. Bank Nat'l Ass'n*, 59 Cal. 4th 1, 35, 40 (2014).  Introducing evidence regarding the experiences of Shift Managers or Level 4 Managers other than Plaintiff would therefore devolve into a series of mini-trials on the proper classification of non-parties whose experiences shed no light on the narrow, individual questions at issue in phase one.  Stated differently, opening the door to specific evidence regarding Shift Managers or Level 4 Managers other than Plaintiff defeats the entire purpose of limiting the phase one trial to Plaintiff's claims and status as a purportedly aggrieved employee having standing to bring a PAGA claim, and would convert what was supposed to be a narrow proceeding into an unmanageable representative PAGA trial.  The Court should avoid that result, and exclude this evidence—which is of no probative value in any event—under FRE 403.

### III.    CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court enter an order precluding Plaintiff from introducing evidence during the phase one trial regarding the experiences of Shift Managers or Level 4 Managers other than Plaintiff Ortiz or who did not work at Plaintiff's Delivery Stations during the time Plaintiff worked there.

Gibson, Dunn &
Crutcher LLP

DEFENDANTS AMAZON.COM LLC AND GOLDEN STATE FC LLC'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 – CASE NO. 4:17-CV-03820-JSW

Dated: February 26, 2021

JASON C. SCHWARTZ
MICHELE L. MARYOTT
KATHERINE V.A. SMITH
BRADLEY J. HAMBURGER
MEGAN COONEY
GIBSON, DUNN & CRUTCHER LLP


By:  */s/ Jason C. Schwartz*
Jason C. Schwartz

Attorneys for Defendants AMAZON.COM LLC and
GOLDEN STATE FC LLC (now known as
Amazon.com Services LLC)

Gibson, Dunn &
Crutcher LLP

6
DEFENDANTS AMAZON.COM LLC AND GOLDEN STATE FC LLC'S NOTICE OF MOTION AND MOTION IN
LIMINE NO. 1 – CASE NO. 4:17-CV-03820-JSW