1  MICHELE L. MARYOTT, SBN 191993
     mmaryott@gibsondunn.com
2  MEGAN COONEY, SBN 295174
     mcooney@gibsondunn.com
3  GIBSON, DUNN & CRUTCHER LLP
   3161 Michelson Drive
4  Irvine, CA  92612-4412
   Telephone: 949.451.3800
5  Facsimile:  949.451.4220

6  JASON C. SCHWARTZ (admitted *pro hac vice*)
     jschwartz@gibsondunn.com
7  GIBSON, DUNN & CRUTCHER LLP
   1050 Connecticut Avenue, N.W.
8  Washington, DC  20036-5306
   Telephone: 202.955.8500
9  Facsimile:  202.467.0539

10 KATHERINE V.A. SMITH, SBN 247866
     ksmith@gibsondunn.com
11 BRADLEY J. HAMBURGER, SBN 266916
     bhamburger@gibsondunn.com
12 GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
13 Los Angeles, CA  90071-3197
   Telephone: 213.229.7000
14 Facsimile:  213.229.7520

15 Attorneys for Defendants AMAZON.COM LLC and
   GOLDEN STATE FC LLC (now known as Amazon.com
16 Services LLC)

17                UNITED STATES DISTRICT COURT

18                NORTHERN DISTRICT OF CALIFORNIA

19                       OAKLAND DIVISION

| | |
|---|---|
| 20  MICHAEL ORTIZ, on behalf of himself and all others similarly situated,<br><br>21<br><br>22                  Plaintiff,<br><br>23        v.<br><br>24  AMAZON.COM LLC, a Delaware Limited Liability Company; GOLDEN STATE FC LLC, a Delaware Limited Liability Company, and DOES 1 through 100, inclusive,<br><br>25<br><br>26                  Defendants. | CASE NO. 4:17-CV-03820-JSW<br><br>**DEFENDANTS AMAZON.COM LLC AND GOLDEN STATE FC LLC'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE RELATED TO PROCESSES, STAFFING, OR VOLUME AT DELIVERY STATIONS OTHER THAN THOSE AT WHICH PLAINTIFF WORKED**<br><br>**Final Pretrial Conference:**<br>Date:       March 29, 2021<br>Time:       2:00 p.m.<br>Place:      Courtroom 5, 2nd Floor<br>            1301 Clay Street<br>            Oakland, CA 94612<br>Judge:      Hon. Jeffrey S. White |

Gibson, Dunn & Crutcher LLP

DEFENDANTS AMAZON.COM LLC AND GOLDEN STATE FC LLC'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 – CASE NO. 4:17-CV-03820-JSW

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on March 29, 2021, at 2:00 p.m., or as soon as the matter may be heard before the Honorable Jeffrey S. White in Courtroom 5 of the United States District Court for the Northern District of California in the Oakland Courthouse, Second Floor, 1301 Clay Street, Oakland, California, Defendants Amazon.com LLC and Golden State FC LLC (collectively, "Amazon") will and hereby do move this Court for an order *in limine* directed to Plaintiff Michael Ortiz, his attorneys, and his witnesses (collectively, "Plaintiff"), precluding Plaintiff from referring to, mentioning, identifying, introducing any evidence of, or making any argument relating in any way to Amazon's processes, staffing, or volume at Delivery Stations other than those where Plaintiff worked.

This motion is brought on the grounds that such evidence is irrelevant to Plaintiff's claims in the phase one trial and, to the extent there is any probative value to the evidence, its probative value is substantially outweighed by the risks of undue delay and wasting time.

Amazon's Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all papers on file in this action, all matters of which judicial notice may be taken, and such argument of counsel as the Court may permit at the hearing on this matter.

Dated: February 26, 2021

                                                JASON C. SCHWARTZ
                                                MICHELE L. MARYOTT
                                                KATHERINE V.A. SMITH
                                                BRADLEY J. HAMBURGER
                                                MEGAN COONEY
                                                GIBSON, DUNN & CRUTCHER LLP

By:  */s/ Jason C. Schwartz*
                    Jason C. Schwartz

Attorneys for Defendants AMAZON.COM LLC and GOLDEN STATE FC LLC (now known as Amazon.com Services LLC)

2
DEFENDANTS AMAZON.COM LLC AND GOLDEN STATE FC LLC'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 – CASE NO. 4:17-CV-03820-JSW

Gibson, Dunn & Crutcher LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

As with Defendants Amazon.com LLC's and Golden State FC LLC's (collectively, "Amazon") motion *in limine* number 1, Amazon files this motion to preserve the Court's order bifurcating trial in this case and limiting the upcoming phase one trial to Plaintiff Michael Ortiz's individual claims under the California Labor Code and the issue of whether he is an "aggrieved employee" under PAGA.  Dkt. 205.  Specifically, to protect the integrity of that Order, the Court should preclude Plaintiff from referring to, mentioning, identifying, introducing any evidence of, or making any argument relating in any way to Amazon's processes, staffing, or volume at delivery stations other than those where Plaintiff worked.

This Court should preclude Plaintiff from introducing such evidence because (1) it is irrelevant under Federal Rule of Evidence ("FRE") 401 and therefore should be excluded under FRE 402; and (2) any probative value of the evidence is substantially outweighed by the risks of causing undue delay and wasting time, and should be excluded under FRE 403.

