|   |   |
|---|---|
| 1 | MICHELE L. MARYOTT, SBN 191993 |
|   |    mmaryott@gibsondunn.com |
| 2 | MEGAN COONEY, SBN 295174 |
|   |    mcooney@gibsondunn.com |
| 3 | GIBSON, DUNN & CRUTCHER LLP |
|   | 3161 Michelson Drive |
| 4 | Irvine, CA 92612-4412 |
|   | Telephone: 949.451.3800 |
| 5 | Facsimile: 949.451.4220 |
| 6 | JASON C. SCHWARTZ (admitted *pro hac vice*) |
|   |    jschwartz@gibsondunn.com |
| 7 | GIBSON, DUNN & CRUTCHER LLP |
|   | 1050 Connecticut Avenue, N.W. |
| 8 | Washington, DC 20036-5306 |
|   | Telephone: 202.955.8500 |
| 9 | Facsimile: 202.467.0539 |
| 10 | KATHERINE V.A. SMITH, SBN 247866 |
|   |    ksmith@gibsondunn.com |
| 11 | BRADLEY J. HAMBURGER, SBN 266916 |
|   |    bhamburger@gibsondunn.com |
| 12 | GIBSON, DUNN & CRUTCHER LLP |
|   | 333 South Grand Avenue |
| 13 | Los Angeles, CA 90071-3197 |
|   | Telephone: 213.229.7000 |
| 14 | Facsimile: 213.229.7520 |
| 15 | Attorneys for Defendants AMAZON.COM LLC and |
|   | GOLDEN STATE FC LLC (now known as Amazon.com |
| 16 | Services LLC) |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICHAEL ORTIZ, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>   v.<br><br>AMAZON.COM LLC, a Delaware Limited Liability Company; GOLDEN STATE FC LLC, a Delaware Limited Liability Company, and DOES 1 through 100, inclusive,<br><br>            Defendants. | CASE NO. 4:17-CV-03820-JSW<br><br>**DEFENDANTS AMAZON.COM LLC AND GOLDEN STATE FC LLC'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OF DEFENDANTS' POLICIES AND PRACTICES OUTSIDE THE TIME PERIOD WHEN PLAINTIFF WORKED FOR AMAZON**<br><br>**<u>Final Pretrial Conference</u>:**<br>Date:     March 29, 2021<br>Time:    2:00 p.m.<br>Place:    Courtroom 5, 2nd Floor<br>            1301 Clay Street<br>            Oakland, CA 94612<br>Judge:   Hon. Jeffrey S. White |

Gibson, Dunn & Crutcher LLP

DEFENDANTS AMAZON.COM LLC AND GOLDEN STATE FC LLC'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 – CASE NO. 4:17-CV-03820-JSW

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on March 29, 2021, at 2:00 p.m., or as soon as the matter may be heard before the Honorable Jeffrey S. White in Courtroom 5 of the United States District Court for the Northern District of California in the Oakland Courthouse, Second Floor, 1301 Clay Street, Oakland, California, Defendants Amazon.com LLC and Golden State FC LLC (collectively, "Amazon") will and hereby do move this Court for an order *in limine* directed to Plaintiff Michael Ortiz, his attorneys, and his witnesses (collectively, "Plaintiff"), precluding Plaintiff from referring to, mentioning, identifying, introducing any evidence of, or making any argument relating in any way to Amazon's policies and practices outside the time period when Plaintiff Ortiz worked for Amazon.

This motion is brought on the grounds that such evidence is irrelevant to Plaintiff's claims in the phase one trial and, to the extent there is any probative value to the evidence, its probative value is substantially outweighed by the risks of undue delay and wasting time.

Amazon's Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all papers on file in this action, all matters of which judicial notice may be taken, and such argument of counsel as the Court may permit at the hearing on this matter.

Dated: February 26, 2021

                                                          JASON C. SCHWARTZ
MICHELE L. MARYOTT
KATHERINE V.A. SMITH
BRADLEY J. HAMBURGER
MEGAN COONEY
GIBSON, DUNN & CRUTCHER LLP

By:  */s/ Jason C. Schwartz*
                    Jason C. Schwartz

Attorneys for Defendants AMAZON.COM LLC and GOLDEN STATE FC LLC (now known as Amazon.com Services LLC)

Gibson, Dunn & Crutcher LLP

2

DEFENDANTS AMAZON.COM LLC AND GOLDEN STATE FC LLC'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 – CASE NO. 4:17-CV-03820-JSW

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The phase one trial in this action is limited to adjudicating whether Plaintiff Michael Ortiz—who was a Level 4 Shift Manager for less than one year—suffered any of the individual California Labor Code violations alleged in his complaint and whether he is an "aggrieved employee" under PAGA as a result. Dkt. 205. To ensure that the phase one trial remains limited to those narrow questions, the Court should preclude Plaintiff from referring to, mentioning, identifying, introducing any evidence of, or making any argument relating in any to Amazon's policies and practices from before Plaintiff began working for Amazon on February 1, 2016 and after Plaintiff was terminated by Amazon on December 11, 2016. *See* Dkt. 133 at 2.

