MICHELE L. MARYOTT, SBN 191993
    mmaryott@gibsondunn.com
MEGAN COONEY, SBN 295174
    mcooney@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

JASON C. SCHWARTZ (admitted *pro hac vice*)
    jschwartz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

KATHERINE V.A. SMITH, SBN 247866
    ksmith@gibsondunn.com
BRADLEY J. HAMBURGER, SBN 266916
    bhamburger@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Defendants AMAZON.COM LLC and
GOLDEN STATE FC LLC (now known as Amazon.com
Services LLC)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICHAEL ORTIZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM LLC, a Delaware Limited Liability Company; GOLDEN STATE FC LLC, a Delaware Limited Liability Company, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 4:17-CV-03820-JSW<br><br>**DEFENDANTS AMAZON.COM LLC AND GOLDEN STATE FC LLC'S TRIAL BRIEF**<br><br>**Phase One Trial:**<br>Date:     April 19, 2021<br>Time:    8:00 a.m.<br>Place:    Courtroom 5, 2nd Floor<br>             1301 Clay Street<br>             Oakland, CA 94612<br>Judge:   Hon. Jeffrey S. White |

**TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................................... 1

II. ARGUMENT ................................................................................................................. 2

    A.  The Court Has Already Adjudicated Five of the Six Elements in Amazon's Favor ................................................................................................................... 2

    B.  The Only Remaining Element Under the California Exemption Test Involves a Multifaceted Legal and Factual Analysis...................................................... 6

III. CONCLUSION ............................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Batze v. Safeway, Inc.*,
   10 Cal. App. 5th 440 (2017) .................................................................................................6, 7, 8, 9

*Bell v. Farmers Ins. Exch.*,
   87 Cal. App. 4th 805 (2001) ..............................................................................................................3

*Dunbar v. Albertson's, Inc.*,
   141 Cal. App. 4th 1422 (2006) .........................................................................................................7

*In re Family Dollar FLSA Litig.*,
   637 F.3d 508 (4th Cir. 2011)..............................................................................................................9

*Griffin v. Sachs Elec. Co.*,
   390 F. Supp. 3d 1070 (N.D. Cal. 2019) .............................................................................2, 4, 5, 6

*GSI Tech., Inc. v. United Memories, Inc.*,
   No. 5:13-cv-01081-PSG, 2016 WL 3017544 (N.D. Cal. May 26, 2016) ......................................2, 6

*Heary Bros. Lightning Prot. Co., Inc. v. Lightning Prot. Inst.*,
   262 F. App'x 815 (9th Cir. 2008) .....................................................................................................2

*Heyen v. Safeway Inc.*,
   216 Cal. App. 4th 795 (2013) ...........................................................................................................8

*Leatherbury v. C&H Sugar Co.*,
   911 F. Supp. 2d 872 (N.D. Cal. 2012) ..........................................................................................7, 8

*Musgraves v. Sears Holding Mgmt. Corp.*,
   No. CV-11-0625 GAF, 2012 WL 3222905 (C.D. Cal. July 19, 2012) ..........................................7, 9

*Ramirez v. Yosemite Water Co., Inc.*,
   20 Cal. 4th 785 (1999) ..................................................................................................................6, 9

*S.F. Baykeeper v. Levin Enters., Inc.*,
   12 F. Supp. 3d 1208 (N.D. Cal. 2013) ..........................................................................................2, 6

*Texaco, Inc. v. Ponsoldt*,
   939 F.2d 794 (9th Cir. 1991)..........................................................................................................2, 6

*U.S. v. Bentson*,
   947 F.2d 1353 (9th Cir. 1991).........................................................................................................4, 5

*United Parcel Serv. Wage & Hour Cases*
   190 Cal. App. 4th 1001 (2010) ................................................................................................1, 3, 8

*Wilbur v. Silgan Containers Corp.*,
 No. 06-cv-02181-MCE-EFB, 2008 WL 3863700 (E.D. Cal. Aug. 19, 2008) .................................8

