UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ORTIZ,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM LLC, et al.,<br><br>    Defendants. | Case No. 17-cv-03820-JSW<br><br>**ORDER DENYING MOTIONS IN LIMINE, WITHOUT PREJUDICE TO MAKING SPECIFIC OBJECTIONS AT TRIAL**<br><br>Re: Dkt. Nos. 212-213, 216 |

Now before the Court are Defendants' motions in limine to exclude any and all evidence regarding: (1) specific experiences of managers other than Plaintiff or Level 4 Shift Managers at the specific facilities where Plaintiff worked during the time he worked at those facilities; (2) processes, staffing, or volume at delivery stations other than the three facilities at which Plaintiff worked; and (3) Defendants' policies and practices before February 1, 2016 and after December 11, 2016.[1]

Defendants argue this evidence should be excluded because it is not relevant to Plaintiff's individual claims. In the alternative, Defendants argue it should be excluded under Federal Rule of Evidence 403 because the probative value of such evidence is substantially outweighed by the fact that presentation of the evidence would lead to undue delay and would waste time.

The Court begins its analysis recognizing that the issue of whether Plaintiff is subject to the executive exemption is an affirmative defense on which Defendants bear the burden of proof.

---

[1] Plaintiff argues the Court should deny the motions because Defendants did not identify the specific testimony or exhibits that fall within these categories of evidence. Although a more tailored motion would have enabled the Court to issue a more tailored ruling, the Court concludes the motions are specific enough to comply with Federal Rule of Civil 7(b)(1)(B). Moreover, the parties' list of objections to exhibits (Dkt. No. 223) refers to motion in limine number 3 for two of the exhibits to which Defendants' object.

To meet their burden, Defendants will be required to show that Plaintiff was "primarily engaged in duties which meet the test of the exemption." As part of that inquiry, "[t]he work actually performed by the employee during the course of the workweek" will be the Court's "first and foremost" consideration. The Court also considers the amount of time Plaintiff spent on such work. 8 Cal. Code Regs. § 11070(1)(A)(1)(e).

However, the Court also will be required to consider Defendants "realistic expectations and the realistic requirements of the job[.]" *Id.*; *see also Ramirez v. Yosemite Water Co.*, 20 Cal. 4th 785, 802 (1999). Defendants fail to adequately address that aspect of the "fact-intensive" inquiry required to establish their affirmative defense in any of their three motions *in limine*.[2]

Defendants also do not suggest they will not put on evidence to show how their expectations for the position were communicated to Plaintiff and why they contend those expectations were realistic. It is true the Court concluded that "a Level 4 Shift Manager's duties can vary depending on the type of shift a class member covers and that processes may vary among facilities[.]" (Dkt. 181, Order Denying Motion for Class Certification at 16:3-6.) The Court concludes, however, that finding does not preclude a finding that the experience of other Level 4 Shift Managers, processes, staffing, or volume at other facilities, and policies in place before or after Plaintiff's tenure would be relevant to Defendants' realistic expectations for a position that it has uniformly classified as exempt. Nor should those findings prevent Plaintiff from countering any evidence Defendants may present on that issue. *See, e.g., Heyen v. Safeway Inc.,* 216 Cal. App. 4th 795, 800-03 (2013) (considering testimony on defendant's realistic expectations for position at issue from managers who worked at stores other than the plaintiff's store).

Therefore, the Court DENIES Defendants' motions in limine to the extent they seek a blanket exclusion of the categories of evidence covered by those motions based on relevance. The Court will not preclude Defendants from objecting to particular evidence or testimony on this

---

[2]  Defendants do rely, in part, on *United National Maintenance, Inc. v. San Diego Convention Center Corp.*, 2012 WL 3861695, *18 (S.D. Cal. Sept. 5, 2012), *affirmed in part and reversed in part on other grounds*, 766 F.3d 1002 (9th Cir. 2014). That case addressed a contractual dispute and did not address the parties' "realistic expectations" in the context of a wage and hour claim. For that reason, the Court does not find it persuasive on the issue of relevance.

basis during the trial.

The Court does find Defendants' argument regarding the potential for undue delay and wasted time persuasive, and it intends to limit the scope of this bifurcated trial to Plaintiff's individual claim and to curtail any attempts from Plaintiff to stray from the stipulated procedure approved by the Court.  Therefore, although Court will not make a blanket ruling preventing Plaintiff from introducing evidence covered by the categories addressed in Defendants' motion, it will require a very strong showing from Plaintiff as to why the exhibit or testimony is directly relevant to Defendants' realistic expectations for the Level 4 Shift Manager position and why it is not cumulative of evidence already presented on that issue.

**IT IS SO ORDERED**.

Dated: March 19, 2021

_____
JEFFREY S. WHITE
United States District Judge