1   Scott Edward Cole, Esq. (S.B. #160744)
    Laura Grace Van Note, Esq. (S.B. #310160)
2   **SCOTT COLE & ASSOCIATES, APC**
    555 12th Street, Suite 1725
3   Oakland, California 94607
    Telephone:  (510) 891-9800
4   Facsimile:   (510) 891-7030
    Email:   scole@scalaw.com
5   Email:   lvannote@scalaw.com
    Web:    www.scalaw.com
6
    Attorneys for Representative Plaintiff
7   and Aggrieved Employees

8

9                    **UNITED STATES DISTRICT COURT**

10                 **NORTHERN DISTRICT OF CALIFORNIA**

11                        **OAKLAND DIVISION**

12

13   MICHAEL ORTIZ, on behalf of himself          **Case No. 4:17-CV-03820-JSW**
     and all others similarly situated,
14                                                 **PLAINTIFF'S SUPPLEMENTAL BRIEF**
                     Plaintiff,                    **REGARDING SCOPE OF ISSUES FOR TRIAL**
15   v.

16   AMAZON.COM LLC, a Delaware Limited
     Liability Company; GOLDEN STATE FC
17   LLC, a Delaware Limited Liability
     Company, and DOES 1 through 100,
18   inclusive,
                     Defendants.
19

20

21

22

23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    Defendants have asserted and will present evidence that Plaintiff is exempt from the wage

2    order under the Executive Exemption. In order to establish this exemption, Defendants must prove:

3        (1)    his "duties and responsibilities involve the management of the enterprise in which

4                he/she is employed or of a customarily recognized department or subdivision

5                thereof;" and

6        (2)    he "customarily and regularly directs the work of two or more other employees

7                therein;" and

8        (3)    he has "authority to hire or fire other employees;" and

9        (4)    he "customarily and regularly exercises discretion and independent judgment;" and

10        (5)    he is "primarily engaged in duties which meet the test of the exemption;" and

11        (6)    he must "earn a monthly salary equivalent to no less than two (2) times the state

12                minimum wage."

13    (*Wage Order 7-2001* [codified at *8 CCR §11070(1)(A)*])

14    Plaintiff only concedes that the evidence supports a finding as to elements No. 1 and 6.

15    Plaintiff maintains that Defendant will be unable to prove the remaining elements. Plaintiff

16    maintains Defendants bear the burden to prove the remaining elements that have not been

17    conceded, unless this Court elects to treat the factual findings made in prior orders as established

18    for purposes of trial. Plaintiff's reading of the Court's order regarding Defendant's Motion for

19    Summary Judgment is that the Court granted summary judgment as to Plaintiff's FLSA claims and

20    denied Summary Judgment as to his California State law claims. The Court made various factual

21    findings in that order in explaining its reasoning for making such rulings. However, nothing about

22    that order requires Plaintiff to stipulate to those findings. Indeed, if Defendants believe they

23    already are established for purposes of trial, why would it be necessary for Plaintiff to enter such

24    a stipulation?

25    Defendants argue the Court's grant of summary judgment as to the FLSA claim is binding

26    on the California State law claims simply because the elements of the exemption under both

27    statutory schemes are similar. *See* Dkt. 220. However, as this court recognized in various rulings

28

PLAINTIFF'S SUPPLEMENTAL BRIEF RE ISSUES FOR TRIAL
CASE NO. 4:17-CV-03820-JSW

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    in this case, there are important distinctions between the elements under the FLSA and under

2    California state law. Dkt. 133.

3          Although Defendants moved for summary judgement or, in the alternative, summary

4    adjudication, nothing in the Court's order indicates the Court specifically granted summary

5    adjudication as to any issue or element, and the order does not state that the court is granting partial

6    summary judgment as to any single claim. Although the court is in the best position to advise as

7    to its intent, Plaintiff's reading of the order is that Defendants' motion was granted in whole as to

8    the FLSA claim and denied in whole as to the state law claim (based on Defendant's failure to

9    establish the executive exemption). Plaintiff does not disagree with Defendant's assertion that this

10   Court has discretion to treat the facts asserted in the Summary Judgment order as established in

11   the case for purposes of trial under F.R.C.P. 56. Plaintiff's position is that the prior order did not

12   explicitly state these matters were being treated that way by this court, and therefore Plaintiff

13   declined to stipulate to those findings in the joint report and other pre-trial submissions.

14

15

16   Dated: March 22, 2021                    **SCOTT COLE & ASSOCIATES, APC**

17

18

19                                            By:  _/s/ Laura Van Note_____
                                                   Laura Van Note, Esq.
20                                                 Attorneys for Representative Plaintiff
                                                   and Aggrieved Employees

21

22

23

24

25

26

27

28