### II.     ARGUMENT

Evidence and argument related to Amazon's processes, staffing, or volume at delivery stations or for shifts other than the ones Plaintiff worked at are plainly irrelevant to the phase one trial, which is limited Plaintiff's *individual* claims and status as a purportedly "aggrieved employee" under PAGA.  Dkt. 205.  Plaintiff worked the night shift (also known as the Night Sort) at three Amazon Delivery Stations in the greater San Francisco Bay area.  *See* Dkt. 133 at 2, 7.  Policies and practices specific to other Delivery Stations other than those at the three delivery stations where Plaintiff worked are irrelevant to the question whether Plaintiff has viable individual claims or is an "aggrieved employee" under PAGA, and should be excluded accordingly.  *See United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) ("For evidence to be relevant, it must be probative of the proposition it is offered to prove, and . . . the proposition to be proved must be one that is of consequence to the determination of the action.").

The core question necessary to resolving those narrow issues is whether Plaintiff, as a Level 4 Shift Manager at those three Delivery Stations, was properly classified as an exempt employee under

Gibson, Dunn & Crutcher LLP

3

DEFENDANTS AMAZON.COM LLC AND GOLDEN STATE FC LLC'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 – CASE NO. 4:17-CV-03820-JSW

California law.  Courts have recognized that "the individual [manager] experience"—and therefore his or her status as an exempt employee—"varies" based on "latitude in performance of their job duties, and differences among warehouses" such as "warehouse size and volume of deliveries and returns; quality and number of hourly receiving employees," and whether managers are "in charge of special projects."  *Velazquez v. Costco Wholesale Corp.*, 2011 WL 4891027, at *6 (C.D. Cal. Oct. 11 2011); *see also United Nat. Maint., Inc. v. San Diego Convention Ctr. Corp.*, 2012 WL 3861695, *18 (S.D. Cal. Sept. 5, 2012) (approving exclusion of evidence of plaintiff's policies at other locations where it provided services because "the actual history of the parties' conduct was better evidence of the parties' reasonable expectations than uncertain evidence of various other policies that were not at issue in [the] litigation"), *aff'd in part and rev'd in part on other grounds* 766 F.3d 1002 (9th Cir. 2014).  The same is true here.  This Court has already concluded that "a Level 4 Shift Manager's duties can vary depending on the type of shift a class member covers and that processes may vary among facilities," such that the exempt status of each Shift Manager could not be resolved without individualized inquiries.  Dkt. 181 at 16:3–6; *see also* Dkt. 161–4 at 10:18–21 ("[N]ot all Shift Managers perform the same function even within a single Delivery Station, let alone across all 26 California Delivery Stations [and] the tasks to be performed in any given shift, whether a manager performs any particular task, and how a manager allocates time across those tasks all differ.").  The Court should therefore exclude any evidence relating in any way to Amazon's processes, staffing, or volume at Delivery Stations other than those where Plaintiff worked as irrelevant under FRE 402.

Even if evidence related to other Delivery Stations were somehow relevant, this Court should nonetheless exclude such evidence because its probative value (if any) would be substantially outweighed by the risks of converting the narrow phase one trial into a full representative proceeding, defeating all the efficiency that was to be gained by bifurcating trial.  *See* Fed. R. Evid. 403.  If Plaintiff is permitted to introduce evidence of the processes, staffing levels, or package volume at a Delivery Station other than his own, a whole host of evidence and litigation will be necessary to put that evidence into the appropriate context.  For instance, evidence of staffing levels used during at a different Delivery Station would have no impact on how Plaintiff spent his time at his Delivery Station during his shift.  But to clarify that, Amazon would need to (1) cross-examine the evidence, (2) submit additional

Gibson, Dunn & Crutcher LLP

4
DEFENDANTS AMAZON.COM LLC AND GOLDEN STATE FC LLC'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 – CASE NO. 4:17-CV-03820-JSW

evidence to ensure the record allows that evidence to be clearly and accurately interpreted (including explaining what a given number of associates or managers means in the context of the size of facility and the nature of the shift), (3) show how those staffing levels differed from those utilized at Plaintiff's Delivery Station and during his shift, and (4) explain whether any of that even has an impact on the ultimate question of whether Plaintiff was properly classified as exempt. *See* Cal. Code Regs. tit. 8, § 11070. This is not a class action, nor is this trial meant in any way to determine the exempt status of any worker other than Plaintiff. But if this type of irrelevant evidence is introduced, Amazon must have the ability to present and examine witnesses on these issues to protect its due process right to "present every available defense." *Lindsey v. Normet*, 405 U.S. 56, 66 (1972); *see also Duran v. U.S. Bank Nat'l Ass'n*, 59 Cal. 4th 1, 35, 40 (2014). The introduction of evidence related to processes, staffing, or volume at Delivery Stations other than the ones at which Plaintiff worked would therefore consume the trial while failing to shed light on the narrow issues to be resolved in phase one. Because the probative value of such evidence would be negligible at best—while the threats of undue delay wasted time are significant—this evidence should be excluded under FRE 403.

### III.   CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court enter an order precluding Plaintiff from introducing evidence related to processes, staffing, or volume at Delivery Stations other than the ones at which Plaintiff worked.

Dated: February 26, 2021

JASON C. SCHWARTZ
MICHELE L. MARYOTT
KATHERINE V.A. SMITH
BRADLEY J. HAMBURGER
MEGAN COONEY
GIBSON, DUNN & CRUTCHER LLP


By:  */s/ Jason C. Schwartz*
               Jason C. Schwartz

Attorneys for Defendants AMAZON.COM LLC and GOLDEN STATE FC LLC (now known as Amazon.com Services LLC)

Gibson, Dunn & Crutcher LLP

5
DEFENDANTS AMAZON.COM LLC AND GOLDEN STATE FC LLC'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 – CASE NO. 4:17-CV-03820-JSW