This Court should preclude Plaintiff from introducing such evidence because (1) it is irrelevant under Federal Rule of Evidence ("FRE") 401 and therefore should be excluded under FRE 402; and (2) any probative value of the evidence is substantially outweighed by the risks of causing undue delay and wasting time and should be excluded under FRE 403.

### II.   ARGUMENT

Plaintiff worked as a Level 4 Shift Manager from February 1, 2016 to December 11, 2016, and only evidence related to Plaintiff's work experience during that narrow time period is relevant to the phase one trial limited to his *individual* claims and standing under PAGA. *See* Dkt. 205. Amazon's policies and practices are no exception—to be relevant, and therefore admissible, they must have been *applicable to Plaintiff*. *See Ayala v. Antelope Valley Newspapers, Inc.*, 59 Cal. 4th 522, 528 (2014) (stating that courts must examine "whether evidence of the parties' conduct indicates similar retained rights *vis-à-vis each hiree*" (emphasis added)); *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 945 (9th Cir. 2009) ("Under California law, a court evaluating the applicability of the [executive] exemption must conduct an individualized analysis of the way each employee actually spends his or her time."). It is of no consequence whether Amazon had *other* policies and practices in effect at times *other than* when Plaintiff worked at Amazon. *E.g.*, *Kinnard v. Rutherford Cnty. Bd. Of Educ.*, 109 F. App'x 85, 89–90 (6th Cir. 2004) (affirming trial court's exclusion of irrelevant evidence "concerning the [defendant] School Board's employment practices" during a "time period . . . *after* [plaintiff] had

3
DEFENDANTS AMAZON.COM LLC AND GOLDEN STATE FC LLC'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 – CASE NO. 4:17-CV-03820-JSW

Gibson, Dunn & Crutcher LLP

left the system" rather than "the time period during which [plaintiff] allegedly suffered" harm) (emphasis added). Any such policies or practices are irrelevant to Plaintiff's individual claims and the question whether Plaintiff is an "aggrieved employee" under PAGA and should be excluded on that basis. *See United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) ("For evidence to be relevant, it must be probative of the proposition it is offered to prove, and . . . the proposition to be proved must be one that is of consequence to the determination of the action.").

Even if there was some limited probative value to this evidence (there is not), it would be vastly outweighed by the risk of undue delay and wasting time. *See* Fed. R. Evid. 403. Any evidence of policies and practices outside the time period Plaintiff worked for Amazon will raise a series of questions that will need to be answered through additional evidence, briefing, and deliberation: (1) whether the evidence presented was complete and accurate as to the supposed policy or practice, which will require hearing from the non-party employees familiar with the policies, their scope, purpose, and application; (2) how those policies or practices differ, or have no bearing on, any policies or practices that actually applied to Plaintiff; and (3) whether those policies and practices would even relate to the executive exemption or Plaintiff's Labor Code claims. As with Amazon's motions *in limine* 1 and 2, opening the door to this evidence will lead to detours and delays in what should be a narrow and brief proceeding—all in pursuit of facts that are irrelevant to Plaintiff and will not aid the Court in resolving his individual claims. Accordingly, this evidence should be excluded under FRE 403.

### III.   CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court enter an order precluding Plaintiff from referring to, mentioning, identifying, introducing any evidence of, or making any argument relating in any way to Amazon's policies or practices at any time other than February 1, 2016 to December 11, 2016.

Gibson, Dunn & Crutcher LLP

4
DEFENDANTS AMAZON.COM LLC AND GOLDEN STATE FC LLC'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 – CASE NO. 4:17-CV-03820-JSW

Dated: February 26, 2021

JASON C. SCHWARTZ
MICHELE L. MARYOTT
KATHERINE V.A. SMITH
BRADLEY J. HAMBURGER
MEGAN COONEY
GIBSON, DUNN & CRUTCHER LLP

By: /s/ Jason C. Schwartz
    Jason C. Schwartz

Attorneys for Defendants AMAZON.COM LLC and GOLDEN STATE FC LLC (now known as Amazon.com Services LLC)

Gibson, Dunn & Crutcher LLP

5
DEFENDANTS AMAZON.COM LLC AND GOLDEN STATE FC LLC'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 – CASE NO. 4:17-CV-03820-JSW