*Wynn v. Reconstruction Fin. Corp.*,
 212 F.2d 953 (9th Cir. 1954)...........................................................................................................2

*Zackaria v. Wal-Mart Stores, Inc.*,
 No. ED CV 12-1520 FMO, 2015 WL 2412103 (C.D. Cal. May 18, 2015).......................................8

**STATUTES**

Cal. Code Regs. § 11070(1)(A)(1).............................................................................................. *passim*

**RULES**

Fed. R. Civ. P. 56(g) .................................................................................................................2, 4, 5, 6

**REGULATIONS**

29 C.F.R. § 541.100(a)...............................................................................................................3, 4, 5

29 C.F.R. § 541.102 ...........................................................................................................................7

29 C.F.R. § 541.108(a).......................................................................................................................8

iii
DEFENDANTS AMAZON.COM LLC AND GOLDEN STATE FC LLC'S TRIAL BRIEF
CASE NO. 4:17-CV-03820-JSW

Gibson, Dunn &
Crutcher LLP

# I. INTRODUCTION

The parties stipulated, and the Court agreed, that the upcoming phase one of trial will be for the limited purpose of resolving two matters: (1) Plaintiff's individual California Labor Code claims; and (2) whether Plaintiff has standing to pursue penalties under the Private Attorneys General Act ("PAGA"). Dkt. 205. Amazon is confident that both will be resolved in its favor because Ortiz—a highly compensated, well-educated manager who was solely responsible for an entire 80 to 100 person operation—was properly classified as exempt under California law's white collar exemption for managerial employees. If the Court agrees following the conclusion of the phase one trial that Ortiz was properly classified as exempt under California "executive exemption," then his individual claims will each fail and he will not have standing as an "aggrieved employee" to pursue PAGA penalties for himself or any other Amazon associate. Dkt. 133 at 6 n.7 ("The parties agree the remaining state law claims depend on the viability of the state overtime [exemption] claim." (citing *United Parcel Serv. Wage & Hour Cases*, 190 Cal. App. 4th 1001, 1013–14 (2010))).

As the Court noted in its order granting partial summary judgment for Amazon (Dkt. 133), there are six elements that an employer must satisfy to show that an employee is properly subject to the executive exemption: The employee must (1) have duties involving the "management of the enterprise" or of "a customarily recognized department or subdivision"; (2) "direct the work of two or more other employees"; (3) have the authority to hire, fire, or make recommendations on hiring, firing, promoting, or other changes of status that were "given particular weight"; (4) "customarily and regularly exercise[d] discretion and independent judgment"; (5) be "primarily engaged in duties which meet the test of the exemption"; and (6) earn a salary equal to two times the state minimum wage. 8 Cal. Code Regs. § 11070(1)(A)(1) (the "Wage Order").

In this case, however, the Court has already adjudicated *five* of these six elements in Amazon's favor, and therefore does not need to relitigate them at trial. The only element remaining to be tried is the fifth element—whether Ortiz was "primarily engaged in duties which meet the test of the exemption." *Id*. Evaluating that element will require a fact-driven inquiry not only regarding how Ortiz spent his time, but also why Ortiz performed certain functions and whether doing so was in line with Amazon's realistic expectations for the Shift Manager position. Amazon is confident that the

evidence at trial, as applied to this legal standard, will demonstrate that Ortiz was primarily engaged in exempt work and therefore satisfies all six elements of the executive exemption test—dooming all of his claims and warranting judgment in Amazon's favor.

## II.     ARGUMENT

**A.     The Court Has Already Adjudicated Five of the Six Elements in Amazon's Favor**

The Court's order granting partial summary judgment for Amazon precludes Ortiz from relitigating five of the six elements of the California executive exemption. *See* Dkt. 133. Federal Rule of Civil Procedure 56(g) provides that "[i]f the court does not grant all the relief requested by [a] motion [under Rule 56], it may enter an order stating any material fact . . . that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g); *see, e.g.*, *GSI Tech., Inc. v. United Memories, Inc.*, No. 5:13-cv-01081-PSG, 2016 WL 3017544, at *8 n.59 (N.D. Cal. May 26, 2016) (statement in order denying summary judgment that there was "no genuine dispute" on a particular issue was sufficient to establish that issue for trial). Partial summary judgment is thus "authorized by Rule 56 in order to limit the issues to be tried." *Griffin v. Sachs Elec. Co.*, 390 F. Supp. 3d 1070, 1078 (N.D. Cal. 2019); *see also S.F. Baykeeper v. Levin Enters., Inc.*, 12 F. Supp. 3d 1208, 1215 (N.D. Cal. 2013) (noting that "[summary adjudication] can be used to narrow issues" for trial); *Heary Bros. Lightning Prot. Co., Inc. v. Lightning Prot. Inst.*, 262 F. App'x 815, 817 (9th Cir. 2008) (describing a party's decision not to oppose summary judgment motion as to certain claims as "a reasonable trial strategy designed to narrow the issues for trial"); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991) (noting that partial summary judgment "streamline[s] litigation by narrowing the issues for trial" and "approv[ing]" of district court's grant of partial summary judgment through which "certain theories of recovery were eliminated, limiting the issues to be tried below"); *Wynn v. Reconstruction Fin. Corp.*, 212 F.2d 953, 956 n.9 (9th Cir. 1954) (describing partial summary judgment as "a pretrial adjudication that certain issues shall be deemed established for the trial of the case").

In granting Amazon's motion for summary judgment or summary adjudication in part, the Court not only concluded that there was no dispute of material fact regarding five elements of California's test, but found for Amazon *entirely* on Ortiz's claims arising under the Federal Fair Labor Standards Act ("FLSA") based on an assessment of near-identical elements. Dkt. 133 at 19 ("Defendants have

met their burden to prove *each element of the executive exemption* under the FLSA and conclude[d] Ortiz has not overcome that showing.") (emphasis added).

| California's Executive Exemption | FLSA's Executive Exemption |
|---|---|
| "Whose duties and responsibilities involve the management of the enterprise in which he/she is employed or of a ***customarily recognized department or subdivision*** thereof" (8 Cal. Code Regs. § 11070(1)(A)(1)(a)) | "Whose primary duty is management of the enterprise in which the employee is employed or of a ***customarily recognized department or subdivision*** thereof" (29 C.F.R. § 541.100(a)(2)) |
| "Who customarily and regularly ***directs the work of two or more other employees*** therein" (*id.* § 11070(1)(A)(1)(b)) | "Who customarily and regularly ***directs the work of two or more other employees***" (*id.* § 541.100(a)(3)) |
| "Who has the ***authority to hire or fire*** other employees ***or whose suggestions and recommendations*** as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be ***given particular weight***" (*id.* § 11070(1)(A)(1)(c)) | "Who has the ***authority to hire or fire*** other employees ***or whose suggestions and recommendations*** as to the hiring, firing, advancement, promotion or any other change of status of other employees are ***given particular weight***" (*id.* § 541.100(a)(4)) |
| "Such an employee must also ***earn a monthly salary*** equivalent to no less than two (2) times the state minimum wage for full-time employment" (*id.* § 11070(1)(A)(1)(f)) | "Compensated on a ***salary basis*** pursuant to § 541.600 at a rate of not less than $684 per week . . . , exclusive of board, lodging or other facilities" (*id.* § 541.100(a)(1)) |

Because of these clear parallels, California courts have held that "[f]ederal law may properly be deemed an appropriate analytical tool in looking at how *similar* individual elements of the [California and FLSA] exemptions are interpreted," and have expressly acknowledged that "the individual elements of the executive . . . exemptions" under California and federal law "are substantially similar." *United Parcel Serv. Wage & Hour Cases*, 190 Cal. App. 4th at 1015–16; *id.* at 1015 (noting that the relevant Wage Order "expressly provides that 'activities constituting exempt work at non-exempt work *shall be construed in the same manner as such items are construed in the following regulations under the [FLSA]'*") (emphasis added); 8 Cal. Code Regs. § 11070(1)(A)(1)(e) (incorporating the federal regulations by reference); *see also Bell v. Farmers Ins. Exch.*, 87 Cal. App. 4th 805, 813 (2001) (explaining that California "standards were set for the determination of bona fide executive, administrative, or professional employment, *using Federal criteria as a guide*") (emphasis added).

Accordingly, these four overlapping elements should be considered "established in the case" consistent with the Court's particular findings in its order granting partial summary judgment and Ortiz's concessions in opposing that motion. Fed. R. Civ. P. 56(g).

***First***, the California test asks whether Plaintiff's duties "involve the management . . . of a customarily recognized department or subdivision" of the enterprise. 8 Cal. Code Regs. § 11070(1)(A)(1)(a). At summary judgment, the Court found that there was no dispute of material fact regarding this element of the California exemption. Specifically, the Court concluded that Ortiz's position "was managerial in nature," and that "it is undisputed [] that Ortiz engaged in tasks that normally would be considered 'managerial' and, thus, exempt." Dkt. 133 at 7–8. Moreover, Ortiz conceded at the summary judgment hearing that the night shift he managed at three different Delivery Stations over the course of his 10-month employment with Amazon constitutes a "customarily recognized department or division." Dkt. 132, Hearing Transcript ("Tr.") at 3:15–19; *see also* Pl.'s Combined Opp. to Defs.' Mot. *in Limine* Nos. 1–3, 1 (Mar. 15, 2021) (noting "elements not in dispute [include] . . . that he managed a recognized department or subdivision thereof"). Accordingly, the factual findings necessary to establish the first element of the California test were decided in the Court's order granting partial summary judgment, and need not be reconsidered at the phase one trial. Fed. R. Civ. P. 56(g); *Griffin*, 390 F. Supp. 3d at 1078; *U.S. v. Bentson.*, 947 F.2d 1353, 1356 (9th Cir. 1991) (noting that "[a] judicial admission is binding before both the trial and appellate courts," and holding that "state[ment] in open court" constituted a judicial admission precluding later argument to the contrary). The Court's order granting summary judgment to Amazon as to Ortiz's FLSA claim supports that conclusion, as evidenced by the Court's acknowledgment that the FLSA exemption "[s]imilarly" requires that an employee's duties involve "management of the enterprise . . . or of a customarily recognized department of subdivision thereof" and its conclusions that Amazon had "met [its] burden to prove each element of the executive exemption under the FLSA." Dkt. 133 at 6, 19.

***Second***, the California test asks whether Ortiz "customarily and regularly direct[ed] the work of two or more other employees." 8 Cal. Code Regs. § 11070(1)(A)(1)(b). Just as he did with the previous element, Ortiz has conceded this issue. Dkt. 133 at 6 (noting that "there were no factual disputes about the number of employees at issue" (quoting Tr. at 5:3–12)). Thus, the facts underlying

the second element of the California test have been established and should not be relitigated. *Benston*, 947 F.2d at 1356. The Court's analysis of Ortiz's FLSA claim confirms this result. The Court noted that "[s]imilarly, under the FLSA, Defendants must show . . . that Ortiz customarily and regularly direct[ed] the work of two or more other employees," and concluded that Amazon had "met [its] burden to prove each element of the executive exemption under the FLSA." Dkt. 133 at 6, 19 (internal marks omitted); Fed. R. Civ. P. 56(g); *Griffin*, 390 F. Supp. 3d at 1078.

**Third**, the next element of the California test asks whether Ortiz had "the authority to hire or fire other employees or [if his] suggestions or recommendations as to the hiring or hiring and as to the advancement and promotion or any other change of state of other employees will be given particular weight." 8 Cal. Code Regs. § 11070(1)(A)(1)(c). Again, this element corresponds almost exactly to an element of the FLSA test. *See* 29 C.F.R. § 541.100(a)(4). And the Court explicitly decided both the California and FLSA elements in Amazon's favor, holding that Plaintiff's "employment related recommendations were given 'particular weight'" and that Plaintiff did "not me[e]t his burden to show there are disputed issues of fact on this element of the federal *or state exemptions*" and granting summary judgment to Amazon with respect to Ortiz's FLSA claim. Dkt. 133 at 10 (emphasis added); *id.* at 19. Ortiz is thus precluded from relitigating the third element of the California test at trial. *See* Fed. R. Civ. P. 56(g); *Griffin*, 390 F. Supp. 3d at 1078.

**Fourth**, the final overlapping element relates to the amount of salary Ortiz received. California law requires Amazon to show that Ortiz "earn[ed] a monthly salary equivalent to no less than two (2) times the state minimum wage." 8 Cal. Code Regs. § 11070(1)(A)(1)(f). Under the FLSA, Amazon had to show that Plaintiff was compensated on a salary basis at a rate of at least $455 per week. 29 C.F.R. § 541.100(a)(1). At summary judgment, Plaintiff did "not dispute that Defendants can satisfy [this] element of both the federal and state exemptions" and the Court considered it established in Amazon's favor. Dkt. 133 at 5 n.6; Tr. at 6:2–17 (Plaintiff's counsel admitting that "we don't believe that there is a factual dispute as to what his salary was"); *see also* Pl.'s Combined Opp. to Defs.' Mot. *in Limine* Nos. 1–3, 1 (noting "elements not in dispute [include] . . . that he earned the requisite salary"). It need not be reconsidered at trial, as evidenced by the Court's order granting summary judgment to

Amazon on Ortiz's FLSA claim.  Fed. R. Civ. P. 56(g); *Griffin*, 390 F. Supp. 3d at 1078; *Bentson*, 947 F.2d at 1353; Dkt. 133 at 19.

***Finally***, in addition to granting summary judgment on the four factors that overlap with the FLSA, the Court also determined that "Ortiz fail[ed] to show there are genuine issues of material fact in dispute" regarding the fourth element of the California exemption test:  whether Plaintiff "customarily and regularly exercise[d] discretion and independent judgment." Dkt. 133 at 10–13.  This issue was also decided explicitly in the Court's order granting partial summary judgment and need not be relitigated in the phase one trial.  Fed. R. Civ. P. 56(g).  It is irrelevant that the Court ultimately denied Amazon's motion for summary judgment with respect to the California exemption test as a whole.  The Court's finding that there was no genuine dispute of material fact as to this element is a partial summary judgment ruling "authorized by Rule 56 in order to limit the issues to be tried." *Griffin*, 390 F. Supp. 3d at 1078; *see also GSI Tech.*, 2016 WL 3017544, at *8 n.59 (issue was resolved for purposes of trial where "the court held that there was 'no genuine dispute'" on the question, even though court ultimately denied summary judgment).  Relitigating that finding would undermine the purpose of the Court's order to "narrow issues" for trial.  *S.F. Baykeeper*, 12 F. Supp. 3d at 1215; *see also Texaco, Inc.*, 939 F.2d at 798 (noting that orders granting partial summary judgment "streamlin[e] litigation by narrowing the issues for trial").  Accordingly, the fourth element of the California executive exemption has been satisfied and need not be revisited.

As the Court has already found in Amazon's favor on five of the six elements of the executive exemption under California law, there is no need for the parties to present evidence on them at trial.

**B.    The Only Remaining Element Under the California Exemption Test Involves a Multifaceted Legal and Factual Analysis**

As a result of the Court's summary judgment order, there is only one element of the exemption test that the Court must decide in order to resolve the threshold question of whether Ortiz was properly classified as exempt:  whether Ortiz was "primarily engaged in duties which meet the test of the exemption."  8 Cal. Code Regs. § 11070(1)(A)(1)(e).  The analysis of this single element will necessarily involve consideration of a number of different factual and legal questions.

***"Primarily Engaged."***  To start, the term "primarily" is defined in the Wage Order as requiring "more than one-half the employee's work time" to be spent on exempt functions. *Id.* § 11070(2)(K); *see also Ramirez v. Yosemite Water Co., Inc.*, 20 Cal. 4th 785, 798 n.4 (1999).  This element therefore requires the Court to analyze the nature and amount of "work actually performed by the employee during the course of the workweek."  *Batze v. Safeway, Inc.*, 10 Cal. App. 5th 440, 473 (2017). "Although the significant period for determining exempt status is the work week," and "employees' exempt or non-exempt status can vary on a week by week basis," the Court is permitted to "make reasonable inferences about a party's activities" during one period based on his duties during another period where "there is nothing to suggest the employee's duties and responsibilities changed significantly" over time.  *Batze*, 10 Cal. App. 5th at 478–79 (citing *Dunbar v. Albertson's, Inc.*, 141 Cal. App. 4th 1422, 1426 (2006)); *Leatherbury v. C&H Sugar Co.*, 911 F. Supp. 2d 872, 883–84 (N.D. Cal. 2012)).  A plaintiff's testimony on this question is not dispositive or entitled to particular weight. *See, e.g.*, *Musgraves v. Sears Holding Mgmt. Corp.*, No. CV-11-0625 GAF (JEMx), 2012 WL 3222905, *1 (C.D. Cal. July 19, 2012) (discounting plaintiff testimony with respect to whether he was primarily engaged in exempt work, noting that it is "difficult … to fathom how the operation of retail stores employing 60 to 100 employees could drastically improve while their [manager] occupied himself by performing the tasks of the lowest-level employees").

***"Duties that Meet the Test of the Exemption."***  The question whether a particular duty is *exempt* in character, and therefore meets the test of the exemption, also involves a very fact-intensive analysis.  Under the regulations adopted by reference into the Wage Order, exempt work includes, but is not limited to:

> [i]nterviewing, selecting, and training of employees; … directing the work of employees; maintaining the production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in their status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the types of materials, supplies, machinery or tools to be used…; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety of the employees and the property ….

29 C.F.R. § 541.102; 8 Cal. Code Regs. § 11070(1)(A)(1)(e) (noting exempt and non-exempt work "shall be construed in the same manner as such items are construed in" 29 C.F.R. § 541.102).

But reviewing this list of duties is only the start of the analysis. The Wage Order also defines exempt work to include "all work that is *directly and closely related* to exempt work and work which is properly viewed as a means for carrying out exempt functions." 8 Cal. Code Regs. § 11070(1)(A)(1)(e) (emphasis added). As a result, during the phase one trial, the Court will be required to consider the duties that Ortiz actually performed and how those duties fit within the overall organization. *E.g.*, *United Parcel Serv. Wage & Hour Cases*, 190 Cal. App.at 1020 (listing "reviewing daily operational reports to manage productivity and performance," "analyzing information and reports to identify trends and create business improvement plans," and "coordinating with district management to troubleshoot operational and service inefficiencies" as examples of exempt duties); *Leatherbury*, 911 F. Supp. 2d at 883–34 (finding "much of the shift reports, inventory reports, managerial meetings, checking over the plant, and troubleshooting various problems were 'directly and closely' related to [plaintiff's] management").

Moreover, even seemingly non-exempt work may be considered exempt if it is performed "as a means for carrying out exempt functions." 8 Cal. Code Regs. § 11070(1)(A)(1)(e). Management, of course, includes tasks "performed by supervisors because they are helpful in supervising the employees or contribute to the smooth functioning of the department for which they are responsible." *Taylor*, 190 Cal. App. 4th at 1018 (quoting 29 C.F.R. § 541.108(a)). Because of this, "[i]dentical tasks may be 'exempt' or 'nonexempt' based on the ***purpose*** they serve within the organization or department." *Batze*, 10 Cal. App. 5th at 474 (emphasis added); *see also Wilbur v. Silgan Containers Corp.*, No. 06-cv-02181-MCE-EFB, 2008 WL 3863700, at *12 (E.D. Cal. Aug. 19, 2008) (noting that a manager's time inspecting cans was exempt because "keep[ing] an eye out for trouble" is work "directly and closely related to his managerial responsibilities"). At trial, this assessment will require the Court to determine both *what* tasks Ortiz performed and *why* he performed them based on all the surrounding circumstances. *Zackaria v. Wal-Mart Stores, Inc.*, No. ED CV 12-1520 FMO (SPx), 2015 WL 2412103, at *13 & n.12 (C.D. Cal. May 18, 2015) (noting that a manager performing nonexempt tasks to "lead[] by example" may be exempt and that traditionally nonexempt work done "for the purpose of

instructing" a subordinate may also be exempt); *Heyen v. Safeway Inc.*, 216 Cal. App. 4th 795, 827 (2013) ("If [traditionally nonexempt] actions were taken to supervis[e] the employees or contribute to the smooth functioning of the department, they were exempt work; if they were taken for some other reason, they were nonexempt work.") (internal marks and citation omitted).  The question why Ortiz performed a particular task requires the Court to "determine the ***objective*** purpose" of the employee's actions.  *Heyen*, 216 Cal. App. 4th at p. 827 (emphasis added).

***The Employer's Realistic Expectations.***  Finally, in assessing whether Ortiz was primarily engaged in exempt work, the Court must also take into consideration Amazon's expectations about whether Ortiz would be primarily engaged in exempt work.  At trial, this will require the Court to assess whether the way Ortiz spent his time "diverge[d] from the employer's realistic expectations" of him, including evidence of "expression of employer displeasure" over his performance.  *Ramirez*, 20 Cal. 4th at 802.  Ortiz "should not . . . be able to evade a valid exemption" because of his own substandard performance.  *Id.*; *see also Musgraves*, 2012 WL 3222905, at *1 (stating that if plaintiff had "more effectively managed his employees, he would not have found it necessary to do their work himself").  An employer's expectations can also be gleaned from the kind of training it provides to an employee, as that training can be indicative of what the employee's primary duties should be.  *Batze*, 10 Cal. App. 5th at 479 (citing "extensive and costly management training" as evidence employer expected plaintiff to be "primarily engaged in managerial activities").  Similarly, an employee's rate of pay—particularly in comparison to other employees at or below his or her level—can be similarly informative of the employer's realistic expectations.  *See In re Family Dollar FLSA Litig.*, 637 F.3d 508, 514–17 (4th Cir. 2011) (store manager's significant compensation relative to her staff evidenced the value of her managerial duties).

During the phase one trial, the Court will be tasked with using this fact-driven and nuanced legal framework to determine whether Ortiz was primarily engaged in exempt work, and, if so, whether the way Ortiz spent his time aligned with Amazon's reasonable expectations of him as a Level 4 Shift Manager.  Amazon is confident that the evidence will demonstrate for the Court that Ortiz was properly classified as exempt and entitled to no relief under California law.

### III.   CONCLUSION

In sum, the only question to be determined at trial regarding Amazon's affirmative defense of the executive exemption is whether Plaintiff was "primarily engaged" in exempt work during his employment with Amazon.  8 Cal. Code Regs. § 11070(1)(A)(1)(e).  If Amazon can show by a preponderance of evidence that this was the case, under the standards outlined above, it will be entitled to judgment in its favor.  It is confident it will do so.

Dated:  March 15, 2021

>                     JASON C. SCHWARTZ
>                     MICHELE L. MARYOTT
>                     KATHERINE V.A. SMITH
>                     BRADLEY J. HAMBURGER
>                     MEGAN COONEY
>                     GIBSON, DUNN & CRUTCHER LLP
>
>
>             By:  /s/   Jason C. Schwartz
>                               Jason C. Schwartz
>
>             Attorneys for Defendants AMAZON.COM LLC and
>             GOLDEN STATE FC LLC (now known as
>             Amazon.com Services LLC)